IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-057-LPS |
| | ) | |
| TVISION INSIGHTS, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant TVision Insights, Inc. ("TVision"), by and through counsel, demands a trial by jury on all issues so triable and answers the Complaint for Patent Infringement filed by Plaintiff The Nielsen Company (US), LLC ("Nielsen") as follows:

### NATURE OF THE ACTION

1.      TVision admits that this purports to be an action for patent infringement brought against TVision for alleged infringement of United States Patent No. 7,783,889 ("the '889 patent"). To the extent that this paragraph alleges that TVision has infringed any valid and enforceable claims of the '889 patent, TVision denies those allegations.

### PARTIES

2.      TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and on that basis denies the allegations.

3.      TVision admits that TVision Insights, Inc. is organized and existing under the laws of the State of Delaware.

### JURISDICTION AND VENUE

4.      TVision admits that this purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. TVision further admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1338(a) inasmuch as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States.

5.    TVision admits that this Court has personal jurisdiction over it, and that TVision is a corporation organized and existing under the laws of the State of Delaware.  TVision admits that it has a registered agent in Delaware—The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.  The remaining allegations of paragraph 5 set forth legal conclusions and questions of law regarding personal jurisdiction to which no response is required.  To the extent a response is required, such allegations are denied.

6.    TVision admits that venue is proper in this Judicial District.  The remaining allegations of paragraph 6 are legal conclusions for which no response is required.  To the extent a response is required, except as expressly admitted, such allegations are denied.

## FACTUAL BACKGROUND

7.    TVision denies that Nielsen is the media industry's leading data and analytics company.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and on that basis denies the allegations.

8.    TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and on that basis deny the allegations.

9.    TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis deny the allegations.

## THE '889 PATENT

10.    TVision admits that the '889 patent on its face is entitled "Methods and Apparatus for Generating Signatures," and further admits that what appears to be a copy of the '889 patent is attached to the Complaint as Exhibit A.  TVision admits that the '889 patent on its face lists "August 24, 2010" as the date of patent.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10, and on that basis, except as herein expressly admitted, denies those allegations.

11.     TVision admits that the '889 patent on its face lists "The Nielsen Company (US), LLC" as the assignee.  The remaining allegations of paragraph 11 set forth legal conclusions and questions of law under the Patent Act, 35 U.S.C. § 1 *et seq.*, to which no response is required. To the extent a response is required, except as herein expressly admitted, such allegations are denied.

12.     TVision admits that audience measurement systems or methods may involve content identification.  TVision admits that content identification may involve the use of matching signatures to reference signatures.  TVision denies the allegations of paragraph 12 insofar as they purport to characterize the subject matter and scope of the asserted patent. TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12, and on that basis, except as herein expressly admitted, denies those allegations.

13.     TVision admits that paragraph 13 appears to reproduce some portions of the language from claim 8 of the '889 patent.  Except as herein expressly admitted, TVision denies the allegations of paragraph 13 insofar as they purport to characterize the subject matter and scope of the '889 patent.

14.     TVision admits that what appears to be a copy of the declaration of Pierre Moulin is attached to the Complaint as Exhibit B.  The remaining allegations of paragraph 14 set forth legal conclusions and questions of law to which no response is required.  To the extent a response is required, except as herein expressly admitted, such allegations are denied.

15.     TVision admits that signatures may have certain desirable technical characteristics.  TVision admits that the characteristics described in paragraph 15 are likewise described in the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and on that basis, except as herein expressly admitted, denies those allegations.

16.     TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and on that basis denies the allegations.

17.    TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and on that basis denies the allegations.

18.    TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and on that basis denies the allegations.

19.    TVision admits that the '889 patent on its face lists "August 18, 2004" as the filing date of the provisional application No. PCT/US2005/029623.  To the extent the allegations of paragraph 19 set forth legal conclusions as to the priority date of the '889 patent, no response is required.  To the extent a response is required, except as herein expressly admitted, such allegations are denied.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19, and on that basis, except as herein expressly admitted, denies those allegations.

20.    TVision admits that methods of generating digital spectral signatures may use interframe operations.  TVision denies the allegations of paragraph 20 insofar as they purport to inaccurately characterize the subject matter and scope of the '889 patent and relevant prior art. TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20, and on that basis, except as herein expressly admitted, denies those allegations.

