## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 21-1592-CJB |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., | ) |
| | ) |
| Defendant. | ) |
| THE NIELSEN COMPANY (US), LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 22-57-CJB |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., | ) |
| | ) |
| Defendant. | ) |

## JOINT SCHEDULING ORDER

This __17th__ day of May, 2022, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on May __N/A__, 2022, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.      **Early Discovery**.  To facilitate a possible early resolution of this case, the parties have agreed that Defendant will produce certain technical information (as detailed in the attached schedule) by **May 27, 2022**.  By **June 6, 2022**, Defendant will make certain source code available for Plaintiff's review. General fact discovery will begin on **August 26, 2022**, but Plaintiff may begin serving subpoenas and/or Letters Rogatory on foreign third parties on **May 20, 2022**.  With respect to Case No. 22-cv-00057 ("*TVision II*"), proceeding on the schedule outlined herein presumes that by September 8, 2022, Nielsen will have sufficient information

(through discovery from foreign third party ACRCloud or otherwise) to provide meaningful factual initial infringement contentions  The parties agree to meet and confer regarding potentially modifying the schedule with respect to this patent if Nielsen is unable to provide initial infringement contentions by September 8, 2022.

2.      **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Paragraph 3 of the E-Discovery Default Standard on or before **June 3, 2022.**  Nielsen agrees, in or at the same time as those disclosures, to state (a) which of the asserted patents it is practicing; and (b) whether it seeks reasonable royalty damages, lost profits damages, or both. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference.

The parties agree to generally handle electronic discovery pursuant to the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information.

3.      **Joinder of Other Parties and Amendment of Pleadings**.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **February 7, 2023**.

4.      **Application to Court for Protective Order and/or Source Code Access Agreement**.  The Court has already entered the parties' agreed Protective Order and Source Code Access Agreement.

The Protective Order includes the following paragraph:

> Other Proceedings. By entering this order and limiting the
> disclosure of information in this case, the Court does not intend to

preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    **Papers Filed Under Seal**. When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

6.    **Courtesy Copies**.  Consistent with Judge Burke's standing order regarding courtesy copies, the parties shall provide to the Court two (2) courtesy copies of all briefs (including letter briefs), as well as any documents filed in support of such briefs (i.e., appendices, exhibits, declarations, affidavits, tutorials, etc.). All parties shall provide one (1) copy of any

other document filed (e.g., letters and stipulations). This provision also applies to papers filed under seal. Unless ordered differently by the Court, such copies must be provided to the Court by no later than noon the business day after the filing is made electronically.

      7.    **Disclosures**. Absent agreement among the parties, and approval of the Court:

      a.    N/A (The patent-in-suit has not been licensed and has not been the subject of a settlement agreement.)

      b.    By **July 8, 2022**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

      c.    By **August 8, 2022**, Defendant shall produce, to the extent not already produced, any remaining core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce, to the extent not already produced, by **August 26, 2022** (a) historical shipment figures for the accused devices and devices performing the accused methods; and (b) sales/licensing figures regarding the data obtained from the accused devices and methods, including figures for any downstream interest Defendant maintains in data licensing and sales.

      d.    By **September 8, 2022**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

      e.    By **October 10, 2022**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

      f.    By **August 28, 2023**, Plaintiff shall provide final infringement contentions.

g.    By **August 28, 2023**, Defendant shall provide final invalidity contentions.

h.    The parties will follow the Federal Circuit Advisory Council's Model Order for reducing the number of claims and prior art references asserted.

8.    <u>**Discovery.**</u> Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a.    <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before **August 21, 2023.**

b.    <u>Document Production.</u> Document production shall be substantially complete by **June 12, 2023.**

c.    <u>Requests for Admission.</u> A maximum of **25** requests for admission are permitted for each side. The parties are expected to agree to a procedure regarding authentication of party-generated documents, which may or may not include allowing the parties to serve additional requests for admission.

d.    <u>Interrogatories.</u>

i.    A maximum of **30** interrogatories, including contention interrogatories, are permitted for each side.

ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

      e.    <u>Depositions.</u>

      i.    <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of **70** hours of taking testimony by deposition upon oral examination, excluding expert depositions.  Depositions of witnesses, except as otherwise provided herein, agreed, or ordered by the Court, shall be limited to up to seven (7) hours per deposition.

      ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision

      f.    <u>Disclosure of Expert Testimony</u>.

      i.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **September 12, 2023**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party, including Plaintiff's disclosure regarding objective indicia of nonobviousness, is due on or before **October 10, 2023**. Reply expert reports from the party with the initial burden of proof are due on or before **November 8, 2023**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii.    <u>Expert Report Supplementation</u>. The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

iii.    <u>Expert Depositions.</u> Expert depositions shall be completed on or before **December 11, 2023**. This date shall also be the close of all discovery.

iv.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

g.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.    Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the parties involved in the discovery matter or protective order dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

    iii.    The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Motion to Resolve Discovery Dispute."

    iv.    The Court will thereafter set a discovery dispute telephone conference and a briefing schedule. The movant's opening letter brief shall include as attachments: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) to their letter briefs sworn declarations or affidavits regarding those issues. The parties should also consult and follow Judge Burke's "Guidelines for Discovery Disputes," which is found in the "Guidelines" tab on Judge Burke's section of the District Court's website. The parties shall also comply with paragraph 5 regarding

the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

v.     Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

vi.     Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a teleconference to resolve a protective order dispute.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

vii.     The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Judge

Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Joint Motion to Resolve Protective Order Dispute."

       viii.    The Court will thereafter set a protective order dispute teleconference and a briefing schedule. Along with their respective letter briefs, each side should include as an attachment the side's proposal as to how the content of the disputed portion(s) of the protective order should read. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

       ix.    Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

    9.    **<u>Motions to Amend</u>**.

       a.    Any motion to amend a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

       b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

       c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to amend

10.    **<u>Motions to Strike</u>**.

a.    Any motion to strike any pleading or other document or testimony shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to strike.

11.    **<u>Motions to Stay</u>**.

a.    Any motion to stay shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief.

b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to stay

12.    **<u>Tutorial Describing the Technology and Matters in Issue</u>**. The parties may (though they are not required to) provide the Court, no later than the date on which the Joint

Claim Construction Brief is due, with a tutorial on the technology at issue. In this regard, the parties may separately submit a DVD/flash drive containing a tutorial that is not more than 30 minutes in length. The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than seven days after the Joint Claim Construction Brief is due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial

      13.    **Claim Construction Issue Identification**. On **January 9, 2023**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed with the Court on **January 25, 2022**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to Deborah_Benyo@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) at issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall

- 12 -

simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

14.    **Claim Construction Briefing**. Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on claim construction on or before **February 10, 2023**. Defendant shall serve, but not file, its answering claim construction brief, not to exceed 30 pages, on or before **March 3, 2023**. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on or before **March 17, 2023**. Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on or before **March 31, 2023**. No later than **April 14, 2023**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

I.    Agreed-upon Constructions

II.    Disputed Constructions

A.    [TERM 1]

    1.    Plaintiff's Opening Position
    2.    Defendant's Answering Position
    3.    Plaintiff's Reply Position
    4.    Defendant's Sur-Reply Position

B.    [TERM 2]
    1.    Plaintiff's Opening Position
    2.    Defendant's Answering Position
    3.    Plaintiff's Reply Position
    4.    Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall file them in a joint appendix.

15.    **Hearing on Claim Construction**. Beginning at 11:00 a.m. on **May 25, 2023** the Court will hear argument on claim construction.

The parties shall notify the Court, by joint letter submission, no later than the date on which the Joint Claim Construction Brief is due: (i) whether they request leave to present testimony at the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term. Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the Court will endeavor to issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.

