## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-57-CJB |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

Plaintiff The Nielsen Company (US), LLC, will serve the attached subpoena (Exhibit 1) in the

above-referenced action.

OF COUNSEL:

Steven Yovits
Constantine Koutsoubas
Melvin Gaddy
Jason P. Greenhut
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel:  (312) 857-7070

Clifford Katz
Jolie Schenerman
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:  (212) 808-7800

Dated:  August 21, 2023
10977325 / 14944-00004

POTTER ANDERSON & CORROON LLP

By:  */s/ Andrew L. Brown*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company (US), LLC*

# EXHIBIT I

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Delaware

| | |
|---|---|
| The Nielsen Company (US), LLC, | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.   1:22-cv-00057-CJB |
| TVision Insights, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
VidVita LLC C/O American Incorporators LTD.
1013 Centre Road, Suite 403-A, Willmington, DE, 19805

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment B.

| Place:  Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington, DE 19801 | Date and Time: 09/07/2023 9:30 am |
|---|---|

The deposition will be recorded by this method:   Stenographic, audio, video, real-time reporting

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:    See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/21/2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| | | /s/ Constantine Koutsoubas |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
The   Nielsen Company (US), LLC                        , who issues or requests this subpoena, are:
Constantine Koutsoubas (ckoutsoubas@kelleydrye.com, (312) 857-7070
Kelley Drye & Warren, LLP, 333 West Wacker Drive, Chicago, IL 60606

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:22-cv-00057-CJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

These definitions apply throughout these requests without regard to capitalization.

Plaintiff reserves the right to deliver and serve additional requests for production of documents.

1.      The term "Plaintiff" or "Nielsen" means The Nielsen Company (US), LLC.

2.      The term "Defendant" means Defendant TVision Insights, Inc., named in the above-referenced action, and any and all of its present or former divisions, direct subsidiaries, indirect subsidiaries, parents, successors, predecessors, agents, employees, representatives, directors, officers, trustees, and attorneys, or any other Person acting in whole or in part in concert with any of the foregoing, directly or indirectly.

3.      The term "You," "Your," and "VidVita" means VidVita, LLC, and any and all of its present or former divisions, direct subsidiaries, indirect subsidiaries, parents, successors, predecessors, agents, employees, representatives, directors, officers, trustees, and attorneys, or any other Person acting in whole or in part in concert with any of the foregoing, directly or indirectly.

4.      The term "ACRCloud" means ACRCloud, LTD., and any and all of its present or former divisions, direct subsidiaries, indirect subsidiaries, parents, successors, predecessors, agents, employees, representatives, directors, officers, trustees, and attorneys, or any other Person acting in whole or in part in concert with any of the foregoing, directly or indirectly.

5.      The term "Automatic Content Recognition" or "ACR" mean the automatic identification or recognition of media content.

6.      The term "Fingerprint" or "Signature" means a representation of an audio signal in a compact way by extraction of relevant features of the audio content.

7.      The term "Source Code" as used herein shall mean and encompass human-readable programming language text that defines software, firmware, or electronic hardware descriptions. The term Source Code includes, but is not limited to, files containing source in "Java," "ActionScript," "HTML," "HTML 5," Javascript," "XML," "JSON," "C," "C++," assembler, VHDL, Verilog, RTL, or digital signal processor ("DSP") programming languages. Source Code as used herein further includes "make files," "include files," "link files," "schematics," "flowcharts," "Gliffy" and Confluence documentation, manuals, and other human-readable text files used in the generation, building, and/or assessment of software executed on a processor, DSP, microcontroller, baseband processor, ethernet transformer, and/or radio frequency signal transmitter, transceiver, receiver, and/or antennae hardware.

8.      The term "'889 Patent" shall mean U.S. Patent No. 7,783,889.

9.      The term "Asserted Patent" shall mean '889 Patent.

10.     The term "Litigation" means The Nielsen Company (US), LLC v. TVision Insights, C.A. No. 22-057-CJB in the United States District Court for the District of Delaware.

