IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC,<br>Plaintiff,<br>v.<br>TVISION INSIGHTS, INC.,<br>Defendant. | **Redacted - Public Version**<br>C.A. No. 22-057-CJB<br>[redacted] |
| THE NIELSEN COMPANY (US), LLC,<br>Plaintiff,<br>v.<br>TVISION INSIGHTS, INC.,<br>Defendant. | C.A. No. 22-1345-CJB |

**OPENING BRIEF IN SUPPORT OF THE MOTION OF TVISION INSIGHTS, INC. TO CONSOLIDATE CASE NOS. 22-057-CJB AND 22-1345-CJB FOR ALL PURPOSES AND FOR REFERRAL TO JUDGE ANDREWS FOR TRIAL WITH CASE NO. 23-1346-RGA**

OF COUNSEL:
Jason Xu
RIMÔN LAW P.C.
1990 K. Street, NW, Suite 420
Washington, DC 20006
(202) 470-2141

Eric C. Cohen
RIMÔN LAW P.C.
P.O. Box B113
150 Fayetteville St, Suite 2800
Raleigh, NC 27601-2960
(984) 960-2860

Michael F. Heafey
RIMÔN LAW P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA 94025
(650) 461-4433

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant TVision Insights, Inc.*

Dated: February 7, 2024

# TABLE OF CONTENTS


I. Nature and Stage of The Proceedings ..... 1

II. Summary of Argument ..... 2

III. Statement of Procedural History and facts ..... 2

A. Procedural History ..... 2

1. Cases no. 21-1592 and 22-057 ..... 3

a) Nielsen dismissed case no. 21-1592 ..... 4

b) Status of case no. 22-057 ..... 4

2. Case No. 22-1345 ..... 4

3. Case No. 23-1346 ..... 5

B. Statement of Facts ..... 5

IV. Argument ..... 8

A. Legal Standard ..... 8

B. Consolidation Is In The Interest of Justice And Judicial Economy ..... 8

1. The Parties in All Three Cases Are The Same ..... 9

2. Many Of The Witnesses Will Likely Be The Same ..... 10

3. Similar Aspects of the Same TVision Devices are at Issue ..... 10

C. Trying Three Cases Places An Undue Burden On TVision ..... 12

D. Nielsen Will Not Be Prejudiced By Any Delay ..... 12

V. Conclusion ..... 13

# TABLE OF AUTHORITIES

**Cases**

*A.V. Versace, Inc. v. Versace*, No. 96 Civ. 9721,
1998 WL 832692 (S.D.N.Y. Dec. 1, 1998) ........................................ 9

*Abbott Diabetes Care*,
2007 WL 2892707 (D. Del. Sept. 30, 2007) ........................................ 7

*Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*
579 F. Supp. 2d 554 (D. Del. 2008) ........................................ 11

*Apple Inc. v. Samsung Elecs. Co*.,
809 F.3d 633 (Fed. Cir. 2015) ........................................ 11

*Devlin v. Transp. Communc'n Int'l Union,*
175 F.3d 121 (2d. Cir. 1990) ........................................ 8

*Douglas Dynamics, LLC v. Buyers Prods. Co.*,
717 F.3d 1336 (Fed. Cir. 2013) ........................................ 11

*Griffin v. Illinois*,
351 U.S. 12 (1956) ........................................ 7

*In re Fuwei Films Sec. Litig*.,
247 F.R.D. 432 (S.D.N.Y. 2008) ........................................ 9

*In re Mock*,
398 Fed. Appx. 716 (3d Cir. Aug. 19, 2010) ........................................ 6

*Malibu Boats, LLC v. Kier's Choice, Inc.*,
2019 WL 6352653 (E.D. Tenn. Nov. 27, 2019) ........................................ 9

*Project Lifesaver Intern. v. JJCK, LLC*,
2011 WL 2619073 (D. Del. 2011) ........................................ 8

*Syngenta Seeds, Inc. v. Monsanto Co*.,
2004 WL 2002208 (D. Del. Aug. 27, 2004) ........................................ 7

