## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) |
| Plaintiff, | ) C.A. No. 22-57-CJB |
| v. | ) **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., | ) |
| Defendant. | ) |

**NIELSEN'S RESPONSES TO TVISION'S CONCISE STATEMENT OF FACTS**

1. Nielsen does not dispute that it accuses TVision of infringing the listed claims of the '889 Patent. TVision references no record evidence in support of this supposed statement of fact.

2. Nielsen does not dispute that the asserted claims comprise the three independent claims as listed and eleven dependent claims. The referenced evidence does not show what claims Nielsen asserts against TVision.

3. Nielsen does not dispute that the language of claim 1 is recited accurately. The referenced evidence does not show that Nielsen asserts claim 1 against TVision.

4. Nielsen does not dispute that the language of claim 2 is recited accurately. The referenced evidence does not show that Nielsen asserts claim 2 against TVision.

5. Nielsen does not dispute that the language of claim 4 is recited accurately. The referenced evidence does not show that Nielsen asserts claim 4 against TVision.

6. Nielsen does not dispute that the language of claim 5 is recited accurately. The referenced evidence does not show that Nielsen asserts claim 5 against TVision.

7. Disputed. Asserted dependent claim 6, recites: "6. A method as defined in claim 1, wherein the second descriptor is of the second frame of media samples." D.I. 1 ¶44; D.I. 1-1 at

26:43-44. The referenced evidence does not show that Nielsen asserts claim 6 against TVision.

8. Nielsen does not dispute that the language of claim 8 is recited accurately. The referenced evidence does not show that Nielsen asserts claim 8 against TVision.

9. Nielsen does not dispute that the language of claim 9 is recited accurately. The referenced evidence does not show that Nielsen asserts claim 9 against TVision.

10. Nielsen does not dispute that the language of claim 11 is recited accurately. The referenced evidence does not show that Nielsen asserts claim 11 against TVision.

11. Nielsen does not dispute that claim 12 is recited accurately. The referenced evidence does not show that Nielsen asserts claim 12 against TVision.

12. Nielsen does not dispute that the language of claim 13 is recited accurately. The referenced evidence does not show that Nielsen asserts claim 13 against TVision.

13. Nielsen does not dispute that the language of claim 14 is recited accurately. The referenced evidence does not show that Nielsen asserts claim 14 against TVision.

14. Nielsen does not dispute that the language of claim 15 is recited accurately. The referenced evidence does not show that Nielsen asserts claim 15 against TVision.

15. Nielsen does not dispute that the language of claim 16 is recited accurately. The referenced evidence does not show that Nielsen asserts claim 16 against TVision.

16. TVision incorrectly labels dependent claim 17 as claim 16, but Nielsen does not otherwise dispute that the language of claim 17 is recited accurately. The referenced evidence does not show that Nielsen asserts claim 17 against TVision.

OF COUNSEL:

Steven Yovits
Douglas Lewis
Constantine Koutsoubas
Jason P. Greenhut
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
Jolie Schenerman
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800

Dated: April 9, 2024
11438239 / 14944.00004

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Andrew L. Brown (#6766)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    abrown@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company (US), LLC*