IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TVISION INSIGHTS, INC., ) <br> ) <br> Defendant. ) | C.A. No. 22-057-CJB |

**TVISION INSIGHTS, INC.'S RESPONSE TO PLAINTIFF THE
NIELSEN COMPANY (US), LLC'S CONCISE STATEMENT OF FACTS
IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

OF COUNSEL:
Jason Xu
RIMÔN LAW P.C.
1990 K. Street, NW, Suite 420
Washington, DC 20006
(202) 470-2141

Eric C. Cohen
RIMÔN LAW P.C.
P.O. Box B113
150 Fayetteville St, Suite 2800
Raleigh, NC 27601-2960
(984) 960-2860

Michael F. Heafey
RIMÔN LAW P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA 94025
(650) 461-4433

Dated: April 9, 2024

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

1. Cheung, U.S. Patent No. 8,468,183 ("the Cheung reference" or "the '183 patent") was filed on February 16, 2005 from a provisional application filed on February 26, 2004.

**Response: Undisputed.**

2. The patent in suit, U.S. Patent No. 7,783,889 ("the '889 patent"), was filed on February 19, 2007, as a continuation of application No. PCT/US2005/029623, filed on August 18, 2005.

**Response: Undisputed.**

3. The '889 patent is entitled to a priority date of February 26, 2004, the filing data of the provisional patent application to which it claims priority, Provisional Application No. 60/603,024.

**Response: Disputed.** A patent is only entitled to claim the benefit of the filing date of its provisional application if the disclosure of the provisional application provides support for the claims in the reference patent in compliance with § 112, ¶ 1. Nielsen has not met its burden to prove that the provisional application that led to the '889 patent provides support for the claims in that patent under § 112, ¶ 1. None of the evidence Nielsen lists in its Concise Statement of Facts (CSOFs) meets that burden. Thus, there is a dispute regarding whether the '889 patent is entitled to a priority date of February 26, 2004. The dispute is material because if the '889 patent is not entitled to the priority date of February 26, 2004, the Cheung reference would be prior art to the '889 patent under not only 35 U.S.C. § 102(e) but also 35 U.S.C. § 102(a).

|  |  |
|---|---|
| OF COUNSEL:<br>Jason Xu<br>RIMÔN LAW P.C.<br>1990 K. Street, NW, Suite 420<br>Washington, DC 20006<br>(202) 470-2141<br><br>Eric C. Cohen<br>RIMÔN LAW P.C.<br>P.O. Box B113<br>150 Fayetteville St, Suite 2800<br>Raleigh, NC 27601-2960<br>(984) 960-2860<br><br>Michael F. Heafey<br>RIMÔN LAW P.C.<br>800 Oak Grove Avenue, Suite 250<br>Menlo Park, CA 94025<br>(650) 461-4433<br><br>Dated: April 9, 2024 | */s/ Andrew E. Russell*<br>John W. Shaw (No. 3362)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendant* |

2