IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 22-057-CJB |
| v. ) | |
| ) | |
| TVISION INSIGHTS, INC., ) | |
| ) | |
| Defendant. ) | |

**TVISION INSIGHTS, INC.'S RESPONSE TO
THE NIELSEN COMPANY (US), LLC'S ADDITIONAL FACTS
IN OPPOSITION TO TVISION'S MOTION FOR SUMMARY JUDGMENT**

OF COUNSEL:
Jason Xu
RIMÔN LAW P.C.
1990 K. Street, NW, Suite 420
Washington, DC 20006
(202) 470-2141

Eric C. Cohen
RIMÔN LAW P.C.
P.O. Box B113
150 Fayetteville St, Suite 2800
Raleigh, NC 27601-2960
(984) 960-2860

Michael F. Heafey
RIMÔN LAW P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA 94025
(650) 461-4433

Dated: April 26, 2024

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

TVision responds to Nielsen's "Additional Facts[1]" (D.I. 203 ¶¶1-28) as set forth below. This response is supported by TVison's concurrently filed Reply Brief in Support of Its Motion for Summary Judgment ("Reply"), which further sets forth TVision's explanations and bases for responding to Nielsen's "facts."

1-2. Undisputed that the cited lines include the quoted language, but immaterial.

3. Disputed and immaterial. Nielsen merely cited to its own expert's conclusory statement in support of its claim that "it was not well-understood, routine, or conventional among those of skill in the art to generate digital spectral signatures using operations based on a small number of frequency components computed from individual frames of media samples." Although Nielsen's expert discusses some prior art, he ignores other prior art that shows the recited was already known beforehand. However, these "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

4. Disputed and immaterial. Nielsen cites to no record evidence but its own expert's conclusory statement in support of this supposed statement of fact. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

5. Disputed and immaterial. Nielsen cites to no record evidence but its own expert's conclusory statement in support of this supposed statement of fact. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

6. Disputed and immaterial. Nielsen cites to no record evidence but its own expert's conclusory statement in support of this supposed statement of fact. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

7. Disputed and immaterial. Nielsen cites to no record evidence but its own

---

[1] The Scheduling Order in this action states that "The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed **four pages**, . . . ." D.I. 24 at 15 (emphasis added). Local Rule 5.1.1 requires "all pleadings, motions, and other papers presented for filing" to be double spaced. Nielsen's additional facts are not double spaced, as required, but instead use single space spacing to be under the four page limit.

expert's conclusory statement in support of this supposed statement of fact. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

8. Disputed and immaterial. Nielsen cites to no record evidence but its own expert's conclusory statement in support of this supposed statement of fact. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

9. Undisputed that the cited lines include the quoted language, but immaterial.

10. Disputed and immaterial. Nielsen cites to no record evidence but its own expert's conclusory statement in support of this supposed statement of fact. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

11. Undisputed and immaterial. This supposed statement of fact is not a material fact for the purpose of TVision's summary judgment because any "improve[ments] on prior art" are irrelevant to determinate patent ineligibility under 35 U.S.C. § 101. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

12. Disputed and immaterial. The asserted claims recite claim elements different from the "facts" provided from Nielsen. *See* '889 patent, claims 1, 8, and 14. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 4-5.

13. Disputed and immaterial. Nielsen cites to no record evidence but its own expert's conclusory statement in support of this supposed statement of fact. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

14-15. Undisputed that the cited lines include the quoted language, but immaterial.

16. Disputed and immaterial. Nielsen cites to no record evidence but its own expert's conclusory statement in support of this supposed statement of fact. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

17. Disputed and immaterial. Nielsen cites to no record evidence but its own expert's conclusory statement in support of this supposed statement of fact. These "facts" are

immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

18. Disputed and immaterial. Nielsen cites to no record evidence but its own expert's conclusory statement in support of this supposed statement of fact. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

19. Disputed and immaterial. Nielsen cites to no record evidence but its own expert's conclusory statement in support of this supposed statement of fact. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

20. Undisputed that the cited lines include the quoted language, but immaterial.

21-22. Undisputed that the cited lines include the quoted language. Disputed that the "facts" include the complete cited lines because they use symbols, such as "…" and "[]." These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101.

23. Disputed and immaterial. Nielsen cites to no record evidence but its own expert's conclusory statement in support of this supposed statement of fact. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

24. Disputed and immaterial. Nielsen cites to no record evidence but its own expert's conclusory statement in support of this supposed statement of fact. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 1, 4, 7, 8, 10.

25 Undisputed that the cited lines include the quoted language. Disputed that the "facts" accurately reflect the causation as portrayed because the patent specification lacks such information. These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101. *See* Reply at 7.

26. Undisputed that the cited lines include the quoted language. Disputed that the "facts" include the complete cited lines because they use symbols, such as "…" and "[]." These "facts" are immaterial to the issue of patent ineligibility under 35 U.S.C. §101.

27. Disputed and immaterial. Nielsen's citation does not support this supposed

statement of fact, which is not a material fact for the purpose of TVision's summary judgment. *See* Reply at 1, 4, 7, 8, 10.

28.  Disputed and immaterial. Nielsen cites to no record evidence but its own expert's conclusory statement in support of this supposed statement of fact. *See* Reply at 1, 4, 7, 8, 10. Nielsen merely discusses a few prior art references and thus cannot support its statement that "[p]rior art methods of generating digital spectral signals relied **heavily** on interframe processing." (emphasis added).

|  |  |
|---|---|
| | */s/ Nathan R. Hoeschen* |
| | John W. Shaw (No. 3362) |
| | Andrew E. Russell (No. 5382) |
| OF COUNSEL: | Nathan R. Hoeschen (No. 6232) |
| Jason Xu | SHAW KELLER LLP |
| RIMÔN LAW P.C. | I.M. Pei Building |
| 1990 K. Street, NW, Suite 420 | 1105 North Market Street, 12th Floor |
| Washington, DC 20006 | Wilmington, DE 19801 |
| (202) 470-2141 | (302) 298-0700 |
| | jshaw@shawkeller.com |
| Eric C. Cohen | arussell@shawkeller.com |
| RIMÔN LAW P.C. | nhoeschen@shawkeller.com |
| P.O. Box B113 | *Attorneys for Defendant* |
| 150 Fayetteville St, Suite 2800 | |
| Raleigh, NC 27601-2960 | |
| (984) 960-2860 | |

Michael F. Heafey
RIMÔN LAW P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA 94025
(650) 461-4433

Dated: April 26, 2024

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2024, this document was served on the persons listed below in the manner indicated:

**BY EMAIL:**

David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
(212) 808-7800
ckatz@kelleydrye.com

Joshua B. Long
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd. Suite 900
Houston, TX 77027
(713) 355-5054
jlong@kelleydrye.com

Steven Yovits
Constantine Koutsoubas
Jason P. Greenhut
Douglas Lewis
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
(312) 857-7070
syovits@kelleydrye.com
ckoutsoubas@kelleydrye.com
jgreenhut@kelleydrye.com
dlewis@kelleydrye.com

Matthew Chakmakian
KELLEY DRYE & WARREN LLP
One Jefferson Road 2nd Floor
Parsippany, NJ 07054
(973) 503-5900
mchakmakian@kelleydrye.com

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*