IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC<br><br>   *Plaintiff*,<br><br>   v.<br><br>TVISION INSIGHTS, INC.,<br><br>   *Defendant*. | C.A. No. 22-57-CJB<br><br>**PUBLIC VERSION** |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM DAVID E. MOORE REGARDING MOTION TO ENFORCE THE SCHEDULING ORDER**

OF COUNSEL:

Steven Yovits
Douglas Lewis
Constantine Koutsoubas
Jason P. Greenhut
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
Jolie Schenerman
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800

Dated: May 6, 2024
11489729/ 14944.00004
PUBLIC VERSION
Dated: May 13, 2024

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company (US), LLC*

Dear Judge Burke:

Plaintiff The Nielsen Company (US), LLC ("Nielsen") respectfully moves to enforce the Scheduling Order (D.I. 24) by precluding TVision from amending its Initial Disclosures at this late stage to include Lei Wang, CEO of TVision's software supplier ACRCloud Ltd.[1]

TVision amended its Initial Disclosures on March 14, 2024. This is its ***second*** attempt to insert ACRCloud into this litigation after the September 11, 2023 close of fact discovery. As to the first attempt, the Court already rejected TVision's efforts to inject (contrary to its prior agreement with Nielsen) ACRCloud's source code into the case. (D.I. 177.)

To permissibly amend its initial disclosures, it would be necessary for TVision to seek modification of the Scheduling Order. *See Personal Audio, LLC v. Google LLC,* No. 17-1751-CFC, Order (D. Del. May 22, 2023) (explaining that an attempt to add a witness after the close of discovery should be treated as a Rule 16(b) motion to modify the scheduling order). The Court should not allow such a modification of the Scheduling Order, and accordingly, TVision's March 14, 2024 amendment of its Initial Disclosures should not be permitted.

Courts do not modify scheduling orders unless the parties seeking modification can demonstrate "good cause." Fed. R. Civ. P. 16(b)(4). The presence of "good cause" depends on whether the party seeking modification of the scheduling order has been diligent. *Personal Audio* at 6 ("[T]he focus of the inquiry is upon the … reasons for seeking modification. If that party was not diligent, the inquiry should end.") (quotations omitted). Notably, "good cause" does not depend on the *Pennypack* factors. *Vaxcel International Co., Ltd. V. Heathco LLC*, C.A. No. 20-224-GBW-CJB, D.I. 226 (D. Del. June 28, 2022) (rejecting a party's attempt to resort to the *Pennypack* factors to save a post-fact-discovery disclosure). TVision has been far from diligent, and thus, the Court should preclude it from amending its Initial Disclosures after the close of discovery.

TVision has, in fact, **hindered** Nielsen's attempts to obtain Mr. Wang's testimony during the discovery period. When the parties first met and conferred in advance of the Rule 26(f) conference, TVision insisted that it did not have the authority to demand ACRCloud provide any discovery.[2] (*See* May 16, 2022 Letter, D.I. 23; *see also* D.I. 167.) Accordingly, Nielsen attempted to obtain Mr. Wang's deposition under a Hague Convention request on July 21, 2022, more than a year before the close of fact discovery. (D.I. 30, specifically naming Mr. Wang.) Neither Mr. Wang nor ACRCloud responded to the request. Because Rimon Law represents TVision in this case *and* ACRCloud in Nielsen's separate case against ACRCloud on different patents, Nielsen reached out to request Rimon's assistance in securing Mr. Wang's testimony here. Rimon refused to either (1) ask ACRCloud to make Mr. Wang available for deposition in compliance with the Hague request, or (2) consider a cross-use agreement so that discovery in the *ACRCloud* case could be used in the present case.

While TVision and Rimon Law may argue they had no legal right to demand

---

[1] The effect of precluding TVision from adding Mr. Wang to its Initial Disclosures will be to preclude Mr. Wang from testifying at trial. (Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial".)

[2] Supplementation under Rule 26(e) is improper because TVision has long been aware of ACRCloud's importance to the case. In fact, it listed ACRCloud (but not Mr. Wang) in its original Initial Disclosures on June 3, 2022.

ACRCloud's cooperation in discovery, it has become clear that ACRCloud has been voluntarily acting according to TVision's requests in this case. This is not surprising, given that ███████████████████████████████████████████, and thus, TVision and ACRCloud both have the same interest in opposing Nielsen's patent infringement claims. (Ex. A, Liu Dep. Tr. at 168:3-5 ███████████████████████████████████████████████████████████████) The cooperation between the two companies has been apparent. For example, although TVision insisted throughout fact and expert discovery that it could not make ACRCloud's source code available, TVision later claimed that ACRCloud had suddenly and inexplicably decided to make its source code available *after* expert reports had been completed. Apparently, TVision had believed Nielsen would not be able to prove its case without the source code but was surprised when Nielsen presented a compelling infringement case in its technical expert's report based on object code on ACRCloud's website. (*See* D.I. 155.) Realizing that its technical expert reports had been ineffective in responding to Nielsen's expert reports, TVision sought a way to re-do those reports by introducing the source code that suddenly became available. ACRCloud thus appears to have refused to provide its source code when TVision wanted that, but later agreed to provide its source code when TVision asked it to do so.

TVision similarly refused to provide Nielsen any assistance in obtaining testimony from Mr. Wang when TVision believed it was best for Mr. Wang to be "unavailable." But now that the Court has denied TVision's motion to supplement its expert reports (D.I. 177), TVision has changed its mind and asked ACRCloud to make Mr. Wang available. TVision's change in strategy demonstrates a lack of the requisite diligence; it does ***not*** meet the "good cause" standard under Rule 16. *See Vaxcel*, D.I. 226 ("A strategic mistake does not equate to a showing of good cause under Rule 16.").

In addition to TVision's lack of diligence, there is a second reason why the Court should preclude TVision from adding Mr. Wang to its initial disclosures. It is reasonable to infer that TVision seeks to make an end run around the Court's order denying its attempt to inject the ACRCloud source code by presenting testimony at trial from Mr. Wang, who is intimately familiar with that code. The Court should therefore deny TVision's attempt to introduce this testimony.[3]

Even if TVision could demonstrate good cause to modify the scheduling order, Nielsen would be unduly prejudiced if Mr. Wang were injected into the case at this late stage. Expert discovery is complete, and dispositive motions are fully briefed. The parties have already set their theories of the case. Adding a new witness would, at minimum, require an additional deposition, and very likely would require supplementation of expert reports. The prejudice to Nielsen would therefore far outweigh any benefit of allowing Mr. Wang's testimony.

---

[3] Such testimony would also unfairly prejudice Nielsen by allowing TVision to present new evidence to the jury long after discovery ended. *See Synygy, Inc. v. ZS Assocs., Inc.*, No. 07–3536, 2015 WL 4578807, at *2 (E.D. Pa. July 30, 2015) (holding that even in the presence of good cause, "prejudice to the party opposing modification may also be considered" and a court may deny even a diligent party's attempt to modify the scheduling order).

The Honorable Christopher J. Burke
May 6, 2024    PUBLIC VERSION May 13, 2024
Page 3

                                                          Respectfully,

                                                          */s/ David E. Moore*

                                                          David E. Moore

cc:     Clerk of the Court (via hand delivery)
         Counsel of Record (via electronic mail)