**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-57-CJB |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| TVISION INSIGHTS, INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM DAVID E.
MOORE IN SUPPORT OF NIELSEN'S MOTION TO STRIKE PORTIONS OF
TVISION'S REPLY BRIEF IN SUPPORT OF ITS *DAUBERT* MOTION REGARDING
MICHAEL KEELEY**

OF COUNSEL:

Steven Yovits
Douglas Lewis
Constantine Koutsoubas
Jason P. Greenhut
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
Jolie Schenerman
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800

Joshua Long
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd Suite 900
Houston, TX 77027
Tel: (713) 355-5000

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company
(US), LLC*

Dated: May 29, 2024
11533714 / 14944.00004
PUBLIC VERSION
Dated: June 10, 2024

Dear Judge Burke:

Nielsen respectfully moves to strike the portions of TVision's reply ("Reply Brief," D.I. 216, and attached hereto) in support of its *Daubert* motion to exclude opinions of Nielsen's damages expert, Dr. Michael Keeley ("Keeley *Daubert* Motion," D.I. 190), that seek, for the first time, to exclude opinions of Nielsen's technical expert, Dr. Pierre Moulin. *See* D.I. 216, p. 1 and Section IV.A.2. Because it failed to request this relief in its motion and opening brief, TVision cannot now seek to exclude Dr. Moulin's opinions.

The facts are undisputed – the first time TVision asked the Court to exclude Dr. Moulin's opinions was in its Reply Brief. When the parties met and conferred on their planned Daubert motions, TVision disclosed only its intention to move to exclude **Dr. Keeley's** testimony. *See* Ex. A (Mar. 7, 2024 E-mail from E. Cohen to D. Lewis and S. Yovits). Consistent with its expressed intention, TVision's Keeley *Daubert* Motion and Opening Brief only seek to exclude **Dr. Keeley's** opinions. The title of the Keeley *Daubert* Motion is "TVision Insights, Inc.'s Reply Brief In Support Of Its Daubert Motion Regarding **Michael Keeley**," and the text of the Motion states that "[TVision] hereby moves the Court to exclude unreliable opinions and testimony of [Nielsen's] proposed damages expert **Michael Keeley**." D.I. 190 (emphasis added). TVision's Opening Brief makes just two passing references to Dr. Moulin, neither of which mention any request to exclude Dr. Moulin's opinions. *See* D.I. 191, pp. 8, 13. Tellingly, TVision's Opening Brief does not even attach Dr. Moulin's expert reports. And TVision's Proposed Order identifies relief relating only to Dr. Keeley. D.I. 190-1 ("TVision's motion is hereby GRANTED. [Nielsen's] proposed damages expert **Michael Keeley** is precluded from testifying.") (emphasis added).

TVision has no legitimate reason for failing to raise its request to exclude Dr. Moulin's opinions in its Motion and Opening Brief. TVision has known of Dr. Moulin's opinions since receiving his expert reports back on October 25, 2023 and December 15, 2023. TVision filed the Keeley *Daubert* Motion on March 12, 2024.

TVision's attempt to seek new relief in its Reply Brief violates Federal Rule of Civil Procedure 7(b)(1)(C), which provides that "[a] request for a court order must be made by motion. The motion must . . . state the relief sought." TVision's request that the Court exclude Dr. Moulin's opinions appears nowhere in the Keeley *Daubert* Motion. Thus, the Court should strike the portions of the Reply Brief that, for the first time, make that request. *See, e.g.*, *Mystic Retreat Med Spa & Weight Loss Ctr. v. Ascentium Cap. LLC*, No. 21-cv-00515, 2022 U.S. Dist. LEXIS 146854, at *10 (M.D.N.C. Aug. 17, 2022) (applying Rule 7(b)(1) to exclude a request for relief that appeared for the first time in a reply brief).

