IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-cv-0057-CJB |
| | ) | |
| TVISION INSIGHTS, INC., | ) | **HIGHLY CONFIDENTIAL -** |
| | ) | **ATTORNEYS' EYES ONLY -** |
| Defendant. | ) | **PURSUANT TO PROTECTIVE** |
| | ) | **ORDER – FILED UNDER SEAL** |
| | ) | |

### REPLY LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM LINDSEY M. GELLAR REGARDING TVISION INSIGHTS, INC.'S MOTION TO STRIKE

OF COUNSEL:
Jason Xu
RIMÔN LAW P.C.
1990 K. Street, NW, Suite 420
Washington, DC 20006
(202) 470-2141

Eric C. Cohen
RIMÔN LAW P.C.
P.O. Box B113
150 Fayetteville St, Suite 2800
Raleigh, NC 27601-2960
(984) 960-2860

Michael F. Heafey
RIMÔN LAW P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA 94025
(650) 461-4433

Dated: July 22, 2024

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant*

Dear Judge Burke,

There is no merit to Nielsen's opposition (D.I. 265) to TVision's motion to strike (D.I. 261-262). The new arguments and declarations Nielsen submitted with its reply brief (D.I. 257-260) should have been included in Nielsen's opening brief because they explain for the first time the mistake that Nielsen's first set of experts allegedly made. Nielsen relied on the same mistake in its opening brief but did not explain what it was.

All of Nielsen's arguments in opposing TVision's motion to strike fail. Nielsen first argues that TVision should have raised its failure of proof arguments at the meet-and-confer—before Nielsen even filed its motion. Nielsen, however, does not contend that it disclosed its opening brief in the meet and confer. Second, Nielsen's new arguments and declarations offer *new grounds* to support its original motion. But Nielsen should have disclosed those new grounds in a full and fair opening brief. Third, Nielsen's argument that TVision's motion is procedurally improper under F.R.C.P. 12(f) ignores the fact that TVision moved under L.R. 7.1.3(c), not F.R.C.P. 12(f). Nielsen also ignores its own previously filed motion to strike under L.R. 7.1.3(c). *See* D.I. 242. Fourth, Nielsen's "no prejudice" argument fails to explain how TVision could have rebutted Nielsen's arguments before they were made. Fifth, a party cannot escape its Local Rule 7.1.3 obligations by sandbagging in the first instance and then backtracking by offering a sur-reply when caught.

Contrary to Nielsen's meet-and-confer argument, TVision had no obligation or even ability during the meet and confer to explain each of the arguments it intended to make in its opposition to Nielsen's motion to amend. The party who intends to oppose a motion cannot know the arguments it will include in its opposition in the absence of having read the moving brief—particularly where, as here, the arguments include failure of proof. The *Blue Sky* case cited by Nielsen involves a motion to compel where a party had failed to previously raise a ground for why the witness should have to appear—essentially a waiver argument. *Blue Sky Innovation Grp. v. Forcome Co., Ltd.,* C.A. No. 23-129, D.I. 113 (D. Del. Mar. 5, 2024) (Ex. A). But Nielsen did not disclose the complete grounds for its motion until its *reply brief*, let alone during the meet-and-confer process, and Nielsen cites no case for the proposition that TVision must rebut arguments that Nielsen had not articulated. Moreover, *Blue Sky* addressed a discovery issue. It did not address sandbagging and does not hold that a failure to anticipate every ground for a motion during the meet-and-confer process justifies the moving party withholding those grounds until the reply brief.

Nielsen's argument that its new factual material and arguments were "responsive" to TVision's arguments ignores the Local Rule 7.1.3 standard, which asks whether the material "should have been included in a full and fair opening brief." Del. L.R. 7.1.3(c)(2). Nielsen, for example, claims that it needed to add the new material to "demonstrat[e] that it did not know—and could not reasonably have known—about the correct code module." D.I. 265 at 2. But its opening brief *already alleged* that the error was "unknown" and that "Nielsen could not have uncovered the error that necessitated this motion." D.I. 250 at 2, 7. Nielsen offers no justification for its failure to set forth its full and fair grounds in support of those claims in its opening brief. The same is true for its claims that the material was responsive to TVision arguments regarding pressure-testing and the timing of disclosure. *See, e.g., id.; id.* at 4 (opening brief noting that the error was "disclosed . . . for the first time" in "connection with . . . trial preparation efforts"); *id.* at 6 (arguing "[t]here was no reason for Nielsen or its outside counsel to conclude that Dr. Tanksale erred" and that the report was vetted by "two testifying technical experts" with qualifications and "extensive experience").

