# Exhibit A

ORAL ORDER re 98 MOTION for Teleconference to Resolve Discovery Dispute. Having reviewed the parties' discovery dispute letter submissions and associated filings, (D.I. 108; D.I. 109; D.I. 112), IT IS ORDERED that Plaintiff's motion to compel David Wang, Walker Wang, and Chloe Tu to appear for deposition in Delaware is GRANTED-IN-PART as follows: (1) The motion is GRANTED with respect to David Wang, who is President and CEO of the Forcome entities and was listed in Defendants' initial disclosures as having relevant information. (D.I. 108, Ex. 6 at 1; Ex. 7 at 1; Ex. 10) David Wang is subject to Section 8(e)(ii) of the operative Scheduling Order, which provides that any party representative "must ordinarily be required, upon request, to submit to a deposition at a place designated within this district," and a "defendant who becomes a counterclaimant... shall be considered as having filed an action in this Court for the purpose of this provision." (D.I. 37 at &para 8(e)(ii)) Defendants argue that David Wang is excepted from Section 8(e)(ii) because Defendants' counterclaims are compulsory, citing to a treatise in support of the position that "[a] defendant corporation normally may insist on depositions at its headquarters even though it is a counterclaimant in the action if the counterclaim is compulsory." (D.I. 112 at 2-3) (internal citations and quotation marks omitted). Defendants' argument is unpersuasive because Section 8(e)(ii) draws no distinction between compulsory and permissive counterclaims, and Defendants cite no binding authority or case law from this district in support of their position. To the contrary, in Invensas Corp. v. Renesas Electroncis Corp., the court applied the default standard regarding the location of party depositions to a defendant who had brought compulsory counterclaims, explaining that even though the defendant did not originally select this forum as its preferred jurisdiction, the compulsory counterclaims were important to the defendant, and the defendant had "availed itself of the liberal discovery rules here in the United States." C.A. No. 11-448-GMS-CJB, 2012 WL 2501106, at *2 n.4 (D. Del. June 27, 2012). Moreover, Defendants appear to have raised this argument for the first time in their responsive letter submission without first vetting it through the meet and confer process. See Leader Techs. Inc. v. Facebook Inc., C.A. No. 08-862-JJF-LPS, 2009 WL 3021168, at *2 n.2 (D. Del. Sept. 4, 2009) (reminding the parties that, "by the time they contact the Court to schedule a teleconference to resolve a discovery dispute, there should be no ambiguity between the parties as to what the dispute is[.]"). Plaintiff's opening letter submission does not anticipate Defendants' arguments regarding compulsory counterclaims, and the correspondence exchanged between the parties during the meet and confer process shows that Defendants did not respond to Plaintiff's argument regarding the applicability of Section 8(e)(ii), and instead based their objection to U.S. depositions on the difficulty of travel and visa issues. (D.I. 108, Ex. 4 at 2-3) On this record, the Court will not consider an exception to the requirements of the Scheduling Order that has not been fully vetted through the meet and confer process. As for Defendants' logistical concerns, the responsive letter submission confirms that David Wang is familiar with the process of traveling between China and the U.S. (D.I. 112 at 3); see Invensas, 2012 WL 2501106, at *3 (rejecting general assertion that it would be burdensome for the defendant's employees to travel to the United States). Accordingly, David Wang shall appear in person for an individual deposition at the Delaware offices of Benesch Friedlander Coplan & Aronoff, LLP ("Benesch"), on or before March 29, 2024. Alternatively, the parties may jointly agree to hold the deposition(s) at Benesch's offices in Cleveland, Ohio, without further order of the Court. (2) The court reserves

decision on the motion with respect to Walker Wang and Chloe Tu. Defendants have agreed to make Walker Wang and Chloe Tu available for deposition in Hong Kong on March 21 and March 22, 2024, respectively. (D.I. 108, Ex. 4 at 5) Due to the time sensitive nature of this dispute, with deposition discovery scheduled to close on March 29, 2024 (D.I. 105 at 2), IT IS ORDERED that the parties shall continue to meet and confer on all reasonable deposition location options for completing the depositions of Walker Wang and Chloe Tu and shall notify the Court by a one page joint letter on or before close of business on March 7, 2024, without further argument, as to whether they have reached a compromise. The parties' discussions regarding these depositions shall include issues that were raised in Plaintiff's opening letter and not addressed in Defendants' responsive letter, including whether either of these witnesses will be designated as a 30(b)(6) witness or whether they will testify live at trial. If the parties do not reach agreement on the location of these depositions after further discussion, the Court will issue an order on the matter on March 8, 2024. IT IS FURTHER ORDERED that the discovery dispute teleconference scheduled for March 7, 2024 at 11:00 a.m. is CANCELLED. Signed by Judge Sherry R. Fallon on 3/5/2024. (Polito, Rebecca) (Entered: 03/05/2024)

As of March 6, 2024, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*Blue Sky Innovation Group, Inc. v. Forcome Co., Ltd. et al*
1-23-cv-00129 (DDE), 3/5/2024, docket entry 113