IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-057-CJB |
| v. | ) | |
| | ) | **CONFIDENTIAL –** |
| TVISION INSIGHTS, INC., | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF TVISION INSIGHTS, INC.'S MOTION FOR REARGUMENT
OR, IN THE ALTERNATIVE, FOR FEES AND COSTS**

OF COUNSEL:
Jason Xu
RIMÔN LAW P.C.
1990 K. Street, NW, Suite 420
Washington, DC 20006
(202) 470-2141

Eric C. Cohen
RIMÔN LAW P.C.
P.O. Box B113
150 Fayetteville St, Suite 2800
Raleigh, NC 27601-2960
(984) 960-2860

Michael F. Heafey
RIMÔN LAW P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA 94025
(650) 461-4433

Dated: April 24, 2025

Andrew E. Russell (No. 5382)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant*

# TABLE OF CONTENTS

I.      Nature and Stage of Proceedings ...................................................................................1

II.     Summary of Argument ....................................................................................................2

III.    Statement of Facts............................................................................................................3

IV.     ARGUMENT....................................................................................................................4

        A.      TVision Moves for Reconsideration Based on Two Manifest Errors of Fact ...4

                1.      The Order's Erroneous Determination That the Prejudice to TVision
                        "Can Be Remedied" Warrants Reconsideration ...................................4

                2.      The Order's Erroneous Holding That the Limited Fees It Awarded
                        Resolve the Prejudice to TVision Warrants Reconsideration................5

        B.      The Order Erred as a Matter of Law Because Nielsen's Replacement Expert Is
                Not Entitled to Raise New Infringement Theories ............................................6

        C.      TVision Alternatively Requests Its Ongoing Fees and Costs............................9

V.      CONCLUSION................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acceleration Bay, LLC v. Amazon Web Servs.*,
  2024 U.S. Dist. LEXIS 164238 (D. Del. Sept. 12, 2024) ......................................................8

*Banks v. City of Phila.*,
  309 F.R.D. 287, 290-91 (E.D. Pa. 2015) .................................................................................7

*Biogen Inc. v. Sandoz Inc.*,
  2025 U.S. Dist. LEXIS 43260 (D. Del. Mar. 10, 2025) ..........................................................7

*Chancellor v. Pottsgrove Sch. Dist.*,
  501 F. Supp. 2d 695, 701-02 (E.D. Pa. 2007) .........................................................................7

*CIENA Corp. v. Corvis Corp.*,
  352 F. Supp. 2d 526, 527 (D. Del. 2005) .................................................................................4

*Delta LLC v. Dish Network Corp.*,
  2024 U.S. Dist. LEXIS 45061 (D. Del. Mar. 14, 2024) ..........................................................4

*Deseret Mgmt Corp. v. U.S.*,
  97 Fed. Cl. 272, 275 (Fed. Cl. 2011) .....................................................................................10

*Ebuddy Techs. B.V. v. Linkedin Corp.*,
  2021 U.S. Dist. LEXIS 227815 (D. Del. Nov. 29, 2021) ......................................................10

*Greatbatch Ltd. v. AVX Corp.*,
  C.A. No. 13-723, D.I. 381 (D. Del. Aug. 17, 2015) ................................................................5

*Hazerci v. Technical Educ. Servs., Inc.*,
  2009 U.S. Dist. LEXIS 45905, at *5 (E.D. Pa. May 29, 2009) ...............................................7

*HSM Portfolio LLC v. Elpida Memory Inc.*,
  2016 U.S. Dist. LEXIS 16786 (D. Del. Feb. 11, 2016) ...........................................................8

*Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.*,
  785 F.3d 96, 102 (3d Cir. 2015) ..........................................................................................7, 8

*Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*,
  540 F.2d 102, 121 (3d Cir. 1976) ..........................................................................................10

*Link v. Wabash R.R. Co.*,
  370 U.S. 626, 633-34 (1962) ...................................................................................................8

*Nike Inc. v. Eastern Ports Custom Brokers*,
  2024 U.S. Dist. LEXIS 6589 (D.N.J. Jan. 12, 2024) ...............................................................8

*Satius Holding, Inc. v. Samsung Elecs. Co., Ltd.*,
  2024 U.S. Dist. LEXIS 224948 ......................................................................................6

*Scott v. N.Y. City Dep't of Corr.*,
  445 Fed. App'x 389, 391 (2d Cir. 2011).......................................................................7

*Synygy, Inc. v. ZS Assocs., Inc.*
  2015 U.S. Dist. LEXIS 99362 (E.D. Pa. July 30, 2015)..............................................9

**Rules**

Fed. R. Civ. P. 26(a) ...........................................................................................................

