# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TVISION INSIGHTS, INC., ) <br> ) <br> Defendant. ) | C.A. No. 22-57-CJB <br><br> **JURY TRIAL DEMANDED** <br><br> **HIGHLY CONFIDENTIAL –** <br> **FILED UNDER SEAL** |

## NIELSEN'S OPPOSITION TO
## TVISION'S MOTION FOR RECONSIDERATION AND FEES

OF COUNSEL:

Steven Yovits
Douglas Lewis
Constantine Koutsoubas
Jason P. Greenhut
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800

Joshua Long
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd Suite 900
Houston, TX 77027
Tel: (713) 355-5000

Dated: May 8, 2025
12215497 / 14944.00004

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company (US), LLC*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................... | 1 |
| II. | BACKGROUND ..................................................................................................... | 2 |
| III. | LEGAL STANDARD .............................................................................................. | 3 |
| IV. | ARGUMENT ........................................................................................................... | 4 |
| | A. THE COURT SHOULD NOT RECONSIDER ITS ORDER ............................... | 4 |
| |     1. TVISION IDENTIFIES NO ERROR OF FACT WARRANTING RECONSIDERATION ................................................................... | 4 |
| |     2. TVISION IDENTIFIES NO ERROR OF LAW WARRANTING RECONSIDERATION ................................................................... | 6 |
| | B. TVISION'S ALTERNATIVE REQUEST FOR PROSPECTIVE ATTORNEYS' FEES SHOULD BE DENIED....................................................... | 8 |
| V. | CONCLUSION........................................................................................................ | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acceleration Bay, LLC v. Amazon Web Servs.*,
  C.A. No. 22-904-RGA, 2024 U.S. Dist. LEXIS 164238 (D. Del. Sept. 12, 2024) ...................8

*AgroFresh Inc. v. Essentiv LLC*,
  C.A. No. 16-662-MN, 2019 U.S. Dist. LEXIS 109443 (D. Del. July 1, 2019).........................6

*At Home Sleep Sols., LLC v. Horizon Healthcare Servs.*,
  No. 18-3333, 2020 U.S. Dist. LEXIS 45477 (D.N.J. Mar. 16, 2020)........................................7

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991)...................................................................................................................9

*Cirba Inc. v. Vmware, Inc.*,
  C.A. No. 19-742-GBW, 2023 U.S. Dist. LEXIS 39487 (D. Del. Mar. 9, 2023) .....................3

*Deseret Mgmt Corp. v. U.S.*,
  97 Fed. Cl. 272 (Fed. Cl. 2011) .............................................................................................10

*ECB USA, Inc. v. Savencia, S.A.*,
  C.A. No. 19-731-GBW-CJB, 2024 U.S. Dist. LEXIS 196790 (D. Del. Oct. 29,
  2024) ..............................................................................................................................3, 4, 5, 6

*GE v. LPP Combustion, LLC*,
  C.A. No. 22-720-GBW, 2024 U.S. Dist. LEXIS 128409 (D. Del. Jul. 22,
  2024) .......................................................................................................................................3, 4

*HSM Portfolio LLC v. Elpida Memory Inc.*,
  C.A. No. 11-770-RGA, 2016 U.S. Dist. LEXIS 16786 (D. Del. Feb. 11, 2016).......................8

*Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortgage Services, L.P.*,
  785 F.3d 96 (3d Cir. 2015).......................................................................................................7

*Lindy Bros Builders v. American Radiator & Standard Sanitary Corp.*,
  540 F.2d 102 (3d Cir. 1976)...................................................................................................10

*Link v. Wabash R.R. Co.*,
  370 U.S. 626 (1962).................................................................................................................7

*Newborn Bros. Co. v. Albion Eng'g Co.*,
  No. 12-cv-02999-NLH-AMD, 2023 U.S. Dist. LEXIS 224454 (D.N.J. Dec. 18, 2023) ..........7

*Nike Inc. v. Eastern Ports Custom Brokers*,
  No. 11-04390, 2024 U.S. Dist. LEXIS 6589 (D.N.J. Jan. 12, 2024)........................................8

