IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-057-CJB |
| | ) | |
| TVISION INSIGHTS, INC., | ) | **CONFIDENTIAL -** |
| | ) | **FILED UNDER SEAL** |
| Defendant. | ) | |

## TVISION INSIGHTS, INC.'S OPPOSITION TO
## THE NIELSEN COMPANY (US), LLC'S MOTION TO MAINTAIN UNDER SEAL

OF COUNSEL:
Jason Xu
RIMÔN LAW P.C.
1990 K. Street, NW, Suite 420
Washington, DC 20006
(202) 470-2141

Eric C. Cohen
RIMÔN LAW P.C.
4030 Wake Forest Road, Suite 300
Raleigh, NC 27609
(984) 960-2860

Michael F. Heafey
RIMÔN LAW P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA 94025
(650) 461-4433

Dated: May 8, 2025

Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
nhoeschen@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant*

TVision opposes Nielsen's motion. The information Nielsen proposes to redact does not include trade secrets or confidential information. Instead, Nielsen seeks to hide from the public the fact that its experts made a significant mistake and that this Court has granted Nielsen's motion. The party seeking the protective order has the burden of persuasion; to meet that burden, the party seeking the protective order must show good cause by demonstrating a particular need for protection. *See Cippollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). This requires a showing that the disclosure of the information will "cause a clearly defined and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). Nielsen has failed to meet its burden here.

The Third Circuit applies "the more rigorous common law right of access when discovery materials are filed as court documents." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 670 (3rd Cir. 2019). In addition to recognizing fewer reasons to justify the sealing of court records, the public right of access—unlike a Rule 26 inquiry—begins with a presumption in favor of public access. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192-93 (3d Cir. 2001). Finally, the First Amendment right of public access attaches to, *inter alia*, civil trials. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1061 (3d Cir. 1984).

There is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith. *Avandia*, 924 F.3d at 672. The party seeking to overcome the presumption of access bears the burden of showing "that the interest in secrecy outweighs the presumption." *Id.*

Here, Nielsen fails to articulate a sufficient reason for its proposed redactions. The potential for embarrassment and bad press caused by the mistake made by Nielsen's experts

1

provide no reason to redact that information from the public. *Pact XPP Schweiz AG v. Intel. Corp.*, C.A. No. 19-1006-JDW, 2023 U.S. Dist. LEXIS 245718, at *5 (D. Del. Oct. 30, 2023) (denying motion to redact that "seem[ed] more concerned with protecting information that's merely embarrassing for PACT than with preventing disclosure of confidential business information"). Under the First Amendment, the public is entitled to know what happened in this case.

|  |  |
|---|---|
|  | /s/ Lindsey M. Gellar |
|  | Andrew E. Russell (No. 5382) |
| OF COUNSEL: | Nathan R. Hoeschen (No. 6232) |
| Jason Xu | Lindsey M. Gellar (No. 7202) |
| RIMÔN LAW P.C. | SHAW KELLER LLP |
| 1990 K. Street, NW, Suite 420 | I.M. Pei Building |
| Washington, DC 20006 | 1105 North Market Street, 12th Floor |
| (202) 470-2141 | Wilmington, DE 19801 |
|  | (302) 298-0700 |
| Eric C. Cohen | arussell@shawkeller.com |
| RIMÔN LAW P.C. | nhoeschen@shawkeller.com |
| 4030 Wake Forest Road, Suite 300 | lgellar@shawkeller.com |
| Raleigh, NC 27609 | *Attorneys for Defendant* |
| (984) 960-2860 |  |

Michael F. Heafey
RIMÔN LAW P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA 94025
(650) 461-4433

Dated: May 8, 2025

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 8, 2025, this document was served on the persons listed

below in the manner indicated:

<u>**BY EMAIL:**</u>

David E. Moore
Bindu A. Palapura
Malisa C. Dang
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
mdang@potteranderson.com

Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
(212) 808-7800
ckatz@kelleydrye.com

Steven Yovits
Constantine Koutsoubas
Jason P. Greenhut
Douglas Lewis
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
(312) 857-7070
syovits@kelleydrye.com
ckoutsoubas@kelleydrye.com
jgreenhut@kelleydrye.com
dlewis@kelleydrye.com

Matthew Chakmakian
KELLEY DRYE & WARREN LLP
One Jefferson Road 2nd Floor
Parsippany, NJ 07054
(973) 503-5900
mchakmakian@kelleydrye.com

Joshua B. Long
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd. Suite 900
Houston, TX 77027
(713) 355-5054
jlong@kelleydrye.com

3

*/s/ Lindsey M. Gellar*
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
nhoeschen@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant*

4