21.    TVision admits that paragraph 21 appears to reproduce language from the document attached as Exhibit B to the Complaint.  Except as herein expressly admitted, TVision denies the remaining allegations of paragraph 21 insofar as they purport to characterize the subject matter and scope of the '889 patent.

22.    TVision denies the allegations of paragraph 22 insofar as they purport to inaccurately characterize the subject matter and scope of the '889 patent and prior art.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and on that basis denies the allegations.

23.    TVision admits that paragraph 23 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and on that basis denies the allegations.

24.    TVision admits that paragraph 24 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and on that basis denies the allegations.

25.    TVision admits that paragraph 25 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and on that basis denies the allegations.

26.    TVision admits that paragraph 26 appears to reproduce language from the document attached as Exhibit B to the Complaint.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and on that basis denies the allegations.

## THE INFRINGING APPARATUS AND METHOD

27.    TVision admits that the quoted language in paragraph 27 appears in the documents attached as Exhibit C and Exhibit D to the Complaint.  TVision admits that the language characterizing TVision as a "data and analytics company that measures how people […] watch TV" appears in the document attached as Exhibit C to the Complaint.  TVision admits that the video cited in paragraph 27 discusses collecting data from a panel of TV viewers that opt-in to be part of the panel.  TVision denies the remaining characterizations and interpretations of the documents cited.  Except as herein expressly admitted, TVision denies the allegations of paragraph 27.

28.    TVision admits that the document attached as Exhibit E to the Complaint references "a 15,000 person panel."  TVision admits that the document attached as Exhibit G mentions "Boston, Chicago, Dallas, New York, Philadelphia, Atlanta, Seattle and Los Angeles"

as markets TVision operates in.  Except as herein expressly admitted, TVision denies the allegations of paragraph 28.

29.    TVision admits that the photographs in paragraph 29 appear in the documents attached as Exhibit H and Exhibit I to the Complaint.  Except as herein expressly admitted, TVision denies the allegations in paragraph 29.

30.    TVision admits that its audience measurement may involve using an apparatus or employing a method.  TVision denies that TVision has infringed any valid and enforceable claim of the '889 patent.  Except as herein expressly admitted, TVision denies the allegations of paragraph 30.

31.    TVision admits that it uses a device placed in panelists' homes.  TVision admits that the device can collect certain data from panelists' homes and that certain data can be analyzed.  To the extent that this paragraph alleges that TVision has infringed any valid and enforceable claims of the '889 patent, TVision denies those allegations.  TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31, and on that basis, except as herein expressly admitted, deny those allegations.

32.    TVision admits that it can collect and analyze data from its panel.  TVision admits that insights into how people watch TV may include TV attribution, co-viewing, reach, frequency, and cross-platform measurement.  TVision admits that the documents attached as Exhibit J and Exhibit K to the Complaint discuss the use of data to provide insights such as TV attribution, co-viewing, reach, frequency, and cross-platform measurement.  Except as herein expressly admitted, TVision denies the allegations of paragraph 32.

33.    TVision admits that the document attached as Exhibit L includes the language quoted in the parenthetical in paragraph 33.  TVision admits that the document attached as Exhibit M to the Complaint on its face is a U.S. Patent Application Publication bearing the publication number "2018/0007431" and lists TVision as the assignee.  Except as herein expressly admitted, TVision denies the allegations of paragraph 33 and denies that TVision has infringed any valid and enforceable claim of the '889 patent.

34.     TVision admits that the quoted language appears in the document attached as Exhibit N to the Complaint.  Except as herein expressly admitted, TVision denies the allegations of paragraph 34.

35.     TVision admits that the quoted language appears in the document attached as Exhibit M to the Complaint.  Except as herein expressly admitted, TVision denies the allegations of paragraph 35.

36.     TVision admits that the documents attached as Exhibit O to the Complaint reference TVision as a customer of ACR Cloud.  Except as herein expressly admitted, TVision denies the allegations of paragraph 36.

37.     TVision admits that the document attached as Exhibit P to the Complaint appears to be a screenshot of ACRCloud's FAQs page.  TVision admits that the document attached as Exhibit Q to the Complaint is referenced on ACRCloud's website and on its face bears the title "Quad-Based Audio Fingerprinting Robust to Time and Frequency Scaling."  Except as herein expressly admitted, TVision denies the allegations of paragraph 37.

38.     TVision admits that the quoted language appears in the document attached as Exhibit Q to the complaint.  Except as herein expressly admitted, TVision denies the allegations of paragraph 38.