16.    **Interim Status Report**. One week after the Court issues its claim construction order, counsel shall file a joint letter with the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

17.    **Supplementation**. Absent agreement among the parties, and approval of the Court, no later than **July 31, 2023**, the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

18.    **Case Dispositive Motions**.

a.    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **January 25, 2024**. Answering briefs shall be served and filed on or before **March 15, 2024**. Reply briefs shall be served and filed on or before **April 11, 2024.**

b.    No early motions without leave. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. A party seeking leave to file a case dispositive motion prior to ten (10) days before the deadline set forth above shall do so by filing a motion and an accompanying letter brief with the Court of no more

than four (4) single-spaced pages, explaining the reasons why an earlier-filed motion should be permitted. If any party wishes to contest this request, it may do so by filing a responsive letter brief of no more than four (4) single-spaced pages, within seven (7) days from the date the requesting party filed its brief. No reply briefs shall be filed.

        c.     <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

        Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

        d.     The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

- 15 -

e.    Page limits combined with *Daubert* motion page limits. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each ***SIDE*** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each ***SIDE***.[1]

f.    Hearing. The Court will hear argument on all pending case dispositive and *Daubert* motions on **June 5, 2024** beginning at 11:00 a.m (subject to the Court's availability).

19.    **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Court. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1

20.    **Pretrial Conference**. On **September 27, 2024** the Court will hold a pretrial conference in court with counsel beginning at 11:30 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information

---

[1]    The parties must work together to ensure that the Court receives no more than a ***total*** of ***250 pages*** (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

required by the form of Patent Pretrial Order, which can be found in the "Forms" tab on Judge Burke's section of the Court's website (www.ded.uscourts.gov), on or before **September 9, 2024**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. As noted in the Patent Pretrial Order, the parties shall include in their joint proposed pretrial order, among other things:

      a.    <u>a request for a specific number of **hours** for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

      b.    <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

      c.    <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and;

      d.    <u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

21.    **Motions *in Limine***. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) single-spaced pages of argument and may be opposed by a maximum of three (3) single-spaced pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional single-spaced page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3)-page single-spaced submission (and, if the moving party, a single one (1)-page single-spaced reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court

22.    **Jury Instructions, Voir Dire, and Special Verdict Forms**.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Word format, which may be submitted by e-mail to the trial judge's staff.

23.    **Trial**. This matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on **October 7, 2024** with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

24.     **<u>Judgment on Verdict and Post-Trial Status Report</u>**. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly file a form of order to enter judgment on the verdict. At the same time, the parties shall file a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

25.     **<u>Post-Trial Motions</u>**. Unless otherwise ordered by the Court, all ***SIDES*** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

**Schedule**

| ITEM | DATE |
|---|---|
| Hearing on Defendant's motion to dismiss | Subject to Court Availability |
| Defendant produce (1) core technical documents for Kinect-based[2] system; (2) declaration setting forth all sensors the accused products, methods, and systems have used and the dates each was used; (3) all communications with Data Plus Math and other documents regarding the collaboration or potential collaboration with Data Plus Math; (4) declaration that TVision has never attempted to correlate media exposure to computer activity outside of its collaboration with Data Plus Math; and (5) core technical documents relating to its audio ACR | May 27, 2022 |
| Earliest date for Plaintiff to serve subpoenas or letters rogatory on foreign third parties | May 20, 2022 |
| Plaintiff produce license agreements and settlement agreements that are directed to the asserted patents | N/A |
| Rule 26(a)(1) Initial Disclosures | June 3, 2022 |
| Default Standard Paragraph 3 disclosures | June 3, 2022 |
| Plaintiff to disclose (a) which asserted patents Nielsen practices; and(b) whether Nielsen's damages will be based on lost profits, reasonable royalties, or both. | June 3, 2022 |
| Defendant make source code available for Plaintiff's initial review | June 6, 2022 |