11.     The term "document" shall be at least as broad as the meaning and scope as the term "documents or electronically stored information" is used in Federal Rule of Civil Procedure 34(a)(1)(A). As used herein, the term "document" means any written, types, printed, recorded, electronic, or computer- stored material, whether in draft or final form, and each non-identical copy or otherwise, and includes, without limitation, contracts, checks, records of wire transfers, financial statements, invoices, ledgers, reports of any nature, memoranda, correspondence, note pads, notices, minutes and notes of meetings, records of discussions and conversations, diaries, calendars, charts, lists, journals, electronically-stored or generated information (including

computer records, computer runs, computer disks, electronic mail, and PDA files), tape recordings, microfilm, microfiche, and any other data compilations from which information can be obtained, translated, or deciphered, or any other tangible thing containing writings. A draft or non-identical copy is a separate document within the meaning of this term.

12.     The term "all documents" shall mean any and all documents that might reasonably be located through a search of all locations likely to contain such documents.

13.     The term "communication(s)" shall mean any transfer of information, facts, ideas, opinions, inquiries, or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances.

14.     The term "all communications" shall mean any and all communications that might reasonably be located through a search of all locations likely to contain such communications.

15.     The term "person" shall be broadly construed to include any natural person, individual, firm, association, partnership, corporation, group, organization, unincorporated association, joint venture, sole proprietorships, or any organization of individuals or other entities.

16.     The terms "relating to," "related to," "relate to" or "regarding" shall mean identifying, showing, dealing with, embodying, pertaining, concerning, regarding, involving, indicating, constituting, commenting upon, summarizing, analyzing, interpreting, detailing, outlining, defining, comprising, reflecting, discussing, disclosing, evidencing, mentioning, referring to, consisting of, responding to, or having any logical or factual connection whatever with the subject matter in question.

17.     The term "describe" shall mean to give a complete, fulsome, and detailed account of the content of a communication, event, or thing, including without limitation an Identification of the five individuals most knowledgeable about the described subject matter.

18.     The terms "and" and "or" and "and/or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the Requests all documents or information that might otherwise be construed to be outside of its scope.

19.     The terms "include" or "including" shall mean containing and comprising without limitation.

20.     The terms "each" and "any" shall mean each and every, and should be understood to encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

21.     The term "date" shall mean the exact day, month, and year, if ascertainable, and if the exact day, month, and year are not ascertainable, then the best approximation thereof. The terms "any" or "all" shall mean any and all and encompasses "any," "all," and "any and all."

22.     The term "agreement" shall include any contract, understanding, license, settlement, deal, or assignment, including amendments and/or modifications thereto.

23.     The singular form of any word includes the plural, and vice versa.

24.     All terms used herein that are capitalized, either initially or in their entireties, shall be construed as if they appeared in lower case letters, as may be necessary to bring within the scope of these discovery requests all responses that might otherwise be construed to be outside its scope.

## **INSTRUCTIONS**

1.     You are to search all documents within Your possession, custody, or control, wherever located, including but not limited to any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on Your behalf, in order to fully respond to the requests herein.

2.      If You do not produce each document or thing requested herein as they are kept in the usual course of business, You must organize and label the documents or things produced to correspond with the particular document request to which the document or thing is responsive.

3.      You are to produce all documents that are responsive in whole or in part to any of the requests herein in full, without abridgement or abbreviation. If any such documents cannot be produced in full, produce the document to the extent possible and indicate in Your written response what portion of the document is not produced and why it could not be produced.

4.      If any of the documents requested herein are no longer in Your possession, custody or control, You are requested to identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and to provide summary of its pertinent contents.

5.      If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction and the name of the person who ordered or authorized such destruction.

6.      If the production of any documents responsive to these requests is objected to on the ground of privilege or work product, or for any other reason, with respect to each such document state:

       a. the date appearing on such document, or if no date appears, the date on which such document was prepared;

       b. the name of each person to whom such document was addressed;

c. the name of each person, other than the addressee(s) identified in subparagraph (b) above, to whom such document or copy thereof was sent, or with whom such document was discussed;

d. the name of each person who signed such document or, if not signed, the name of each person who prepared it;

e. the name of each person making any contribution to the authorship of such document;

f. the job title or position of each person identified in subparagraph (b), (c), (d), and (e) above;

g. the date such document was received or discussed by each person identified in subparagraphs (b) or (c) above; and

h. the general nature or description of such document and its number of pages; and the specific ground(s) upon which the privilege or work product rests.