*SZ DJI Tech. Co., Ltd. v. Autel Robotics, USA LLC*,
2018 WL 1316203 (D. Del. 2018) ........................................ 8

*TBC Consoles, Inc. v. Forecast Consoles, Inc*.,
2008 WL 3919197 (S.D.N.Y., Aug. 22, 2008) ........................................ 8, 9

*Trueposition Inc. v. Andrew Corp*.,
568 F. Supp. 2d 500 (D. Del. 2008) ........................................ 11

*United States v. Dentsply Int'l, Inc*.,
190 F.R.D. 140 (D. Del. 1999) ........................................ 6

**Rules**

Fed. R. Civ. P. 42(a) ........................................................................................................1, 6

## I. NATURE AND STAGE OF THE PROCEEDINGS

Pursuant to Fed. R. Civ. P. 42(a), Defendant, TVision Insights, Inc. (TVision) moves (i) to consolidate case nos. 22-057-CJB, 22-1345-CJB, and 23-1346-RGA for trial before Judge Andrews; and (ii) for Magistrate Judge Burke to preside over all pretrial matters for the consolidated cases, either by consent (for case nos. 22-057-CJB and 22-1345-CJB) or by referral (for case no. 23-1346-RGA).[1] The grounds for this motion are as follows:

1. TVision is an operating startup lacks the resources to pursue separate trials in these three actions, and therefore asks the Court to consolidate them into a single trial. [REDACTED] Simply put, TVision cannot afford to try these three cases separately in series. Further, Nielsen is a large company, with sales more than 1000 times the revenue of TVision. Nielsen has serially filed four separate patent infringement lawsuits cases against TVision (one has been dismissed), knowing that TVision lacks the resources to litigate three separate trials.

2. The parties are the same in each of the three cases. In each case, Plaintiff The Nielsen Company (US), LLC ("Nielsen") alleges that TVision infringes a single patent.

3. Nielsen alleges that each patent covers a different aspect of the same accused product.

4. TVision's witnesses will be the same in all three cases, and TVision expects that there will be significant overlap of Nielsen's witnesses in each of the three cases.

---

[1] On January 31, 2024, counsel for TVision filed a motion to consolidate case nos. 22-057-CJB, 22-1345-CJB, and 23-1346-RGA. Shortly thereafter, Judge Andrews' chambers notified counsel for TVision of certain issues with that motion, including that a single motion to consolidate was filed before two separate judges. In light of those issues, TVision requested that the Court remove the motion from the docket so that it can be adjusted. The parties have since determined that they cannot mutually agree to consent to jurisdiction before Magistrate Judge Burke. TVision now re-files its request as two separate motions, one in case nos. 22-047-CJB and 22-1345-CJB, and one in case no. 23-1346-RGA. TVision offers the same brief in support of both motions.

5. Each of the remaining three cases involves extensive overlapping facts and evidence, as demonstrated by the Nielsen's complaints and its recent expert reports in the 22-057-CJB action.

5.

As it stands currently, the 22-057-CJB case is set for trial in October 2024, the 22-1345-CJB case is set for trial in November 2025, and trial in the 23-1346-RGA case has not yet been scheduled. TVision proposes a single trial before Judge Andrews in the first quarter of 2026 for all three cases, and that the three consolidated cases be referred to or remain with Magistrate Judge Burke for all pretrial issues.

## II. SUMMARY OF ARGUMENT

1. A delay of the trial in case no. 22-057-CJB will not unfairly harm Nielsen because Nielsen does not practice the invention of the patent-in-suit and thus is not entitled to an injunction in the unlikely event that Nielsen prevails on the merits. Any injury to Nielsen can be repaired with monetary damages. On the other hand, if the cases are not consolidated, defending trials in three separate cases will impose an undue burden on TVision.

2. There is significant overlap of the factual issues in each case, as each of the cases involves a single patent relating to audience monitoring and different aspects of the same TVision Device is accused of infringement in each case.

3. There is also overlap between issues raised by Nielsen's damages report in this case and the counterclaims TVision has asserted in the 22-1345-CJB case (and in the 23-1346-RGA case after this court rules on the motion to dismiss in the 22-1345-CJB case).