TVision's request to exclude Dr. Moulin's testimony also violates D. Del. LR 7.1.3(c)(2), which requires that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." Under this Local Rule, TVision should have included its request to exclude Dr. Moulin's testimony in its Opening Brief. Its failure to do so "reserve[d] material for the reply brief which should have been included in a full and fair opening brief" and unfairly denied Nielsen the opportunity to address the issue on its merits. This is precisely the type of sandbagging that this Rule is designed to prevent. *See, e.g.*, *Fifth Mkt., Inc. v. CME Group, Inc.*, No. 08-cv-520, 2013 U.S. Dist. LEXIS 87334, at *9-10 ("[Local Rule 7.1.3(c)(2)] exists, in part, to prevent litigants from engaging in impermissible

The Honorable Christopher J. Burke                                                                    Page 2
May 29, 2024   PUBLIC VERSION Dated:  June 10, 2024

'sandbagging,' reserving crucial arguments for a reply brief to which an opponent cannot respond." (quoting *Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.*, No. 00-589-GMS, 2002 U.S. Dist. LEXIS 5180, at \*8 (D. Del. Mar. 26, 2002) ("[Plaintiff's] tactic of reserving new arguments for its reply brief amounts to impermissible 'sandbagging.'")). Accordingly, the Court should strike the portions of the Reply Brief that seek to exclude Dr. Moulin's testimony. *See Ad Hoc Comm. of Equity Holders of Tectonic Network, Inc. v. Wolford*, 554 F. Supp. 2d 538, 562 n.168 (D. Del. 2008) (declining, under Local Rule 7.1.3(c)(2), to consider a request for relief "[b]ecause defendants failed to raise this argument in their opening brief, thereby giving [plaintiff] the opportunity to respond in its opposition brief."); *Whitfield v. Pathmark Stores, Inc.*, 971 F. Supp. 851, 853 n.1 (D. Del. 1997) (same).[1]

When the parties conferred regarding the instant motion, TVision argued that its untimely request for new relief was justified because it was made in response to arguments in Nielsen's Opposition Brief (D.I. 199). But as explained above, the Federal Rules and this District's Local rules prevent a litigant from seeking new relief in response to its opponent's arguments. And even if, contrary to law, TVision could seek new relief in its Reply Brief, nothing in Nielsen's opposition raises any new issues relating to Dr. Moulin. The only pertinent point about Dr. Moulin TVision makes in its opening brief is that "Dr. Keeley bases his opinion on the opinion from Dr. Moulin that the record does not show that there were acceptable, non-infringing alternatives to the '889 patent for ACR available to TVision at the time of the hypothetical negotiation or even to this day." D.I. 191, p. 8 (internal quotation marks omitted).[2] Similarly, the only point Nielsen makes about Dr. Moulin in its opposition is that: "Dr. Keeley also properly relies on the opinion of Dr. Moulin that no alternative ACR systems were available to TVision, notwithstanding TVision's claims to the contrary." D.I. 199, p. 8 and *id.* at pp. 5, 7-9, 11. Accordingly, far from raising new arguments about Dr. Moulin in its opposition brief, Nielsen simply repeats the point that TVision makes about Dr. Moulin in its Opening Brief.

Furthermore, TVision's new request for relief would unduly prejudice Nielsen. TVision's sandbagging has deprived Nielsen of any opportunity (much less, full and fair opportunity) to respond to TVision's new request for relief.

For the above reasons, the Court should strike Section IV.A.2 of TVision's Reply Brief. The Court should also strike the sentence on page one of the Reply Brief that reads as follows: "Based on the evidence discussed below in section IV.A., Dr. Moulin's testimony should be excluded under Fed. R. Evid. 702(b) and (c)."

---

[1] There is also extensive case law that does not reference the Federal or Local Rules but nonetheless holds that it is improper to raise a new request in a reply brief. *See, e.g.*, *Wireless Discovery LLC v. eHarmony, Inc.*, 654 F. Supp. 3d 360, 368 (D. Del. 2023) ("The Court finds that [defendant's] request … is waived because it was first fully briefed in its reply brief. [Plaintiff] also has not had the opportunity to respond to [defendant's] request.") (internal citations omitted); *Prometheus Radio Project v. FCC*, 824 F.3d 33, 53 (3d Cir. 2016) (denying new requests for relief "because they were raised for the first time in a reply brief").

[2] Dr. Moulin's name appears only twice in TVision's Opening Brief. As cited above and irrelevantly to the current issue on page 13: "Neither Dr. Keeley nor Nielsen's technical expert, Dr. Moulin, address the benefits of the '889 patent in the period leading up to the hypothetical negotiation in May 2018." D.I. 191 at p. 13.

The Honorable Christopher J. Burke                                                    Page 3
May 29, 2024   PUBLIC VERSION Dated:  June 10, 2024

Respectfully,

*David E. Moore*

David E. Moore

DEM:nmt/11533714

Enclosure
cc:      Clerk of the Court (via hand delivery)
          Counsel of Record (via electronic mail)