1

Nielsen had the burden of establishing diligence. Nielsen's opening brief (D.I. 250) offered only conclusory arguments that its original experts had made a "mistake," but failed to identify the nature of the mistake. Nielsen's opening brief stated that Nielsen's trial counsel only learned of the mistake after interviewing Nielsen's original experts in preparation for trial, but did not explain why that interview had not taken place much earlier in the case, e.g. at least 6 months earlier when TVision's November 21, 2023 expert report disagreed with Nielsen's experts on the portions of Dr. Tanksale's and Dr. Moulin's reports that Nielsen now concedes are mistakes. The information in the three new declarations submitted in support of Nielsen's reply brief explains, for the first time, both the nature of the mistake and the specific portion of the pseudocode that the new expert relies on. This information should have been submitted in support of Nielsen's opening brief. Nielsen's opening brief likewise offers no grounds for why it was diligent in pursuing its *new* infringement argument—a fundamental question on which its motion relies. Instead, it withheld those arguments until its reply and *faulted TVision* for pointing out its failure to disclose them. D.I. 257 at 2.

Nielsen objects that "Rule 12(f) . . . governs motions to strike," that briefs "are typically not thought of as pleadings subject to motions to strike," and that the new material must "have no possible relation to the controversy and will prejudice the moving party." D.I. 265 at 3. But those standards relate to Rule 12(f), which is irrelevant, as is the case law Nielsen cites that relies on it. TVision moved under L.R. 7.1.3—the same rule Nielsen cited just two months ago in support of its motion to strike part of a TVision brief. D.I. 242 at 1-2. Nielsen's own motion to strike a brief made no mention of Rule 12(f) or the standards it now claims govern, and instead cited—like TVision—L.R. 7.1.3. *Id.* Nielsen cites no case holding that the Court cannot grant a motion to strike under L.R. 7.1.3. Further, Nielsen ignores that this Court has granted motions to strike under L.R. 7.1.3. *See, e.g.*, *Bos. Sci. Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 314 (D. Del. 2006). Nielsen fails to meaningfully distinguish the anti-sandbagging cases TVision cited, given that Nielsen *did* raise new grounds for its motion (including, for example, that it could not have discovered its new position earlier), and that its reply brief "for the first time explains *why* it is that it believes" conclusory positions it set forth in its opening brief, such as why Nielsen "could not have uncovered the error" and how it was "unknown." *Guardant Health, Inc. v. Found. Med., Inc.*, C.A. No. 17-1616-LPS-CJB, 2020 U.S. Dist. LEXIS 87453, at *28 n.14 (D. Del. Jan. 7, 2020) (Burke, J.); D.I. 250 at 2, 7; *see* D.I. 262 at 1-2; D.I. 242 at 1-2.

There is no merit to Nielsen's final argument, that TVision failed to demonstrate prejudice. Nielsen offers no explanation for how TVision could have rebutted arguments Nielsen had not made in its opening brief, or tested factual declarations Nielsen had not offered (through discovery, such as depositions, or otherwise). And Nielsen's suggestion that the parties could cure the prejudice with two additional rounds of briefing would vitiate the requirements of L.R. 7.1.3 by allowing a party to sandbag the other side as long as they offer a sur-reply (conditioned on their own sur-sur-reply) in response to any motion to strike. Ultimately, as TVision explained in its motion, TVision was not able to fully address the issues of why Nielsen's attorneys were pressing Dr. Tanksale harder in May 2024 than they did when he originally submitted his reports, or why Nielsen did not better investigate its experts' contentions when it submitted its original (as well as final) infringement contentions or after TVision's November 2023 expert report identifying the issue, or whether TVision should be entitled to discovery on all communications between Nielsen's lawyers and its experts and all internal communications between and among Nielsen's experts and their staff.

For the reasons set forth above, TVision submits its motion to strike portions of Nielsen's reply brief and declarations should be granted.

Respectfully submitted,

*/s/ Lindsey M. Gellar*

Lindsey M. Gellar (No. 7202)


cc:    Clerk of Court (by CM/ECF & Hand Delivery)
        All Counsel of Record (by CM/ECF & Email)

3