Fed. R. Civ. P. 37 .............................................................................................................9

## I.    NATURE AND STAGE OF PROCEEDINGS

TVision Insights Inc. ("TVision") respectfully moves for reconsideration of the Court's April 10, 2025 Memorandum Order (D.I. 272, the "Order") granting The Nielsen Company (US), LLC's ("Nielsen") Motion to Amend the Scheduling Order and for Expedited Briefing (D.I. 250). When the Court granted Nielsen's motion, it shifted the burden of Nielsen's mistaken infringement position to TVision, based on arguments that Nielsen improperly included for the first time in its reply brief. The Court found that any prejudice to TVision "can be remedied." D.I. 272 at 16. But it cannot be, because permitting Nielsen to change its infringement allegations at this late stage prejudices TVision. At the time of the motion, the parties had already completed infringement and invalidity contentions, claim construction, fact discovery, expert discovery, and *Daubert* and summary judgment briefing—all based on Nielsen's previous infringement position. It is impossible to unwind the strategic decisions TVision made over the course of the case in reliance on Nielsen's prior infringement position. Moreover, it is unfair to impose the burden of re-litigating much of the case on TVision, an innocent party who had pointed out Nielsen's mistake. The Court's limited award of attorney and expert fees addresses only a fraction of that prejudice. TVision respectfully asserts that these errors of fact warrant reconsideration and denial of Nielsen's motion to amend.

Further, Nielsen revealed its expert's error, and its new infringement theory, for the first time in its reply brief—while conceding that TVision's expert, Dr. Anderson, had previously disclosed the same error to Nielsen in his rebuttal report. The Order's denial of TVision's motion to strike this late argument left the Court in a position where it heard only what was essentially an opening argument from Nielsen (offered in a reply brief), with no responsive brief from TVision. This led to an error of law when the Order granted Nielsen's motion despite well-settled precedent that experts cannot raise new theories in a reply report, and that even *replacement* experts are required to assert the same infringement theories as an original expert.

1

Finally, in the alternative to its motion for reconsideration, TVision moves for an award of reasonable attorneys' fees and costs for all activity from the Court's grant of the motion to amend until the case reaches the stage it was at prior to the motion. None of those fees and costs would have been needed absent Nielsen's mistake, and awarding them to TVision would partially alleviate the prejudice to TVision from Nielsen re-doing its infringement case.

## II.    SUMMARY OF ARGUMENT

1.    The Order includes a clear error of fact when it concludes that the prejudice to TVision "can be remedied" by an award of fees and costs. D.I. 272 at 16. The primary prejudice to TVision is the inability to change the prior strategic decisions it made in developing its case based on Nielsen's previous infringement position. That prejudice cannot be remedied by an award of fees. This clear error warrants reconsideration of the Order.

2.    The Order makes an additional error of fact in its implicit determination that the fees and costs it awarded were sufficient to resolve the prejudice Nielsen's mistake caused to TVision. Those fees, however, cover only a portion of the additional fees and costs TVision will face due to Nielsen's mistake. This likewise warrants reconsideration of the Order.

3.    The Order erroneously permits Nielsen's replacement expert to raise a different infringement theory than Nielsen's original experts and does so after TVision's expert explicitly pointed out in his November 2023 rebuttal report the error that Nielsen says it did not discover until May 31, 2024. D.I. 272 at 3, 7. This too merits reconsideration of the Order.

4.    In the alternative, TVision moves for an expanded scope of fees and costs that would encompass the full amount of fees that TVision will be forced to incur solely due to Nielsen's mistake. This includes all fees and costs incurred from the time of the Court's grant of Nielsen's motion until the conclusion of summary judgment and any related motions to strike, when the case has caught up with where it was prior to Nielsen's motion to amend.

### III.    STATEMENT OF FACTS

The Order granted Nielsen's motion to amend the scheduling order to permit new contentions, new infringement reports, amended damages reports, and potential re-briefing of summary judgment and *Daubert* based on a fundamental mistake by Nielsen. D.I. 272 at 1-4.