*Reputation.com, Inc. v. Birdeye, Inc.*,
    C.A. No. 21-129-CJB, 2024 U.S. Dist. LEXIS 90822 (D. Del. May 21, 2024) ........................ 9

*Synygy, Inc. v. ZS Assocs., Inc.*,
    No. 07-3536, 2015 U.S. Dist. LEXIS 99362 (E.D. Pa. July 30, 2015) ...................................... 8

**Statutes**

35 U.S.C. § 285 ................................................................................................................................ 10

**Other Authorities**

D. Del. LR 7.1.5 ................................................................................................................................ 3

Fed. R. Civ. P. 26(a) ........................................................................................................................ 9

Fed. R. Civ. P. 26(e) ........................................................................................................................ 9

Fed. R. Civ. P. 37(c)(1) .................................................................................................................... 9

Fed. R. Civ. P. 37(c)(1)(A) .............................................................................................................. 8

Fed. R. Civ. P. 54(d) ...................................................................................................................... 10

**I.     INTRODUCTION**

Motions for reconsideration are seldom granted and are solely for correcting a court's misunderstandings of law or fact, taking into account newly-available facts, or considering new controlling law. They are ***not*** for disagreeing with a court's reasoning or decisions or asking for a different decision on the same facts and law.

In its Motion for Reconsideration, TVision attempts to improperly recast its disagreement with the Court's analysis and reasoning as supposed errors of law and fact. For example, TVision disagrees with the Court's decision that the prejudice to TVision resulting from re-opening expert discovery can be remedied by the limited award of certain past attorneys' fees. TVision attempts to mischaracterize the Court's analysis as a misunderstanding of the so-called "fact" that the prejudice is not completely remedied. But the court's analysis and conclusion that the prejudice is remediable is not a "fact"—it is a reasoned decision based on facts the Court correctly understood. Those facts include that TVision will have to face certain additional costs and that the parties did not depose experts or fact witnesses about certain subject matter. In reality, it is the ***conclusion*** the Court reached based on consideration of those facts that TVision disputes. That is not a proper basis for a motion for reconsideration.

Similarly, TVision argues that the Court made a mistake of law in exercising its discretion to reset the case schedule to allow new expert reports with new infringement theories. But the Court's decision was not a mistake of law. It was a ***conclusion*** based on a correct understanding of the Court's discretion. TVision's disagreement with the Court's reasoning and conclusion cannot support a motion for reconsideration.

Finally, TVision asks the Court to award its future attorneys' fees, despite the fact that the Court has already decided the issue of fees and despite the absence of any authority justifying a request for additional (or prospective) fees.

1

**II.     BACKGROUND**

After the exchange of technical expert reports in this case, Nielsen learned "that its testifying technical experts made a significant error" and that "[g]iven the magnitude of the error, Nielsen cannot present the testimony outlined in its experts' reports at trial, as it would be providing the jury inaccurate information." (D.I. 250 (Memorandum Order (the "Order")) at 1-2.) Upon discovering and confirming this error, Nielsen promptly moved to amend the scheduling order. (*See* D.I. 272 at 4; D.I. 250 (Emergency Motion to Amend the Scheduling Order (the "Motion")).) In its Motion, Nielsen asked "that the Court order the parties to meet and confer on a new expert discovery schedule that will allow new technical expert reports and the amendment of existing damages expert reports to the extent necessary to address the new technical expert reports and/or respond to the other party's new expert reports." (D.I. 250 at 10.) In its Order, the Court granted Nielsen's Motion, finding that good cause existed because Nielsen "diligently addressed [its experts'] error once it came to light." (D.I. 272 at 4, 12.) The Court also found there was "no indication of gamesmanship [by Nielsen]; indeed, the record suggests the opposite." (*Id.* at 16.)