39.     TVision admits that the document attached as Exhibit Q to the Complaint appears to discuss the "spectral peaks" referenced in paragraph 39 in relation to audio fingerprinting. TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and on that basis denies the allegations.

40.     TVision admits that the language quoted in paragraph 40 appears in the document attached as Exhibit D to the Complaint.  TVision admits that the document attached as Exhibit E to the Complaint mentions TVision licensing data and that "[m]any Nielsen contenders are licensing TVision's dataset[.]"  TVision admits that it collects data from its panel and that the data may be analyzed.  Except as herein expressly admitted, TVision denies the allegations of paragraph 40.

7

41.    Denied.

42.    TVision denies that it has violated federal law.  TVision denies that Nielsen is entitled to any relief.

## COUNT I
## INFRINGEMENT OF THE '889 PATENT

43.    TVision incorporates by reference its responses to paragraphs 1–42 above.

44.    Denied.

45.    Denied.

46.    TVision admits that it was served the Complaint on the date of service.  TVision denies the remaining allegations of paragraph 46.

47.    Denied.

48.    Denied.

## PRAYER FOR RELIEF

These paragraphs set forth the relief requested by Nielsen to which no response is required.  TVision denies any allegations contained in the Prayer for Relief to which response is required.  TVision denies that Nielsen is entitled to any relief requested in its Prayer for Relief in its Complaint, and further specifically denies that Nielsen is entitled to any relief whatsoever of any kind against TVision.  TVision denies each and every allegation of Nielsen's Complaint not specifically admitted or otherwise responded to above.  TVision specifically denies that it has infringed or is liable for infringement of any valid and enforceable patent claims by Nielsen.

WHEREFORE, TVision respectfully requests that the Court enter judgment in TVision's favor and against Nielsen on all of Nielsen's claims; that the Court declare that the '889 patent is invalid, unenforceable, and not infringed by TVision; that the court award TVision their costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award TVision such other relief as the Court deems appropriate.

## EXCEPTIONAL CASE

On information and belief, this is an exceptional case entitling TVision to an award of its attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285, as a result of, inter alia, Nielsen's assertion of the '889 patent against TVision with the knowledge that TVision does not infringe any valid or enforceable claim of the '889 patent and/or that the '889 patent is invalid and/or unenforceable.

## DEMAND FOR TRIAL BY JURY

Nielsen's demand for a trial by jury does not require a response. TVision demands a jury trial for all issues so triable.

## AFFIRMATIVE DEFENSES

Subject to the responses above, TVision alleges and asserts the following defenses in response to Nielsen's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. All defenses are pled in the alternative and do not constitute an admission of liability or that Nielsen is somehow entitled to any relief whatsoever. In addition to the defenses listed below, TVision specifically reserves all rights under the Federal Rules of Civil Procedure to assert additional defenses and/or counterclaims that may become known through the course of discovery or otherwise during the course of these proceedings.

## FIRST DEFENSE
### (NONINFRINGEMENT OF THE PATENT)

TVision has not infringed and does not infringe any valid, enforceable claim of the '889 patent, literally or under the doctrine of equivalents, indirectly, willfully, alone or jointly with third parties.

## SECOND DEFENSE
### (INVALIDITY)

One or more of the claims of the patents-in-suit are invalid and unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States

Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, because the claims are directed to abstract ideas or other non-statutory subject matter, because the claims lack novelty, and are taught or suggested by the prior art, and because the claims suffer from a failure of written description, lack of enablement, and claim indefiniteness.

## THIRD DEFENSE
### (LIMITATON ON DAMAGES)

Nielsen's damages are limited or unavailable pursuant to 35 U.S.C. §§ 286, 287, and/or 288.

## FOURTH DEFENSE
### (NO INJUNCTIVE RELIEF)

Nielsen is not entitled to injunctive relief because it has an adequate remedy at law and, upon information and belief, otherwise cannot satisfy the requirements for injunctive relief.

## FIFTH DEFENSE
### (ACQUIESCENCE, ESTOPPEL, WAIVER, AND/OR LACHES)

The claims and relief sought by Nielsen in relation to the '889 patent are barred, in whole or in part, by the equitable doctrines of acquiescence, estoppel and/or prosecution history estoppel, waiver, and/or laches.

Respectfully submitted,

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Ajay S. Krishnan
Julia L. Allen
Bailey W. Heaps
Reaghan E. Braun
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Dated: March 7, 2022