---

[2] TVision's position is that Nielsen has accused of infringement a product that contains both a two-dimensional and a three-dimensional sensor; that TVision's Logitech-based system, which uses just a single camera with a two-dimensional output, cannot infringe the asserted patent; and thus that Nielsen has no basis to assert that the Logitech device infringes. In support of its position, TVision has provided Nielsen a declaration setting forth the configuration of its Logitech device, including the model numbers of the Logitech cameras it uses and additional documentation, which TVision asserts makes clear that Nielsen has no basis to accuse that device of infringing. Accordingly, TVision's position is that Nielsen is not entitled to any further discovery on the Logitech-based system. Nielsen's position, on the other hand, is that the hardware of the Logitech system can in fact infringe and that it needs to take further discovery, including source code review. Moreover, without further discovery, including source code review, it is not possible to evaluate TVision's assertion that the Logitech-based system "uses just a single camera with a two-dimensional output." The parties have agreed that TVision will not provide such further discovery prior to August 8, 2022, but Nielsen reserves the right to seek core technical documents on the Logitech-based system (and move to compel if necessary) after that time. Nielsen also reserves the right to seek further discovery (and move to compel if necessary) on the Logitech-based system after the start of general fact discovery.

| ITEM | DATE |
|---|---|
| Plaintiff identify accused products, methods, and systems and state which patents each infringes; Plaintiff identify damages model; Plaintiff produce file history for each asserted patent | July 8, 2022 |
| Defendant produce core technical documents not already produced | Aug. 8, 2022 |
| General fact discovery begins | Aug. 26, 2022[3] |
|  |  |
| Plaintiff produce initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes | Sept. 8, 2022 |
| Defendant produce initial invalidity claim charts for each asserted claim and known invalidating references | Oct. 10, 2022 |
| Exchange list of claim terms proposed for construction and their proposed constructions | Jan. 9, 2023 |
| Prepare joint claim construction chart and file with the Court; concurrent filing of Motion for Claim Construction | Jan. 25, 2023 |
| Joinder of parties and amendment of pleadings | Feb. 7, 2023 |
| Plaintiff's opening claim construction brief | Feb. 10, 2023 |
| Defendant's answering claim construction brief | March 3, 2023 |
| Plaintiff's reply claim construction brief | March 17, 2023 |
| Defendant's sur-reply claim construction brief | March 31, 2023 |
| File joint claim construction brief; parties provide optional technology tutorials to the Court; parties notify the Court (i) whether they request leave to present testimony at claim construction hearing; (ii) the amount of time they request be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term | April 14, 2023 |
| Parties provide optional written comments on opposing parties' technology tutorials (seven days after joint claim construction brief) | April 21, 2023 |
| Claim construction hearing (subject to the Court's availability) | May 25, 2023 at 11:00 a.m. |
| Document production substantially complete | June 12, 2023 |
| Claim construction ruling (subject to the Court's availability) | July 25, 2023 |

[3] For the '889 Patent, at issue in *TVision II*, this and subsequent deadlines are subject to the caveat set forth above regarding a possible change to the schedule in the event Nielsen is unable to provide initial infringement contentions by September 8, 2022.

| ITEM | DATE |
|---|---|
| Interim status report after claim construction order | One week after claim construction order |
| Supplement identification of accused products | July 31, 2023 |
| Fact discovery complete | Aug. 21, 2023 |
| Supplement and finalize infringement and invalidity claim charts | Aug. 28, 2023 |
| Opening expert reports by party with burden of proof | Sept. 12, 2023 |
| Responsive expert reports by party without burden of proof | Oct. 10, 2023 |
| Reply expert reports by party with burden of proof | Nov. 8, 2023 |
| Expert depositions complete | Dec. 11, 2023 |
| Summary judgment and Daubert motions | Jan. 25, 2024 |
| Opposition briefs re summary judgment and Daubert motions | Mar. 15, 2024 |
| Reply briefs re summary judgment and Daubert motions | Apr. 11, 2024 |
| Hearing on summary judgment and Daubert motions (subject to the Court's availability) | June 5, 2024 |
| Joint Final Proposed Pretrial Order | Sept. 9, 2024 |
| Pretrial conference (subject to the Court's availability) | Sept. 27, 2024 |
| Trial (subject to the Court's availability) | Oct. 7, 2024 |