7.    To the extent a document is considered confidential in nature, You may designate it in accordance with the Protective Order entered in the above-captioned matter, a copy of which is attached hereto as Exhibit 1.

## DOCUMENT REQUESTS

1.    All Documents relating to VidVita's relationship with TVision, including but not limited to any licenses, sales agreements, services agreements and/or any other contracts with TVision.

2.   All Documents relating to communications (including, but not limited to, e-mail and electronic messages of any form) between VidVita and TVision relating to ACRCloud (and ACRCloud's APIs and/or software), media signatures or Fingerprints, and/or the creation of a reference database of media content.

3.   Documents sufficient to show media content processing under contract with TVision, including but not limited to: the processing of media content including the source of media content, the intake of media content, all processing of such media content, the data resulting from such processing, and provision of the resulting data such that it is accessible by ACRCloud.

4.   Documents sufficient to show any audio processing under contract with TVision.

5.   Documents sufficient to show any audio processing into signatures or Fingerprints under contract with TVision.

6.   Documents sufficient to show any use of ACRCloud software under contract with TVision, including APIs.

7.   All Documents sufficient to show any ACR related processing, including for signatures or Fingerprints that are intended to be used for ACR, under contract with TVision.

8.   Documents sufficient to show any data uploaded to ACRCloud or to locations that ACRCloud controls or to which it has access, including the format and type of that data.

9.   All Documents sufficient to show any data produced under contract with TVision.

10.    All Documents relating to any Source Code utilized to perform or process any of the methods and/or processes described in document request nos. 3-9 above.

## ATTACHMENT B

## <u>DEFINITIONS</u>

These definitions apply throughout these topics without regard to capitalization.

Plaintiff reserves the right to deliver and serve additional topics.

1.     The term "Plaintiff" or "Nielsen" means The Nielsen Company (US), LLC.

2.     The term "Defendant" means Defendant TVision Insights, Inc., named in the above-referenced action, and any and all of its present or former divisions, direct subsidiaries, indirect subsidiaries, parents, successors, predecessors, agents, employees, representatives, directors, officers, trustees, and attorneys, or any other Person acting in whole or in part in concert with any of the foregoing, directly or indirectly.

3.     The term "You," "Your," and "VidVita" means VidVita, LLC, and any and all of its present or former divisions, direct subsidiaries, indirect subsidiaries, parents, successors, predecessors, agents, employees, representatives, directors, officers, trustees, and attorneys, or any other Person acting in whole or in part in concert with any of the foregoing, directly or indirectly.

4.     The term "ACRCloud" means ACRCloud, LTD., and any and all of its present or former divisions, direct subsidiaries, indirect subsidiaries, parents, successors, predecessors, agents, employees, representatives, directors, officers, trustees, and attorneys, or any other Person acting in whole or in part in concert with any of the foregoing, directly or indirectly.

5.     The term "Automatic Content Recognition" or "ACR" mean the automatic identification or recognition of media content.

6.     The term "Fingerprint" means a representation of an audio signal in a compact way by extraction of relevant features of the audio content.

7.     The term "Source Code" as used herein shall mean and encompass human-readable programming language text that defines software, firmware, or electronic hardware descriptions. The term Source Code includes, but is not limited to, files containing source in "Java," "ActionScript," "HTML," "HTML 5," Javascript," "XML," "JSON," "C," "C++," assembler, VHDL, Verilog, RTL, or digital signal processor ("DSP") programming languages. Source Code as used herein further includes "make files," "include files," "link files," "schematics," "flowcharts," "Gliffy" and Confluence documentation, manuals, and other human-readable text files used in the generation, building, and/or assessment of software executed on a processor, DSP, microcontroller, baseband processor, ethernet transformer, and/or radio frequency signal transmitter, transceiver, receiver, and/or antennae hardware.

8.     The term "'889 Patent" shall mean U.S. Patent No. 7,783,889.

9.     The term "Asserted Patent" shall mean the '889 Patent.

10.     The term "Litigation" means The Nielsen Company (US), LLC v. TVision Insights, C.A. No. 22-057-CJB in the United States District Court for the District of Delaware.