## III. STATEMENT OF PROCEDURAL HISTORY AND FACTS

### A. Procedural History

Plaintiff, The Nielsen Company (US) LLC ("Nielsen") has filed four separate patent infringement actions against TVision. The chronology is set forth below:

- November 10, 2021 – C.A. No. 21-1592, alleging infringement of U.S. Pat. Nos. 9,020,189 (“the ’189 patent”) and 8,302,120 (“the ’120 patent”);
- January 14, 2022 – C.A. No. 22-057-CJB, alleging infringement of U.S. Pat. No. 7,783,889 (“the ’889 patent”);
- October 12, 2022 – C.A. No. 22-1345-CJB, alleging infringement of U.S. Pat No. 11,470,243 (“the ’243 patent”);
- November 22, 2023 – C.A. No. 23-1346-RGA, alleging infringement of U.S. Pat. No. 11,798,030 (“the ’030 patent”).

**1. Cases nos. 21-1592 and 22-057-CJB**

The parties consented to Magistrate Judge Burke in both of these cases. On May 16, 2022, the parties agreed to “attempt to have both cases follow the same schedule to the extent possible. Case 21-1592, D.I. 31 at 1. The parties agreed to “wait to begin general fact discovery until the end of August 2022” in case 22-057-CJB to “give Nielsen time to seek discovery from foreign third party ACRCloud, Ltd. (“ACRCloud”). . . .” *Id.* at 2. The parties explained,

> Nielsen’s complaint alleges that “TVision uses ACRCloud software to perform ACR,” or automatic content recognition. Compl. ¶ 36. Discovery regarding this “ACRCloud software” will be necessary for the case. ACRCloud, Ltd. is a third-party software vendor based in China. * * * TVision indicated that it does not possess information regarding how the ACRCloud software generates signatures of audio content streams, and that it does not believe that ACRCloud will provide its confidential technical information absent legal process. TVision also indicated that it does not have the authority to demand documents from ACRCloud. Accordingly, it is contemplated that such information might have to be obtained from ACRCloud through the Hague Evidence Convention.
>
> If it is indeed the case that this information must be obtained via the Hague Evidence Convention, then it is possible that Nielsen will not have sufficient information to be able to provide initial infringement contentions by September 8, 2022 (the date currently set forth in the parties’ proposed schedule). If that is the case, the parties agree to meet and confer regarding modifying the schedule with respect to this patent.

*Id.* This Court entered scheduling orders in case 21-1592 and case 22-057-CJB with substantially the same dates. C.A. No. 21-1592, D.I. 32 and 22-057-CJB, D.I. 24, with a trial set for October 7, 2024.

**a) Nielsen dismissed case no. 21-1592**

On June 7, 2022, Nielsen voluntarily dismissed its infringement action with respect to the '120 patent in case 21-1592. D.I. 38. On August 16, 2023, the parties filed a stipulation of dismissal with prejudice of case 21-1592. D.I. 142.

**b) Status of case no. 22-057-CJB**

Pursuant to the revised scheduling order (case 22-057-CJB, D.I. 128), opening expert reports were served on October 25, 2023, responsive reports were served on November 21, 2023, and reply reports were served on December 15, 2023. Dispositive motions and Daubert motions are due on March 8, 2024. Trial is set for October 7, 2024.

**2. Case No. 22-1345-CJB**

Nielsen filed this case on October 12, 2022. The '243 patent-in-suit issued the day before this suit was filed on October 11, 2022. The '243 patent is the latest of a series of a continuation applications, the earliest of which was filed in 2011. The application that resulted in the issuance of the '243 patent was fast-tracked by Nielsen through the examination process, during which Nielsen failed to disclose its own, highly relevant prior art.

The parties consented to Magistrate Judge Burke in this case. On January 24, 2023, this Court entered a scheduling order in the 22-1345-CJB case, setting trial for November 3, 2025. D.I. 17. On the same date, this Court recognized that depositions should be limited because, "Defendant persuasively points out that there will be significant amount of overlap with respect to discovery in this case and the prior two cases involving the same parties and the same accused systems. . . ." D.I. 18.