The Order relied in part on a determination that the primary prejudice to TVision is "some additional costs that TVision will face due to these circumstances, which it would not have born but for the error at issue," and that the prejudice to TVision "can be remedied." D.I. 272 at 16. The Court's Order did not specifically address TVision's argument in its briefing that it had developed its case based on Nielsen's prior positions and that it is "prejudiced because there is no way to undo the positions TVision has taken to date and to put TVision back in the position it would have been in had Nielsen timely asserted its new infringement position when it was due at the start of the case." D.I. 256 at 18; *see* D.I. 272 at 16-17. Instead, the Order addressed only the prejudice caused by certain additional fees and costs, and held that it was remedied by awarding TVision its reasonable expert fees for its rebuttal to Nielsen's infringement report and TVision's reasonable attorneys' fees and costs in responding to Nielsen's motion to amend and in briefing the motion to strike. *Id.* at 16-17.

The Order also denied TVision's motion to strike Nielsen's reply brief, which, for the first time, described the error committed by its original experts, detailed the discussions Nielsen's counsel had with its original experts, and provided the declaration of its new expert, Dr. Martin. D.I. 272 at 8, 13-15. This Court observed, "Nielsen *did* do just what the Local Rule prohibits." *Id.* at 13. The District Court denied TVision's motion to strike because Nielsen "would not have any viable patent infringement case . . . ." *Id.* The District Court also faulted TVision for not requesting oral argument on the motion to strike. *Id.* at 14.

The Order recounts that in Dr. Martin's declaration, he proffered a new theory of infringement that "the isListMax loops code . . . satisfies the single frame limitation." D.I. 272

at 9-10. In addition, he explained the nature of Dr. Tanksale's error, which is identical to the error pointed out by Dr. Anderson in his report. *Compare* D.I. 272 at 9, 10 (the getRowMax function "causes the particular code to run 17 times and to thus compare spectral powers from multiple frames") with D.I. 256, Ex. 8 (Dr. Anderson's Rebuttal Rept.) at ¶¶ 63, 64.

## IV.    ARGUMENT

### A.    TVision Moves for Reconsideration Based on Two Manifest Errors of Fact

District of Delaware Local Rule 7.1.5 permits a motion for reargument or reconsideration, including "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *CIENA Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 527 (D. Del. 2005). "Reargument may be appropriate where the Court 'has patently misunderstood a party or has made a decision outside the adversarial issues presented to the [C]ourt by the parties, or has made an error not of reasoning but of apprehension.'" *TQ Delta LLC v. Dish Network Corp.*, C.A. No. 15-614-GBW, 2024 U.S. Dist. LEXIS 45061, at *3 (D. Del. Mar. 14, 2024).

Here, the Order includes manifest errors of fact in its determination that the prejudice to TVision can be remedied at all, and in its conclusion that the limited attorneys' fees it awards are sufficient to resolve the prejudice to TVision.

### 1.    The Order's Erroneous Determination That the Prejudice to TVision "Can Be Remedied" Warrants Reconsideration

Despite acknowledging the prejudice to TVision of granting Nielsen's motion to amend, the Order concludes that the prejudice "can be remedied" by an award of fees and costs. D.I. 272 at 16. It cannot be. The primary prejudice to TVision is *not* the attorneys' fees and costs it will face in re-litigating expert discovery, summary judgment, and *Daubert* motions after Nielsen corrects its mistake. *See* D.I. 256 at 18. Instead, the primary prejudice to TVision, as described in its brief, is that it is impossible to unwind the strategic choices TVision made based on Nielsen asserting and refusing to correct its flawed infringement position. *Id.*

TVision developed its strategy for contentions, fact discovery, and claim construction

based on Nielsen's previous infringement position. It is fundamentally unfair to permit Nielsen to correct its own unforced error—which TVision flagged as early as initial contentions—while depriving TVision of the right to develop its responsive case. *See Greatbatch Ltd. v. AVX Corp.*, C.A. No. 13-723, D.I. 381 (D. Del. Aug. 17, 2015) (Ex. A) (finding prejudice and granting motion to strike new infringement theory where "Defendants relied on Plaintiff's previous theory as the basis for their non-infringement and invalidity cases throughout fact discovery and for opening expert reports."). Permitting Nielsen to correct its mistake at this stage works a manifest injustice on TVision, an innocent party who is left hamstrung by, and unable to change, the decisions it made based on Nielsen's prior refusal to correct its unsupportable infringement position. This error alone merits reconsideration of the Court's Order.