The Court's Order found that TVision's prejudice "can be remedied." (*Id.* at 16-17.) Specifically, the Court rejected TVision's characterization of the amended schedule as (a) resulting in uncurable prejudice, and (b) "essentially re-starting the case as to infringement." (*See id.* ("[TVision's prejudice] can be remedied. …[T]he relief here does not seem as drastic as that, since the error relates to evidence of infringement of one claim limitation . . . the parties did not depose any technical expert witnesses; they did not depose any fact witnesses about pseudocode; and TVision itself had moved to serve supplemental expert reports to address source code shortly before Nielsen's error was discovered.").) The Court ordered Nielsen "to reimburse TVision for: (1) its reasonable fees that it paid to its rebuttal expert, Dr. Anderson, in generating

2

his rebuttal to Dr. Tanksale's and Dr. Moulin's expert reports regarding infringement; and (2) its reasonable fees and costs in responding to the motion to amend and in briefing the motion to strike." (D.I. 272 at 17.)

The Court's Order denied TVision's motion to strike portions of Nielsen's reply, rejecting TVision's allegations of "sandbagging" and noting that TVision had declined Nielsen's offer of a sur-reply and failed to request oral argument. (*Id.* at 14.)

### III.  LEGAL STANDARD

Motions for reconsideration are "sparingly granted." D. Del. LR 7.1.5. Motions for reconsideration fail if they "raise[] nothing new other than a disagreement with the outcome of the Court' [sic] ruling." *See ECB USA, Inc. v. Savencia, S.A.*, C.A. No. 19-731-GBW-CJB, 2024 U.S. Dist. LEXIS 196790, at *5 (D. Del. Oct. 29, 2024). The decision to grant such a motion lies squarely within the Court's discretion. *See id.* at *4.

"To succeed on a motion for reconsideration, a party must demonstrate: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *GE v. LPP Combustion, LLC*, C.A. No. 22-720-GBW, 2024 U.S. Dist. LEXIS 128409, at *2 (D. Del. Jul. 22, 2024) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A movant can satisfy these factors "only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *See Cirba Inc. v. Vmware, Inc.*, C.A. No. 19-742-GBW, 2023 U.S. Dist. LEXIS 39487, at *4 (D. Del. Mar. 9, 2023) (internal quotations omitted).

## IV. ARGUMENT

### A. THE COURT SHOULD NOT RECONSIDER ITS ORDER

TVision bases its Motion on an alleged need to correct a clear error of law or fact. D.I 279 at 2. But TVision fails to identify any actual error of fact or law, any newly-available facts, new controlling law, or any "manifest injustice." *See GE v. LPP Combustion, LLC*, 2024 U.S. Dist. LEXIS 128409, at *2.

The purported errors TVision cites are simply TVision's disagreement with the Court's reasoning and ultimate decisions. This is insufficient to warrant reconsideration. *See ECB USA*, 2024 U.S. Dist. LEXIS 196790, at *5 ("Plaintiffs' present motion raises nothing new other than a disagreement with the outcome of the Court' [sic] ruling. Plaintiffs' motion does not raise a manifest error of law or fact or any newly discovered evidence. Simply put, Plaintiffs' dissatisfaction with the outcome of their motion to strike is not a valid basis for reargument."). Accordingly, the Court should deny TVision's request for reconsideration.

#### 1. TVISION IDENTIFIES NO ERROR OF FACT WARRANTING RECONSIDERATION

TVision alleges that the Court made two errors of fact in its Order, both of which relate to TVision's alleged prejudice: (1) that "prejudice to TVision 'can be remedied' by an award of fees and costs," and (2) that "the fees and costs it awarded were sufficient to resolve the prejudice" to TVision. (D.I. 279 at 2). But those allegations do not relate to any error of fact or any fact that the Court failed to properly apprehend. Rather, they are mere disagreements with the Court's reasoning and conclusion about remedying any potential prejudice that do not warrant reconsideration of the Order. *See ECB USA*, 2024 U.S. Dist. LEXIS 196790, at *5.

The Court considered numerous facts in arriving at its conclusion regarding how to remedy any potential prejudice to TVision, including "(1) the parties did not depose any

4

technical expert witnesses; (2) they did not depose any fact witnesses about pseudocode; and (3) TVision itself had moved to serve supplemental expert reports to address source code shortly before Nielsen's error was discovered." (D.I. 272 at 17.) TVision does not claim that these (or any other) facts supporting the Court's conclusion are erroneous or that the Court failed to understand these or any other facts before it.