11.     The term "document" shall be at least as broad as the meaning and scope as the term "documents or electronically stored information" is used in Federal Rule of Civil Procedure 34(a)(1)(A). As used herein, the term "document" means any written, types, printed, recorded, electronic, or computer- stored material, whether in draft or final form, and each non-identical copy or otherwise, and includes, without limitation, contracts, checks, records of wire transfers, financial statements, invoices, ledgers, reports of any nature, memoranda, correspondence, note pads, notices, minutes and notes of meetings, records of discussions and conversations, diaries, calendars, charts, lists, journals, electronically-stored or generated information (including computer records,

computer runs, computer disks, electronic mail, and PDA files), tape recordings, microfilm, microfiche, and any other data compilations from which information can be obtained, translated, or deciphered, or any other tangible thing containing writings. A draft or non-identical copy is a separate document within the meaning of this term.

12.     The term "all documents" shall mean any and all documents that might reasonably be located through a search of all locations likely to contain such documents.

13.     The term "communication(s)" shall mean any transfer of information, facts, ideas, opinions, inquiries, or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances.

14.     The term "all communications" shall mean any and all communications that might reasonably be located through a search of all locations likely to contain such communications.

15.     The term "person" shall be broadly construed to include any natural person, individual, firm, association, partnership, corporation, group, organization, unincorporated association, joint venture, sole proprietorships, or any organization of individuals or other entities.

16.     The terms "relating to," "related to," "relate to" or "regarding" shall mean identifying, showing, dealing with, embodying, pertaining, concerning, regarding, involving, indicating, constituting, commenting upon, summarizing, analyzing, interpreting, detailing, outlining, defining, comprising, reflecting, discussing, disclosing, evidencing, mentioning, referring to, consisting of, responding to, or having any logical or factual connection whatever with the subject matter in question.

17.     The term "describe" shall mean to give a complete, fulsome, and detailed account of the content of a communication, event, or thing, including without limitation an Identification of the five individuals most knowledgeable about the described subject matter.

18.     The terms "and" and "or" and "and/or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the Requests all documents or information that might otherwise be construed to be outside of its scope.

19.     The terms "include" or "including" shall mean containing and comprising without limitation.

20.     The terms "each" and "any" shall mean each and every, and should be understood to encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

21.     The term "date" shall mean the exact day, month, and year, if ascertainable, and if the exact day, month, and year are not ascertainable, then the best approximation thereof. The terms "any" or "all" shall mean any and all and encompasses "any," "all," and "any and all."

22.     The term "agreement" shall include any contract, understanding, license, settlement, deal, or assignment, including amendments and/or modifications thereto.

23.     The singular form of any word includes the plural, and vice versa.

24.     All terms used herein that are capitalized, either initially or in their entireties, shall be construed as if they appeared in lower case letters, as may be necessary to bring within the scope of these discovery requests all responses that might otherwise be construed to be outside its scope

## MATTERS UPON WHICH THE WITNESS IS TO BE EXAMINED

1.      VidVita's relationship with TVision, including but not limited to any licenses, sales agreements, services agreements and/or any other contracts with TVision.

2.      Communications (including, but not limited to, e-mail and electronic messages of any form) between VidVita and TVision relating to ACRCloud (and ACRCloud's APIs and/or

software), media signatures or Fingerprints, and/or the creation of a reference database of media content.

   3. Media content processing under contract with TVision, including but not limited to: the processing of media content including the source of media content, the intake of media content, all processing of such media content, the data resulting from such processing, and provision of the resulting data such that it is accessible by ACRCloud.

   4. Audio processing under contract with TVision.

   5. Processing audio into signatures or Fingerprints under contract with TVision.

   6. The use of software from ACR Cloud under contract with TVision, including APIs.

   7. Processing relating to ACR, including for signatures or Fingerprints that are intended to be used for ACR, under contract with TVision.

   8. Data uploaded to ACRCloud or to locations that ACRCloud controls or to which it has access, including the format and type of that data.