On February 8, 2023, TVision filed an Amended Answer, alleging that the '243 patent-in-suit was obtained through inequitable conduct because Nielsen failed to disclose its own

highly relevant prior art to the USPTO. D.I. ___. Nielsen moved to strike the inequitable conduct defense (D.I. 29), and on June 7, 2023 the Court entered an order denying Nielsen's motion to strike the inequitable conduct defense. D.I. 49.

On October 13, 2023, TVision filed an Amended Answer and Counterclaim for violation of the antitrust laws, among other things. D.I. 68. Nielsen's motion to dismiss TVision's counterclaim (D.I. 76) is pending. (D.I. 77, 80, 84).

On February ___, 2024, TVision moved to stay Nielsen's patent claims in the '243 case pending the final written decision of the PTAB in an inter partes review (IPR) proceeding challenging the patentability of the '243 patent based on the same prior art that Nielsen withheld from the examiner during prosecution. In its motion, TVision advised Magistrate Judge Burke that the PTAB had stated in its decision instituting the IPR trial that it is "highly likely" that each of the challenged patent claims is unpatentable.

**3. Case No. 23-1346-RGA**

Nielsen filed this case on November 22, 2023. TVision filed its Answer on January 31, 2024. The Court has not yet issued a scheduling order in this action. To avoid unnecessary and duplicative motion practice in case 23-1346-RGA, TVision did not file a counterclaim with its Answer in this case because Magistrate Judge Burke's decision on the pending motion to dismiss the counterclaim in the 22-1345-CJB case will inform the scope and content of any counterclaim filed in this case.

**B. Statement of Facts**

Each of the three cases involves a single patent related to audience monitoring. The 22-057-CJB action involves U.S. Pat. No. 7,783,889 ("the '889 patent"), which is directed to generating signatures for audio content monitored by audience monitoring devices. C.A. No. 22-057-CJB, D.I. 1 ¶ 12. The 22-1345-CJB action involves U.S. Pat. No. 11,470,243 ("the '243 patent"), which is directed towards generating audio and facial signatures in similar devices.

C.A. No. 22-1345-CJB, D.I. 1 ¶ 13. Finally, the 23-1346-RGA case involves U.S. Pat. No. 11,798,030 ("the '030 patent"), which is again directed to identifying media content using a signature. C.A. No. 22-1346, D.I. 1 ¶ 14.

Likewise, each of the three cases involve the same activity by TVision and the same core accused products. In each case, Nielsen alleges that TVision "is a data and analytics company that measures how people watch TV . . . [and has] become the 'go-to-choice' for Nielsen's measurement rivals . . . by providing panel measurement data to them to compete directly with Nielsen's products and service offerings. [TVision] collects data from a panel of TV viewers that opt-in to be part of the panel." C.A. No. 22-057-CJB, D.I. 1, ¶ 27; C.A. No. 22-1345-CJB ¶ 40; C.A. No. 23-1346-RGA, ¶ 34-35. TVision's "Infringing Apparatus [System] . . . includes a device that [TVision] places in each of its panelists' homes ('the Device'). *Id.* C.A. No. 22-057-CJB, ¶ 31; case 1345 ¶ 46; case 1346 ¶¶ 36-41(describing a "TVision meter that monitors media content"). The local processor of the device "can create a fingerprint of the audio data and use the fingerprint to query a third-party application programming interface (API), which responds to the query with an identification of the video associated with the audio data." C.A. No. 22-057-CJB ¶ 35; case 1345 ¶ 47; case 1346 ¶ 43 (referring to the TVision meter collecting "audio fingerprints).

Nielsen claims in all three cases that using this Device enables TVision to "identify the content being watched [and] also determines and reports '[w]hich individuals are in the room' and '[i]f they're paying attention to the TV.'" C.A. No. 22-1345-CJB, ¶ 48; C.A. 23-1346-RGA, ¶ 42 (referring to the use of a webcam to detect who is watching TV). "The Infringing System . . . includes a webcam" (C.A. No. 22-1345-CJB, ¶ 49, images from which are used "to detect a user's head" (C.A. No. 22-1345-CJB ¶ 50) "to determine a head pose of the detected head" (C.A. No. 22-1345-CJB ¶51) "to compute whether or not somebody is paying attention"). C.A. No. 22-1345-CJB, ¶ 52. *See also,* C.A. No. 23-1346-RGA, ¶¶ 42-44.