**2.      The Order's Erroneous Holding That the Limited Fees It Awarded Resolve the Prejudice to TVision Warrants Reconsideration**

The second error of fact is the Order's implicit determination that the fees that it awarded were sufficient to resolve the prejudice Nielsen's mistake caused to TVision. The Order awarded TVision its reasonable fees that it paid to its rebuttal expert, Dr. Anderson, in generating his rebuttal non-infringement report, and its reasonable fees and costs in responding to the motion to amend and in briefing the motion to strike. D.I. 272 at 17-18. However, the new expenses faced by TVision as a result of Nielsen's mistake extend beyond those fees.

Nielsen sought and received a reset of portions of the schedule going back to the time of expert reports. D.I. 251-1 at Exs. 1-2 (proposed orders seeking to re-open fact discovery to permit amendment of the parties' interrogatory responses and contentions, as well as permission to submit new technical expert reports and amended damages expert reports, and that the Court "continue" the existing *Daubert* and summary judgment motions); D.I. 272 at 17-18 (granting motion). Subsequent to the Court's order, Nielsen proposed a schedule starting with "[s]upplemental identification of accused products and invalidity references," and supplemental responses to certain interrogatories, among other things. Ex. B at 2.

Nielsen's motion and proposed schedule will result in prejudice to TVision including attorneys' fees for TVision to negotiate the new schedule and address any related disputes, to review Nielsen's new contentions and expert reports and to coordinate responses, to address any discovery disputes related to those contentions and reports, and to potentially re-file summary judgment and *Daubert* briefing. Other unknown tasks may also arise in the interim. None of those fees would have been necessary absent Nielsen's mistaken infringement position. To the extent the Court otherwise denies TVision's motion for reconsideration, TVision requests that the Court amend its order to provide for attorneys' fees, expert fees, and costs for all activity from Nielsen's filing of its motion to amend until the case reaches the stage it was at prior to Nielsen's motion.

### B. The Order Erred as a Matter of Law Because Nielsen's Replacement Expert Is Not Entitled to Raise New Infringement Theories

Local Rule 7.1.3(c)(2) states that a party "shall not reserve material for the reply brief which should have been included in a full and fair opening brief." The Court found that Nielsen violated the local rule when it withheld "critical . . . details" from its opening brief, including a description of the error it intended to correct and of its new infringement theory. D.I. 272 at 7-8. Nielsen's actions deprived the Court of the opportunity to consider full briefing on those issues,[1] and as a result the Order ultimately errs as a matter of law in permitting Nielsen to substitute an expert with a new infringement argument at this late stage. TVision respectfully requests an opportunity to present its responsive arguments.

---

[1] The Order shifts the burden to TVision to correct Nielsen's violation of Local Rule 7.1.3(c)(2). But its suggested avenues to do so were likewise impermissible. Nielsen's offer to stipulate to a sur-reply was *contingent* on TVision agreeing to Nielsen filing a sur-sur-reply, in violation of Local Rule 7.1.2(b). And TVision understood that the Court prohibits new substantive positions at oral argument. *See Satius Holding, Inc. v. Samsung Elecs. Co., Ltd.*, C.A. No. 18-850-CJB, 2024 U.S. Dist. LEXIS 224948, at *9 (D. Del. Dec. 12, 2024) ("Oral argument is not the time for a party to spring new positions regarding important issues on its opponent and on the Court. Countenancing a contrary position would render motion briefing meaningless. And it would turn motion hearings into free-for-alls.").

"[T]he moving party's diligence, without which there is no good cause, [should be] measured from the day the moving party received" the information causing it to move to alter the scheduling order. *Biogen Inc. v. Sandoz Inc.*, C.A. No. 22-1190-GBW, 2025 U.S. Dist. LEXIS 43260, at *12 (D. Del. Mar. 10, 2025). Further, "[c]arelessness, or attorney error, . . . is insufficient to establish 'good cause' under Rule 16(b)." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701-02 (E.D. Pa. 2007); *see also Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) (holding that a party had not shown good cause where counsel could have been more diligent in conducting discovery, because "parties cannot avoid the consequences of the acts or omissions of [their] freely selected agent[s]" (internal quotation marks omitted)); *Scott v. N.Y. City Dep't of Corr.*, 445 Fed. App'x 389, 391 (2d Cir. 2011) (finding no abuse of discretion in the lower court's determination that the apparent negligence of plaintiff's former counsel was insufficient to establish "good cause" to amend the scheduling order because plaintiff freely chose her attorney); *Hazerci v. Technical Educ. Servs., Inc.*, No. 08-1092, 2009 U.S. Dist. LEXIS 45905, at *5 (E.D. Pa. May 29, 2009) (holding that attorney's self-declared miscalculation regarding the need to depose a witness did not constitute "good cause" to extend the discovery deadline, particularly because, among other reasons, the other party had already filed for summary judgment); *Banks v. City of Phila.*, 309 F.R.D. 287, 290-91 (E.D. Pa. 2015).