TVision asserts the Court failed to consider that its (never identified) "strategic choices" in litigating the case cannot be unwound. (*See* D.I. 279 at 4-5.) Even if this were true, it would not be an "error of fact" because TVision is again disputing the Court's conclusions, not the facts underlying the conclusions. TVision featured the argument prominently in its opposition to Nielsen's Motion: "TVision has developed its case based on Nielsen's contentions, including through prior art searching, what claim construction positions it elected to assert, as well as via its non-infringement positions and Daubert and summary judgment motions. TVision is prejudiced because there is no way to undo the positions TVision has taken to date and to put TVision back in the position it would have been in had Nielsen timely asserted its new infringement position when it was due at the start of the case, 21 months ago." (D.I. 256 at 18.) The Court considered and rejected TVision's argument. (*See* D.I. 272 at 16-17 ("[T]he relief here does not seem as drastic as that, since the error relates to evidence of infringement of one claim limitation . . . the parties did not depose any technical expert witnesses; they did not depose any fact witnesses about pseudocode; and TVision itself had moved to serve supplemental expert reports to address source code shortly before Nielsen's error was discovered.").) The Court's rejection of TVision's argument is not an error of fact, and TVision's disagreement with the Court's conclusion cannot justify its request for reconsideration. *See ECB*

5

*USA*, 2024 U.S. Dist. LEXIS 196790, at *5 (a party's "dissatisfaction with the outcome of their motion to strike is not a valid basis for reargument.").

TVision also asserts that the Court made an error of fact by failing to understand that the fees it has already awarded do not cure all alleged prejudice to TVision. (D.I. 279 at 5-6.) But even if this were true, it would not be an error of fact. Rather, the Court's holding that the "prejudice is not insurmountable" was the Court's *evaluation* of the facts before it. (D.I. 272 at 16.) The Court did not "misapprehend" those facts; it acknowledged that TVision may incur additional fees as a result of its order. (*See* D.I. 272 at 16 ("There have been—and there may well be in the future—some additional costs that TVision will face due to these circumstances, which it would not have born but for the error at issue.").) Accordingly, the Court already decided how to best remedy TVision's prejudice.[1] *See AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662-MN, 2019 U.S. Dist. LEXIS 109443, at *4 (D. Del. July 1, 2019) (denying motion for reargument where "Plaintiff assert[ed] that 'the Court did not appreciate the significance of the prejudice'" and finding that "the Court reviewed and understood the arguments presented, including the arguments as to potential prejudice"). TVision's disagreement with the Court's determination is not an error of fact warranting reconsideration. *See ECB USA*, 2024 U.S. Dist. LEXIS 196790, at *5.

### 2. TVISION IDENTIFIES NO ERROR OF LAW WARRANTING RECONSIDERATION

TVision asserts that the Court made an error of law, arguing that "Nielsen's replacement expert is not entitled to raise new infringement theories." (D.I. 279 at 6.) But the Court did not

---

[1] In arguing that it has been severely prejudiced, TVision ignores the *benefit* it gained as a result of the amended schedule: a substantial reduction in the length of any potential injunction Nielsen could obtain. The patent in suit expires on March 5, 2026, and thus, if the case had been tried in October 2024, TVision could have been enjoined for well over a year. Instead, the amended schedule will allow for, at best, a few weeks of injunction time.

6

make an error of law, as it is well within the Court's discretion to decide that good cause exists to modify a schedule and allow new expert reports with new infringement theories. *See At Home Sleep Sols., LLC v. Horizon Healthcare Servs.*, No. 18-3333, 2020 U.S. Dist. LEXIS 45477, at *6 (D.N.J. Mar. 16, 2020) ("The Court has discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement.") (internal quotes omitted); *Newborn Bros. Co. v. Albion Eng'g Co.*, No. 12-cv-02999-NLH-AMD, 2023 U.S. Dist. LEXIS 224454, at *7-10 (D.N.J. Dec. 18, 2023) (denying motion *in limine* to exclude opinion of substitute expert despite finding that "[substitute expert]'s opinions depart from [original expert]'s more significantly than the Court anticipated during its [hearing permitting a substitute expert]".)