   9. Data produced under contract with TVision.

   10. Source Code utilized to perform or process any of the methods described in topic nos. 3-9 above

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 21-1592-CJB |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., | ) |
| | ) |
| Defendant. | ) |
| THE NIELSEN COMPANY (US), LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 22-57-CJB |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., | ) |
| | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from unapproved uses may be warranted.  Accordingly, the parties hereby

stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties

acknowledge that this Order does not confer blanket protections on all disclosures or responses

to discovery and that the protection it affords from public disclosure and use extends only to the

limited information or items that are entitled to confidential treatment under the applicable legal

principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this

Stipulated Protective Order does not entitle them to file confidential information under seal; this

District's Local Rules and CM/ECF Procedures and any applicable order of this Court set forth

the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. <u>DEFINITIONS</u>

    2.1    <u>Challenging Party:</u>  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2    <u>"CONFIDENTIAL" Information:</u>  information or tangible things concerning a person's business operations, processes, and technical and development information, the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

    2.3    <u>Source Code:</u> computer instructions, data structures, and data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module, and associated comments and revision histories.

    2.4    <u>Counsel (without qualifier):</u>  Outside Counsel of Record and In-House Counsel (as well as their support staff).

    2.5    <u>Designating Party:</u>  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

    2.6    <u>Disclosure or Discovery Material:</u>  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not and for the past two years has not been an employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information:  highly sensitive information or items that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. Examples of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information or tangible things include, without limitation, trade secrets, non-public financial information, business and sales strategies, product roadmaps, ongoing research and development materials, sensitive technical materials, and other information of a similar nature. For avoidance of doubt, emails, transcripts, and other documents that contain excerpts of source code shall be considered HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information.

2.9    "HIGHLY CONFIDENTIAL SOURCE CODE" Information:  (1) Source Code; (2) human-readable text-based electronic source code documents that reside in a source code repository, including but not limited to, source code residing in third-party source code repository, from which software and related data files may be compiled, assembled, linked, executed, debugged, and/or tested ("Source Code Files"); and (3) print-outs of Source Code Files. ("Printed Source Code").  Source Code Files include, but are not limited to, documents in "C", "C++", Java, Java scripting languages, command languages, shell language, VHDL,

Verilog, and digital signal processor (DSP) programming languages.  Source Code Files may further include "header" files, "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys, legal professionals, or IP professionals who are not employees of a party to this action but are retained to represent or advise a party to this action and whose firms have appeared in this action on behalf of that party.  Outside Counsel of Record includes the attorneys and support staff, including contract attorneys, of law firms that are retained to represent a party in this action, as well as the secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this case, but excludes any employees of a party to this action.  Outside Counsel of Record also includes outside copying services, document management services, and graphic services reasonably necessary to render professional services in this case.

2.12    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record.

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

2.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial may be governed by a separate agreement or order.

4.    DURATION

The confidentiality obligations imposed by this Order shall remain in effect even after final disposition of this litigation until a Designating Party agrees otherwise in writing, a court order otherwise directs, or unless otherwise provided herein.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice;

and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

     5.1      Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party, if it agrees, must promptly notify all other Parties that it is withdrawing the mistaken designation.

     5.2      Manner and Timing of Designations.

     (a)      For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), designation in conformity with this Order requires that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or 'HIGHLY CONFIDENTIAL SOURCE CODE" to each page that contains Protected Material.

     A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b)    <u>For testimony given in deposition or in other pretrial or trial proceedings,</u> the Designating Party may, up to 21 days from the date of receipt of a final transcript of the deposition, hearing or other proceeding, designate the testimony or portions thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

Upon request, Parties shall give the other Parties reasonable notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and, if the entire transcript has not been designated as Protected Material, the title page shall be followed by a list of all pages (including

line numbers as appropriate) that have been designated as Protected Material and the level of

protection being asserted by the Designating Party.  The Designating Party shall inform the court

reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day

period for designation shall be treated during that period as if it had been designated "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL

SOURCE CODE" if it contains Source Code) in its entirety unless otherwise agreed.  After the

expiration of that period, the transcript shall be treated only as actually designated.