In the 22-1345-CJB action, TVision asserted a *Walker Process* counterclaim alleging anti-competitive activity by Nielsen, including . After this Court rules on Nielsen's motion to dismiss the antitrust counterclaim in the 22-1345-CJB action, TVision expects to move to amend to assert the same counterclaim in the most recent action, C.A. No. 23-1346-RGA. Likewise, in the 22-057-CJB action, Nielsen's damages expert has argued that .



The 22-057-CJB case is set for trial on October 7, 2024. Trial in case 22-1345-CJB is set for November 2025, and trial in civil action no. 23-1346-RGA has not yet been set. The patent at issue in civil action no. 22-1345-CJB is also subject to an IPR, which the PTAB instituted earlier this month, as set forth in TVision's co-pending motion to stay.

TVision respectfully requests that the Court vacate the trial dates for cases no. 22-057-CJB and 22-1345-CJB, and set a new trial date for all three cases for first quarter of 2026. A trial in first quarter of 2026 will provide time to complete pretrial proceedings in all cases, and it will provide ample time to complete discovery, claim construction, and summary judgment if the '243 patent at issue in the 22-1345-CJB case survives the final written decision of the Patent Trial and Appeal Board, which is due on January 8, 2025.

Nielsen will not be harmed by a delay of the trial in this case because case law dictates that Nielsen, which doesn't compete directly with TVision, should not be entitled to an injunction. Monetary damages will be sufficient to alleviate any harm to Nielsen. On the other hand, TVision is a tiny company compared with

Nielsen, and the expense of trying three cases will severely harm TVision. Ex. 1, Decl. of Yan Liu, ¶¶ 6-9.

As noted above, the parties have consented to Magistrate Judge Burke to preside over the three lawsuits Nielsen filed against TVision before case 23-1346-RGA. The parties in *The Nielsen Company (US), LLC v. ACRCloud, Ltd.*, C.A. No. 22-1344 (D. Del. 2022) have also consented to Magistrate Judge Burke for all purposes. *Id.* D.I. 20. In addition, the parties in *The Nielsen Company (US), LLC v. HyphaMetrics, Inc.*, Case No. 23-cv-532 (D. Del. 2023) has been assigned by Judge Williams to Magistrate Judge Burke for all pretrial matters. *Id.*, D.I. 9.

## IV. ARGUMENT

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate two actions if they "involve a common question of law or fact." A district court has broad discretion to determine whether to consolidate eases. *See In re Mock*, 398 Fed. Appx. 716 (3d Cir. Aug. 19, 2010); *United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 142–43 (D. Del. 1999). In answering the question of whether to consolidate cases, courts often balance the considerations of "efficiency, expense, and fairness." *Abbott Diabetes Care*, 2007 WL 2892707, at *3 (D. Del. Sept. 30, 2007); *Syngenta Seeds, Inc. v. Monsanto Co.*, 2004 WL 2002208, at *1 (D. Del. Aug. 27, 2004) (same).

### B. Consolidation Is In The Interest of Justice And Judicial Economy

Combining the three remaining Nielsen lawsuits against TVision is in the interest of justice and judicial economy and will promote efficiency, lower expenses, and be fair. First, as this Court has recognized, there is a "significant amount of overlap with respect to discovery in this case and the prior two cases involving the same parties and the same accused systems. . . ." Case no. 22-1345-CJB, D.I. 18.