As the Order recognizes, Nielsen admitted in its reply brief that TVision contested Nielsen's infringement theory in TVision's interrogatory responses, but argued that TVision did not explain the basis for its contention. D.I. 272 at 10. As the Court noted, Nielsen also admitted that Dr. Anderson's November 21, 2023 rebuttal report "actually put Nielsen on Notice of TVision's specific position." *Id.* The Order reflects that Nielsen continued to check with Dr. Tanksale and his team. *Id.* at 10-11. It was only in May 2024 when "Nielsen's counsel continued to ask Dr. Tanksale and his team the same questions that they had previously asked regarding

7

his pseudocode analysis," that another member of Mr. Tanksale's team suggested that another test be run. *Id.* at 11. This led the Order to erroneously conclude that "Nielsen's counsel made continued efforts to demonstrate diligence." *Id.* at 11-12.

But in this context, Nielsen's alleged diligence should not save it. Courts in this Circuit preclude experts from changing their opinions just because the opposing side's expert has proven them wrong. In *Lehman Bros.*, for example, the Third Circuit affirmed the order of a district court denying the defendant a continuance to obtain expert witnesses. *Lehman Bros. Holdings, Inc.*, 785 F.3d at 102. The Third Circuit quoted the statement in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) that "parties cannot 'avoid the consequences of the acts or omissions of [their] freely selected agent[s]. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.'" *Id.* Likewise, in this District, experts are not permitted to advance a new infringement theory in their reply reports. *HSM Portfolio LLC v. Elpida Memory Inc.*, 2016 U.S. Dist. LEXIS 16786, at *12 (D. Del. Feb. 11, 2016) ("Plaintiffs should not be permitted to advance a new infringement theory in their reply report.") (citing Fed. R. Civ. P. 26(a)(2)(D)(ii)); *Acceleration Bay, LLC v. Amazon Web Servs.*, C.A. No. 22-904-RGA, 2024 U.S. Dist. LEXIS 164238, at *43 (D. Del. Sept. 12, 2024). The same is true here. Nielsen picked its experts. It should not be permitted to substitute replacement experts simply because its original experts' theory of infringement was proven by TVision's expert to be wrong.

Moreover, courts in the Third Circuit constrain even *replacement* experts from providing opinions that diverge from the opinions of a party's original expert. For example, courts have permitted substitutions of experts due to illness. *E.g., Nike Inc. v. Eastern Ports Custom Brokers*, 2024 U.S. Dist. LEXIS 6589 (D.N.J. Jan. 12, 2024). Under those circumstances, however, "[t]he purpose of allowing substitution of an expert is to put the movant in the same position it would have been in but for the need to change experts," and any

8

new expert report "may not provide an opinion that is contrary to or inconsistent with [the previous expert witness]." *Id.* (citing *Synygy, Inc. v. ZS Assocs., Inc.* 2015 U.S. Dist. LEXIS 99362, at \*3 (E.D. Pa. July 30, 2015)). In *Synygy v. ZS Assocs.*, the district court granted substitution of experts where the original expert had falsified his credentials, but stated, "[t]he purpose of allowing substitution of an expert is to put the movant in the same position it would have been in but for the need to change experts; it is not an opportunity to designate a better expert." 2015 U.S. Dist. LEXIS 99362 at \*8. The court precluded the replacement expert from providing an opinion that was contrary to or inconsistent with the original expert's opinion. *Id.*

Permitting Nielsen to substitute its expert to correct a mistake—to which the original expert does not admit (D.I. 256 at 5)—is a clear error of law warranting reconsideration.

### C.  TVision Alternatively Requests Its Ongoing Fees and Costs

In the alternative, if the Court declines to reconsider its grant of Nielsen's motion to amend, TVision respectfully moves for additional fees under Federal Rule of Civil Procedure 37 and the Court's inherent authority. Federal Rule of Civil Procedure 37 states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . the court, on motion and after giving an opportunity to be heard . . . **may order payment of the reasonable expenses, including attorney's fees, caused by the failure.**" Fed. R. Civ. P. 37 (emphasis added). It is undisputed, as set forth in the Court's order and in Nielsen's motion to amend, that Nielsen failed to disclose its error, its new infringement theory, and its related reports and contentions at the times required by the Scheduling Order, and the Court granted Nielsen's motion to amend seeking to re-set multiple case deadlines.