TVision cites no cases that would limit the Court's discretion to modify the schedule to allow new reports with new infringement theories. Instead, TVision cites two cases in which courts declined to find an abuse of discretion in unrelated circumstances. (D.I. 279 at 8.) Specifically, in *Lehman Bros.*, the Third Circuit found the trial court did not abuse its discretion in declining to modify a discovery schedule, where the purported "good cause" was a change in counsel after original counsel had failed to retain an expert and was therefore not diligent. *See Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortgage Services, L.P.*, 785 F.3d 96, 102 (3d Cir. 2015). And in *Link*, the Supreme Court declined to find an abuse of discretion in the trial court's dismissal of a case in which plaintiff's counsel had showed a repeated lack of diligence, ultimately failing to appear at the pretrial conference. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-35 (1962). Conversely, here, the Court carefully considered the facts and found that Nielsen had been diligent. (D.I. 272 at 11-12.)

7

TVision also cites cases in which, unlike this case, ***no motion to amend the schedule was filed***—and thus, no good cause was shown. *See HSM Portfolio LLC v. Elpida Memory Inc.*, C.A. No. 11-770-RGA, 2016 U.S. Dist. LEXIS 16786, at *12 (D. Del. Feb. 11, 2016); *Acceleration Bay, LLC v. Amazon Web Servs.*, C.A. No. 22-904-RGA, 2024 U.S. Dist. LEXIS 164238, at *43 (D. Del. Sept. 12, 2024). In contrast, here, Nielsen asked for and received permission to submit new reports after showing good cause, including diligence.

Finally, TVision cites cases involving the substitution of an expert where, unlike here, the substituting party ***did not ask*** to introduce new expert opinions. *See Nike Inc. v. Eastern Ports Custom Brokers*, No. 11-04390, 2024 U.S. Dist. LEXIS 6589, at *6 (D.N.J. Jan. 12, 2024) ("[The new expert] has agreed to adopt [the prior expert's] reports and sit for a deposition prior to trial"); *Synygy, Inc. v. ZS Assocs., Inc.*, No. 07-3536, 2015 U.S. Dist. LEXIS 99362, at *3-4 (E.D. Pa. July 30, 2015).

### B. TVISION'S ALTERNATIVE REQUEST FOR PROSPECTIVE ATTORNEYS' FEES SHOULD BE DENIED

The Court should deny TVision's request for "additional fees under Federal Rule of Civil Procedure 37 and the Court's inherent authority." (D.I. 279 at 9.) First, this is a procedurally improper motion because a request for prospective fees was not addressed in the Court's order and not ripe for reconsideration. Second, the Court has already considered how to best remedy any prejudice to TVision and exercised its discretion to award TVision certain past fees. (D.I. 272 at 17.)

TVision fails to present any factual or legal basis under Federal Rule of Civil Procedure 37(c)(1)(A), the section of the Rule upon which TVision relies, for the Court to reevaluate its fee award. This section of the Rule provides that the court "may order payment of the reasonable expenses, including attorney's fees" when "a party fails to provide information … as required by

8

Rule 26(a) or (e) … unless the failure was substantially justified or is harmless." But Nielsen did not fail to provide information as required by Rule 26(a), which relates in relevant part to expert disclosures, or 26(e), which requires supplementation of expert disclosures. It is undisputed that Nielsen properly disclosed its original expert reports by the deadlines in the scheduling order. And upon discovery of an error in these reports, Nielsen immediately took steps to supplement by moving to amend the scheduling order to correct that error. The Court already found Nielsen was diligent in doing so. (D.I. 272 at 12.) TVision thus has not (and could not) show any violation of Rule 26(a) or (e), which is prerequisite for attorneys' fees under Rule 37(c)(1). *See* Fed. R. Civ. P. 37(c)(1).

TVision does not present any cogent reason why the Court should grant additional fees under its inherent authority. Nor could it, as the court's inherent authority to award fees is a sanction reserved for instances in which "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *see also Reputation.com, Inc. v. Birdeye, Inc.*, C.A. No. 21-129-CJB, 2024 U.S. Dist. LEXIS 90822, at *9 (D. Del. May 21, 2024). The Court has already held that such circumstances do not apply here, and that there is "no indication of gamesmanship [by Nielsen]; indeed, the record suggests the opposite." (D.I. 272 at 16.)

Setting aside for the moment the fact that TVision has not justified the award of ***any*** additional fees, TVision certainly cannot justify its request that the Court award ***prospective***

*fees*.[2]  Only one of the cases TVision cites awarded prospective fees,[3] and it did so only after estimating a specific number of attorney hours that would be needed to complete specific work necessary to "wind up settlement administration" in relation to a class action lawsuit.  *See Lindy Bros Builders v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 121-22 (3d Cir. 1976).  This case is not applicable here, as any prospective fee award (beyond that which the Court already ordered) would be too speculative.

TVision's claim that it would be "easier for the parties and the Court to measure and address the reasonableness of the fees incurred going forward" (D.I. 279 at 10) is similarly meritless.  TVision cites no case in which a court awarded forward-looking fees for ease or convenience, as the relevant authorities here (Fed. R. Civ. P. 54(d) and 35 U.S.C. § 285) both limit consideration of any award of costs (and in exceptional cases, fees) to the prevailing party only at the conclusion of the case.  TVision should not be permitted to circumvent those limitations.

## V.    CONCLUSION

For the reasons stated above, Nielsen respectfully requests the Court deny TVision's Motion for Reconsideration and Fees.

---

[2] TVision effectively asks for a double recovery for its technical expert's report. In particular, the Court already awarded "reasonable fees that [TVision] paid to its rebuttal expert, Dr. Anderson, in generating his rebuttal to Dr. Tanksale's and Dr. Moulin's expert reports regarding infringement."  (D.I. 272 at 17.)  If the Court were to grant TVision's prospective fee request, Nielsen would have to pay *twice* for TVision's expert's reports—once for the past report and once for the future report.

[3] Contrary to TVision's assertion, *Deseret Mgmt Corp. v. U.S.*, 97 Fed. Cl. 272, 275 (Fed. Cl. 2011) did ***not*** award prospective deposition costs.  Instead, the Court awarded to the plaintiff its expenses associated with past briefing.  *Id.*

10

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By: */s/ David E. Moore*<br>    David E. Moore (#3983)<br>    Bindu A. Palapura (#5370)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE 19801<br>    Tel: (302) 984-6000<br>    dmoore@potteranderson.com<br>    bpalapura@potteranderson.com<br><br>*Attorneys for Plaintiff The Nielsen Company (US), LLC* |

OF COUNSEL:

Steven Yovits
Douglas Lewis
Constantine Koutsoubas
Jason P. Greenhut
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800

Joshua Long
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd Suite 900
Houston, TX 77027
Tel: (713) 355-5000

Dated: May 8, 2025
12215497 / 14944.00004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## **CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 8, 2025, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed.

I hereby certify that on May 8, 2025, the attached document was electronically mailed to the following person(s):

| | |
|---|---|
| John W. Shaw<br>Nathan R. Hoeschen<br>Andrew E. Russell<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>SKTVision@shawkeller.com | Jason Xu<br>RIMON LAW<br>1990 K. Street, NW, Suite 420<br>Washington, DC 20006<br>jason.xu@rimonlaw.com |
| Michael F. Heafey<br>RIMON LAW P.C.<br>800 Oak Grove Avenue, Suite 250<br>Menlo Park, CA 94025<br>michael.heafey@rimonlaw.com | Eric C. Cohen<br>RIMON LAW<br>4030 Wake Forest Road<br>Suite 300<br>Raleigh, NC 27609<br>Tel: (302) 960-2860<br>eric.cohen@rimonlaw.com |

By: */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

10164933 / 14944.00004