(c)     <u>For information produced in some form other than documentary and for any other

tangible items</u>, designation in conformity with this Order requires that the Producing Party affix

in a prominent place on the exterior of the container or containers in which the information or

item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."  If only a

portion or portions of the information or item warrant protection, the Producing Party, to the

extent practicable, shall identify the protected portion(s) and specify the level of protection being

asserted.

5.3     <u>Inadvertent Failures to Designate</u>.  If corrected, an inadvertent failure to designate

qualified information or items does not, standing alone, waive the Designating Party's right to

secure protection under this Order for such material.  Upon correction of a designation, the

Receiving Party must make reasonable efforts to assure that the material is treated in accordance

with the provisions of this Order. To the extent the Receiving Party has disclosed the Protected

Material to any person not authorized under this Stipulated Protective Order, the Receiving Party

shall follow the requirements of Section 10 (a), (b), (c), and (d).

5.4     <u>Non-Party Documents.</u>  In the event that a Non-Party produces documents that contain Protected Material belonging to either or both Parties, either or both Parties may, within thirty (30) calendar days of the receipt of documents produced by the third party, designate such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL − OUTSIDE ATTORNEYS' EYES ONLY."

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer.</u>  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3     <u>Judicial Intervention.</u>  If the Parties cannot resolve a challenge without Court intervention, the disputing party shall raise the issue with the Court.

The burden of persuasion in any protective order challenge shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party for the purposes of this litigation only. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order or, in the case of materials designated "HIGHLY CONFIDENTIAL SOURCE CODE," the Parties' Source Code Access Agreement.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. In the case of materials designated "HIGHLY CONFIDENTIAL SOURCE CODE," the Parties' Source Code Access Agreement shall apply.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action;

(b) five designated employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who are identified to the Designating Party.

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5, below, have been followed;

(d)     the Court, the jury, any mediators or arbitrators assisting in the resolution of this action, and their personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary;

(f)     mock jurors and other necessary staff for conducting a mock trial or similar proceeding related to this litigation, provided that all such mock jurors and staff sign and agree to be bound to an appropriate confidentiality agreement prohibiting disclosure and use of such materials outside of any mock jury exercise;

(g)     during their depositions, witnesses in the action who are (1) party representatives of the Designating Party pursuant to Fed. R. Civ. P. 30(b)(6); (2) officers, directors, and managerial level employees of the Designating Party; (3) current employees of the Designating Party; or (4) other individuals that the deposing party can demonstrate have already received the Protected Information (*e.g.*, as a recipient of a document) and  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)     the author or recipient (or person involved in the creation) of a document containing the information or a custodian of the document or other person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" only to those individuals specified in Section 7.2 (a), (c), (d), (e), (g), and (h) above, provided that such individuals have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and are identified to the Designating Party.

Notwithstanding the above, no expert witness or consultant who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Receiving Party shall have access to a Designating Party's material designated with the label "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE."

7.4     <u>"HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items</u> shall be comply with the additional restrictions in the Parties' Source Code Access Agreement.

7.5     <u>Procedures for Approving or Objecting to Experts.</u>

(a)     A Party that seeks to designate an individual as an Expert (as defined in and consistent with this Order) must first make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) to the extent not included in the Expert's current resume, identifies the Expert's present and past employment, education and areas of expertise; and (4) identifies consulting and litigation engagements during the preceding five years.

(b)      A Party that makes a request and provides the information specified in the preceding respective Sections may disclose appropriate Protected Material to the identified Expert after 8 calendar days unless, within 8 calendar days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within three (3) business days of the written objection.    If no agreement is reached, within ten (10) business days of the meet-and-confer, the party seeking to prevent disclosure of Protected Material to the Expert shall move for an order of the Court preventing such disclosure.  If no such motion is made within ten (10) business days, disclosure to the Expert shall be permitted.  In the event that objections are made and a motion is filed, disclosure to the Expert shall not be made unless and until the Court permits it.

In any such dispute, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose Protected Material to its Expert.

(d)      A Party may not object to disclosure to identified Experts beyond the 8-day period in Section 7.5(b) unless the Party becomes aware of new information or circumstances that give good cause for objection, in which case, an objection shall be made, and the timing and procedures described above shall apply.

(e)      No Party shall attempt to depose any Expert until such time as the Expert is designated by the Party engaging the Expert as testifying expert.  Notwithstanding the preceding sentence, a Party may depose an Expert as a fact witness if the Party has a good faith,

demonstrable basis that the Expert possesses facts relevant to the case that were obtained independently of the Expert's engagement. Such deposition, if it precedes the designation as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement. In addition, if the engaging party chooses not to designate the Expert as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

7.6     Prosecution Bar. Any person reviewing any "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" designated information or materials (which shall also be automatically  considered "Prosecution Bar Materials") shall not, for a period commencing upon that person's review of such information and ending two years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) involving claims on a method, apparatus, or system that deal with the subject matter of the patents-in-suit (detection of the number of individuals who are watching particular television content, correlating presentation of media content on a media content presentation device with activity on a different computing device, and generating signatures of audio content streams).

Prosecution Activity shall mean any activity related to the preparation or prosecution (for any person or entity) of patent applications or advising or counseling clients regarding same, writing, generating, suggesting, or modifying claim language for patent applications or advising or counseling clients regarding same, or making arguments in support of patent applications or advising or counseling clients regarding same. A person who has reviewed Prosecution Bar Materials may not, on behalf of a Party in this case, suggest, direct, or draft claim amendments ("Amending") in a reexamination, *inter partes* review, covered business method review, post-

grant review, or reissue application proceedings ("Post-Grant Proceedings") as to patents subject to such Post-Grant Proceedings and within the subject matter of the patents-in-suit. Nothing in this Section shall prevent a person who has reviewed Prosecution Bar Materials from participating in such Post-Grant Proceedings or in submitting a motion to amend in Post-Grant Proceedings over such person's signature as counsel, subject to the prohibition on counseling on claim amendments and claim drafting as stated in the previous sentence. Nothing in this Section shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for any purpose, including the purpose of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney who reviews Prosecution Bar Materials and shall not be imputed to any other persons or attorneys at the attorneys' law firm. It is expressly agreed that attorneys who work on this matter without reviewing Prosecution Bar Materials shall not be restricted from engaging in Prosecution Activity on matters that fall within the Prosecution Bar.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

(a)    Receiving Party Subject to Subpoena, Document Request or Court Order in Other Proceedings. If a Party is served with a subpoena, document request, or court order issued in other litigation or proceeding that compels or covers disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," that Party must notify the Designating Party at least ten (10) business days before the Party seeks to disclose the designated materials in writing. Such notification shall include a copy of the

15

subpoena, document request or court order and a copy of the protective order governing the litigation or proceeding to which the subpoena, document request, or court order pertains.

(b)     <u>Receiving Party Subject to Motion in Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Receiving Party subject to this order who becomes subject to a motion to disclose a Designating Party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," pursuant to this order shall promptly notify the Designating Party of the motion so that the Designating Party may have an opportunity to appear and be heard on whether that information should be disclosed.

(c)     If the Designating Party objects within ten (10) business days of being notified, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" unless it is ordered to do so by the court from which the subpoena, document request, or order issued, or unless it is otherwise required to do so by the procedures governing the proceeding.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party (the "Producing Party" in this Section) is required, by a valid discovery request from the other Party (the "Requesting Party" in this Section), to produce a Non-Party's confidential information in the Producing Party's possession, and the Producing Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Producing Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

17

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.   The execution of the "Acknowledgment and Agreement to Be Bound" in this instance does not mean that the person shall be entitled to receive Protected Material going forward unless the person is otherwise authorized to do so under the provisions of this Protective Order.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1  No Waiver.  The Parties have agreed that, in discovery in this lawsuit, they do not intend to disclose information subject to a claim of attorney-client privilege or attorney work product protection.

Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the production or disclosure of any discovery material that a Party (the "Disclosing Party") thereafter claims should not have been produced or disclosed based on privilege or work product protections ("Disclosed Privileged Information"), shall not constitute or be deemed a waiver or forfeiture in whole or in part—in this or any other action—of any claim of attorney-client privilege or work product immunity that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Privileged Information and its subject matter regardless of

the circumstances of the production or disclosure. As set forth below, such Disclosed Privileged Information shall be returned to the Producing Party or destroyed upon request.

11.2    Attorney's Ethical Responsibilities. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced. Any Party receiving materials that, on their face, appear to be covered by a privilege, shall not copy, distribute, or otherwise use in any manner such materials and shall provide prompt notice of the disclosure to the Producing Party to afford the Producing Party the opportunity to request return of the materials, in accordance with the terms of this Section.

11.3    Procedure for Return or Destruction of Privileged Information.  If a Disclosing Party notifies the Receiving Party of Disclosed Privileged Information, the Receiving Party shall, as soon as possible, but at most within 5 business days: (i) return or destroy (or in the case of electronically stored information, delete) all copies of such information (including all notes or other work product of the Receiving Party reflecting the contents of the Disclosed Privileged Information) within their possession, custody, or control—including all copies in the possession of experts, consultants, or others to whom the Disclosed Privileged Information was provided— and (ii) provide a certification of counsel that all such Disclosed Privileged Information has been returned or destroyed. From the moment a Disclosing Party provides notice of production of Disclosed Privileged Information, a Receiving Party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the Receiving Party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used

19

pending a motion and further notice from the Court. For purposes of this Order, Disclosed

Privileged Information that has been stored by the Receiving Party on a source of electronically

stored information that is not reasonably accessible, such as backup storage media, is

sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete the

restored Disclosed Privileged Information.

This provision is not intended to modify whatever procedure may be established in an e-

discovery order that provides for production without prior privilege review.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective

Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material

covered by this Protective Order.

12.3    Filing Protected Material.  Without written permission from the Designating Party

or a court order secured after appropriate notice to all interested persons, a Party may not file in

the public record in this action any Protected Material.  A Party that seeks to file under seal any

Protected Material must comply with this District's Local Rules and CM/ECF Procedures and

any applicable order of this Court.

13.    FINAL DISPOSITION

(a)    Within 60 days after the final disposition of this action, as defined in Section 4,

each Receiving Party must return all Protected Material to the Producing Party or destroy such

material.  As used in this Section, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected

Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material.

   (b)  Information designated "HIGHLY CONFIDENTIAL SOURCE CODE" must be

returned to the Producing Party or destroyed, and each Expert who had access to such materials

must sign a declaration that shall be sent to the Producing Party certifying that:

      (1)  to the best of that person's knowledge, all such materials have been

returned to the Producing Party or destroyed; and

      (2)  every copy, whether whole or partial, of such materials that exists in

electronic, magnetic, or other machine-readable form has been permanently deleted.

   (c)  Notwithstanding Sections 13 (a) and (b), Counsel are entitled to retain an archival

copy of all pleadings, discovery responses, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,

attorney work product, and consultant and expert work product, even if such materials contain

Protected Material.  Any such archival copies that contain or constitute Protected Material

remain subject to this Protective Order as set forth in Section 4 (DURATION).

*  *  *  *  *

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

SHAW KELLER LLP

By: */s/ Bindu A. Palapura*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Brandon R. Harper (#6418)
Carson R. Bartlett (#6750)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
bharper@potteranderson.com
cbartlett@potteranderson.com

*Of Counsel*:

Steven Yovits
Constantine Koutsoubas
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800

*Attorneys for Plaintiff The Nielsen Company (US), LLC*

Dated: May 11, 2022
10139385 / 52358

By: */s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
Tel: (302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com

*Of Counsel:*

Ajay S. Krishnan
Julia L. Allen
Bailey W. Heaps
Reaghan E. Braun
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Tel: (415) 391-5400

*Attorneys for Defendant TVision Insights, Inc.*

IT IS SO ORDERED this 11th day of May_____, 2022.

*Christopher J. Burke*
Magistrate Judge Christopher J. Burke

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety the Stipulated Protective Order

that was issued by the United States District Court for the District of Delaware in the case of *The*

*Nielsen Company (US), LLC v. TVision Insights, Inc.*, C.A. Nos. 1:21-cv-01592-CJB, 1:22-cv-

00057-CJB.  I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

[Experts reviewing source code only: I will be reviewing source code for the following

patent(s):_____.]


Date:  _____

City and State where sworn and signed:

_____

Printed name:  _____

Signature:  _____