Unfettered by cost concerns, Nielsen has filed four separate patent infringement actions against TVision. *See, infra.* [REDACTED] consolidating these three cases is in the interests of "efficiency, expense and fairness." Consolidating the three cases will level the playing field between Nielsen and TVision and make it possible for TVision to fully defend Nielsen's patent litigation on the merits. *See Griffin v. Illinois*, 351 U.S. 12, 19 (1956) ("there can be no equal justice where the kind of a trial a man gets depends on the amount of money he has"). Consolidation will further save judicial resources by having a single jury decide issues that are common to all three cases. Consolidation will level the playing field by allowing TVision to defend these cases on their merits instead of allowing Nielsen to bury TVision in litigation costs, which, alone, may be too much for TVision to bear. Indeed, it appears that Nielsen's strategy is to drive TVision out of business through litigation expenses, which was addressed in TVision's antitrust counterclaims in case no. 22-1345-CJB, and should not be rewarded. "Consolidation is a 'valuable and important tool of judicial administration' that should be 'invoked to expedite trial and eliminate unnecessary repetition and confusion.'" *TBC Consoles, Inc. v. Forecast Consoles, Inc.*, 2008 WL 3919197 at *1 (S.D.N.Y., Aug. 22, 2008), citing *Devlin v. Transp. Communc'n Int'l Union,* 175 F.3d 121, 130 (2d. Cir. 1990). "In exercising its discretion, a court should 'consider both equity and judicial economy.'" *Id.*

**1. The Parties in All Three Cases Are The Same**

Plaintiff in all three actions is The Nielsen Company (US), LLC, a company with reported $3.5 billion in revenues for fiscal year 2021.[2] Defendant in all three actions, TVision, is a small startup company, with sales that are less than 1% of Nielsen's sales. Liu Decl. ¶ 5.

[2] Nielsen Holdings plc's Form 10-K Report, https://www.sec.gov/ix?doc=/Archives/edgar/data/1492633/000156459022007612/nlsnnv-10k_20211231.htm#Item_8

Thus, the parties are the same and consolidation makes sense for that reason. *See Project Lifesaver Intern. v. JJCK, LLC*, 2011 WL 2619073 (D. Del. 2011) (consolidation ordered where the parties were the same).

**2. Many Of The Witnesses Will Likely Be The Same**

Moreover, many of the same witnesses will testify in each case. Liu Decl. ¶ 6 (identifying four key TVision witnesses who will likely testify in each case). *Project Lifesaver*, 2011 WL 2619073 at *1. It would be unfair and prejudicial to disrupt TVision's operations further by having many of the same witnesses appear to offer essentially the same testimony in three separate trials.

**3. Similar Aspects of the Same TVision Devices are at Issue**

In the three currently pending lawsuits, Nielsen's patents allegedly cover various aspects of the same accused TVision products. *See SZ DJI Tech. Co., Ltd. v. Autel Robotics, USA LLC*, 2018 WL 1316203 (D. Del. 2018) (consolidating cases where the parties were the same and "the accused products are identical"). To wit, in case 22-057-CJB, Nielsen alleges that the '889 patent is infringed by the method TVision's accused Device uses to create a "fingerprint" or "signature" used to identify the media segment that a viewer is watching. Case no. 22-057-CJB, D.I. 1 ¶ 55 ("processor 150 can create a fingerprint of the audio data"). In case 22-1345-CJB, Nielsen alleges that TVision's accused device "can create a fingerprint of the audio data." Case no. 22-1345-CJB, D.I. 1 ¶ 47. In case no. 23-1346-RGA, Nielsen asserts infringement of claims of the '030 patent that recite a "fingerprint" and the Complaint recites that the "TVision meter uses audio fingerprinting to identify what program or commercial is on television." Case no. 23-1246, D.I. 1, ¶ 41.

Only one jury should be required to hear about Nielsen's business and TVision's accused products, which are the same in all three cases. In all three cases, Nielsen will inevitably describe its business of providing "ratings," which involve placing devices in

consenting consumer homes to measure consumer media viewing habits. The jury will hear that Nielsen uses data collected from these consumers. In all three cases, the jury will hear evidence about TVision's business and its accused in-home meter. There is no reason to force three separate juries to re-hear these facts, or to force TVision to present (or cross examine) the same witnesses three times to elicit the same facts.

That the three actions "do not involve identical claims [or] patents . . . does not preclude consolidation." *TBC Consoles,* 2008 WL 3919197 at *1. *See also*, *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (collecting cases) (consolidating actions that asserted claims under the same statute and stemmed from the same dispute despite the fact that one action involved additional defendants and "contain[ed] slightly different facts and legal issues"); *A.V. Versace, Inc. v. Versace*, No. 96 Civ. 9721, 1998 WL 832692, at *3 n. 1 (S.D.N.Y. Dec. 1, 1998) (finding consolidation appropriate despite some differences in actions where there were many common questions of law and fact)*; Malibu Boats, LLC v. Kier's Choice, Inc.*, 2019 WL 6352653 (E.D. Tenn. Nov. 27, 2019) (consolidating two patent cases, ordering consolidation where the parties were the same, finding that "the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits weighs in favor of consolidation").

The expert reports in the 22-057-CJB action are another example of the extent of the factual overlap in these cases. [REDACTED] Those same allegations, however, form part of the basis of TVision's anti-trust complaint in the 22-1345-CJB action (and, in the future, in the 23-1346-RGA action). See Case 22-1345-CJB, D.I. 68, ¶¶23-24. The most efficient way to resolve these disputes

would be educate a single jury in a single trial, rather than presenting the same facts three times in three separate trials.

The patents in the three Nielsen lawsuits each purportedly cover a part of TVision's audience measurement system. Combining the remaining discovery and trial of the three cases is likewise in the interest of justice.

### C. Trying Three Cases Places An Undue Burden On TVision

TVision is a small company, which will be unduly burdened by having to try three cases, each of which involves a patent that covers a part of TVision's audience attention measurement system. Liu Decl. ¶¶ 5-9. [redacted] The expense of three trials would irreparably harm TVision by draining TVision's limited financial resources and tying up its most important personnel in three trials, instead of one. *Id.* ¶ 9. TVision is an operating startup lacks the resources to pursue separate trials in these three actions, and therefore asks the Court to consolidate them into a single trial. [redacted] Simply put, TVision cannot afford to try these three cases separately in series.

### D. Nielsen Will Not Be Prejudiced By Any Delay

Nielsen has advised TVision that it would oppose this motion, claiming it would unduly delay the trial in this case. Nielsen's concern is unwarranted. First, because Nielsen has admitted that [redacted] and second, because TVision is not a direct competitor of Nielsen (Liu Decl. ¶ 4), *see also*, case 22-1345-CJB, D.I. 68 ¶¶ 18-21 (alleging that TVision collects panel data that measure whether consumers pay attention to media and sells that data to Nielsen's competitors VideoAmp and iSpot). Nielsen should not be entitled to

an injunction, even in the unlikely event that it were to prevail on the merits in this case. "Courts awarding permanent injunctions typically do so under circumstances where plaintiff practices is invention and is a direct market competitor." *Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.* 579 F. Supp. 2d 554, 558 (D. Del. 2008); *Trueposition Inc. v. Andrew Corp.*, 568 F. Supp. 2d 500, 531 (D. Del. 2008). When a plaintiff practices its invention and is "in competition against [the defendant], the patentee suffers the harm-often irreparable-of being forced to compete against products that incorporate and infringe its own patented invention." *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013). [REDACTED] Thus, a delay in the trial will not harm Nielsen.

Further, a combined trial will involve only three patents. This Court's history demonstrates that juries are capable of deciding trials involving multiple patents. Thus, a single case involving three patents is in the interest of "efficiency, expense and fairness."

### E. The Cases Should Be Consolidated For Pretrial Matters Before Magistrate Judge Burke

TVision suggests that Magistrate Judge Burke, who is familiar with the parties and generally familiar with the technology at issue from prior rulings, should preside over all pretrial issues in these consolidated cases, and that this Court should set a trial date for a combined trial of all three cases for the first quarter of 2026.

## V. CONCLUSION

For the reasons set forth above, TVision respectfully submits that its motion to consolidate should be granted.

Respectfully submitted,

/s/ *Andrew E. Russell*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant TVision Insights, Inc.*

OF COUNSEL:
Jason Xu
RIMÔN LAW P.C.
1990 K. Street, NW, Suite 420
Washington, DC 20006
(202) 470-2141

Eric C. Cohen
RIMÔN LAW P.C.
P.O. Box B113
150 Fayetteville St, Suite 2800
Raleigh, NC 27601-2960
(984) 960-2860

Michael F. Heafey
RIMÔN LAW P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA 94025
(650) 461-4433

Dated: February 7, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2024, this document was served on the persons listed below in the manner indicated:

**BY EMAIL:**

David E. Moore
Andrew L. Brown
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
dmoore@potteranderson.com
abrown@potteranderson.com
bpalapura@potteranderson.com

Clifford Katz
Malavika Rao
Jolie Brett Schenerman
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
(212) 808-7800
ckatz@kelleydrye.com
mrao@kelleydrye.com
jschenerman@kelleydrye.com

Steven Yovits
Constantine Koutsoubas
Mel W. Gaddy
Jason P. Greenhut
Douglas Lewis
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
(312) 857-7070
syovits@kelleydrye.com
ckoutsoubas@kelleydrye.com
mgaddy@kelleydrye.com
jgreenhut@kelleydrye.com
dlewis@kelleydrye.com

Joshua B. Long
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd. Suite 900
Houston, TX 77027
(713) 355-5054
jlong@kelleydrye.com

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

# EXHIBIT 1

CONFIDENTIAL - ATTORNEYS' EYES ONLY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC,<br><br>Plaintiff,<br><br>v.<br><br>TVISION INSIGHTS, INC.,<br><br>Defendant. | ) | C.A. No. 22-0057-CJB |
| THE NIELSEN COMPANY (US), LLC,<br><br>Plaintiff,<br><br>v.<br><br>TVISION INSIGHTS, INC.,<br><br>Defendant. | ) | C.A. No. 22-1345-CJB |
| THE NIELSEN COMPANY (US), LLC,<br><br>Plaintiff,<br><br>v.<br><br>TVISION INSIGHTS, INC.,<br><br>Defendant. | ) | C.A. No. 23-1346-CJB |

**DECLARATION OF YAN LIU**

I, Yan Liu, declare under penalty of perjury as follows:

1. I am a co-founder and CEO of Defendant TVision Insights, Inc. (TVision). I have personal knowledge of the statements set forth below. I hold a B.A. in industrial engineering from the Tokyo Institute of Technology, a degree in cost accounting from Hitotsubashi University, and an MBA in entrepreneurship and Innovation from the MIT Sloan School of Management.

2. TVision was co-founded in 2014 by myself and another MIT graduate. TVision developed a system for measuring whether home viewers are paying attention to media in their home. The system includes devices (including a meter, webcam and software) placed in a TV viewer's home. The collection of homes in which TVision's devices are placed is called a "panel."

3. TVision collects data from its devices, processes that data, and sells the data to companies such as [redacted]

4. TVision does not compete with Nielsen for sales of data to media companies such as TV networks, cable companies, or other media companies. Rather, TVision understands that [redacted] may compete with Nielsen in that market.

5. TVision's gross revenues and Net Profits/Losses for each of the years 2020, 2021, 2022 and 2023 are shown in the table below:

| [redacted] | [redacted] | [redacted] |
|---|---|---|
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |

6. [redacted] Given my understanding of the issues in the three Nielsen lawsuits, it is likely that both I and Inderbir Sidhu, TVision's Chief Technical Officer, will attend and testify at each trial, along with TVision's current CFO, Schlomo Neuman, and Tristan Webster, TVision's chief product officer.

7. [REDACTED]

8. TVision believes that it will prevail on each of the lawsuits filed against it by Nielsen. TVision could afford to defend a single trial with the three asserted patents; it cannot afford to defend three trials with the same number of patents.

9. Continuing the three lawsuits as separate lawsuits with separate trials will, in my opinion, irreparably harm TVision by tying up key personnel in three separate trials, and by draining scarce financial resources in each of the next three years for those trials, which will likely prevent TVision from expanding or even maintaining its current level of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 29, 2024

Yan Liu