TVision respectfully requests that the Court award the full scope of additional attorney and expert witness fees caused by Nielsen's failure, in addition to the fees and costs awarded in the Order. As the Court acknowledged, "the current schedule was upended by no fault of [TVision]." D.I. 272 at 17. Yet, absent the award of prospective fees, TVision will nonetheless

9

be forced to bear the cost of partially re-doing contentions and expert discovery as to both technical and damages experts (which involves a great deal of attorney time), as well as potentially re-briefing *Daubert* and summary judgment—on new issues—all due to Nielsen's late disclosure. Nielsen's new theory may also raise new claim construction issues or cause new evidentiary disputes.  None of this would be necessary absent Nielsen's late disclosure.

An award of prospective fees is within the Court's power. *See, e.g.*, *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 121 (3d Cir. 1976) (affirming award of fees for future time); *Deseret Mgmt Corp. v. U.S.*, 97 Fed. Cl. 272, 275 (Fed. Cl. 2011) (awarding prospective expenses under Rule 37 for a second deposition caused by defendant's change in position in a late rebuttal expert report). Absent reconsideration of the Court's prior order, prospective fees are the best way to partially alleviate the prejudice to TVision. It is far easier for the parties and the Court to measure and address the reasonableness of the fees incurred going forward—and until the case catches up to where it was—than it would be to attempt to disentangle TVision's earlier relevant fees and costs from unrelated ones.

## V.    CONCLUSION

In granting Nielsen's motion to amend, the Court found that the circumstances here were "very unusual," D.I. 272 at 13, but in truth they were anything but. Nielsen found itself with a losing case, that it thinks might have been saved if it had made different decisions earlier on—hiring a more capable expert, devoting more attention to the pseudocode, devoting more effort to developing infringement contentions, and so on. Now it asks for a do-over. TVision respectfully submits that the Court erred in holding that Nielsen need not "live with the consequences of [their] decision[s,]" *Ebuddy Techs. B.V. v. Linkedin Corp.*, 2021 U.S. Dist. LEXIS 227815, at *27 n.16 (D. Del. Nov. 29, 2021) and thus requests that the Court grant reconsideration and deny Nielsen's motion to amend or, in the alternative, award TVision's ongoing reasonable fees and costs as set forth in the attached proposed orders.

                                        /s/ Lindsey M. Gellar
                                        Andrew E. Russell (No. 5382)
                                        Lindsey M. Gellar (No. 7202)
                                        SHAW KELLER LLP
                                        I.M. Pei Building
OF COUNSEL:                             1105 North Market Street, 12th Floor
Jason Xu                                Wilmington, DE 19801
RIMÔN LAW P.C.                          (302) 298-0700
1990 K. Street, NW, Suite 420          arussell@shawkeller.com
Washington, DC 20006                   lgellar@shawkeller.com
(202) 470-2141                          *Attorneys for Defendant*

Eric C. Cohen
RIMÔN LAW P.C.
P.O. Box B113
150 Fayetteville St, Suite 2800
Raleigh, NC 27601-2960
(984) 960-2860

Michael F. Heafey
RIMÔN LAW P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA 94025
(650) 461-4433

Dated: April 24, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2025, this document was served on the persons listed

below in the manner indicated:

**BY EMAIL:**

David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
(212) 808-7800
ckatz@kelleydrye.com

Steven Yovits
Constantine Koutsoubas
Jason P. Greenhut
Douglas Lewis
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
(312) 857-7070
syovits@kelleydrye.com
ckoutsoubas@kelleydrye.com
jgreenhut@kelleydrye.com
dlewis@kelleydrye.com

Matthew Chakmakian
KELLEY DRYE & WARREN LLP
One Jefferson Road 2nd Floor
Parsippany, NJ 07054
(973) 503-5900
mchakmakian@kelleydrye.com

Joshua B. Long
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd. Suite 900
Houston, TX 77027
(713) 355-5054
jlong@kelleydrye.com

*/s/ Lindsey M. Gellar*
Andrew E. Russell (No. 5382)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant*