# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC,  )<br>  )<br>Plaintiff,  )<br>  )    C.A. No. 22-57-CJB<br>v.  )<br>  )    **JURY TRIAL DEMANDED**<br>TVISION INSIGHTS, INC.,  )<br>  )<br>Defendant.  ) | |

## PROPOSED SCHEDULE

Pursuant to the Court's Order of May 5, 2025 (D.I. 283), Plaintiff The Nielsen Company (US), LLC ("Nielsen") and Defendant TVision Insights, Inc. ("TVision") respectfully submit this Proposed Schedule for the Court's consideration.

Both parties reserve their right to object that the other party's papers associated with the items below are not in compliance with Court's order on Nielsen's motion to leave to amend (D.I. 272). For clarification with respect to this reservation, it is TVision's position that the parties are bound by the Court's order that "the parties will not be re-doing anything except for what absolutely has to be altered in light of Plaintiff's new infringement position regarding the single frame limitation." D.I. 283. Any disputes regarding this issue are better addressed at the time the items listed in the schedule below are served. For the record, it is TVision's position that, any modifications to a party's prior contentions and contention interrogatory responses, expert reports, or positions should be limited solely to those edits absolutely necessary to address Nielsen's new infringement theory as set forth in Nielsen's reply brief on its motion to amend and the associated declarations filed therewith. *See* D.I. 257-260. Thus, it is TVision's position that Nielsen's new expert must otherwise adopt the opinions of its prior expert with no material changes and that the parties' damages expert reports should be amended only to the extent

absolutely necessary, if at all, to address the new technical expert reports, and no new accused products or damages theories will be permitted.

For its clarification with respect to this reservation, Nielsen agrees that the parties are bound by the Court's orders (D.I. 272 & 283). In the below schedule, Nielsen believes the parties have identified the bounds of each scheduled task to reflect "what absolutely has to be altered in light of Plaintiff's new infringement position regarding the single frame limitation." *See* D.I. 283. In following that order with respect to its new experts, Nielsen will follow the Court's standard in *Novo Nordisk*, such that other than Nielsen's new infringement position and the addition of source code into the case, "newly-submitted reports and testimony need not be 'identical' in form to that of the prior expert, they: (a) must not be 'contrary to or inconsistent with' the prior expert's opinions nor 'change the analysis' from those prior opinions; (b) must therefore be 'substantially similar' to the prior opinions and (c) must be limited to addressing no more than the same 'subject matter and theories espoused' in the prior opinions." *Novo Nordisk Inc. et al v. Orbicular Pharmaceutical Technologies Pvt. Ltd.*, C.A. No. 22-856, D.I. 327 (D. Del. Mar. 22, 2024).

| ITEM | NIELSEN'S PROPOSED DATES | TVISION'S PROPOSED DATES |
|---|---|---|
| Nielsen to stipulate with ACRCloud under paragraph 8.3 of the protective order in C.A. No. 22-1344 (D.I. 36) to make relevant ACRCloud source code that was made available for inspection in C.A. No. 1344 available for inspection in this case. | May 5, 2025 | June 2, 2025 |

| ITEM | NIELSEN'S PROPOSED DATES | TVISION'S PROPOSED DATES |
|---|---|---|
| Nielsen's Final Infringement Contentions / Claim Charts. In addition to changes based on Nielsen's new infringement position and the addition of the source code to the case, Nielsen can make changes to its burden of proof reports consistent with *Novo Nordisk*. | May 23, 2025 | June 23, 2025 |
| TVision's Final Invalidity Contentions / Claim Charts; TVision's Response to Nielsen's Final Infringement Contentions (Supplement Response to Nielsen Interrogatory No. 5) consistent with the Court's granting of Nielsen's Emergency Motion with modifications limited to adjusting invalidity positions in ways that are related to Nielsen's revised infringement positions. | June 4, 2025 | July 14, 2025 |
| Nielsen's Response to TVision's Final Invalidity Contentions (Supplement Response to TVision Interrogatory No. 9). If TVision modifies its invalidity contentions, Nielsen can respond to the changes in TVision's Invalidity Contentions. | June 13, 2025 | July 23, 2025 |
| Opening expert reports by party with burden of proof. In addition to changes based on Nielsen's new infringement position and the addition of the source code to the case, Nielsen can make changes to its burden of proof reports consistent with *Novo Nordisk*. | June 20, 2025 | August 29, 2025 |
| Responsive expert reports by party without burden of proof. Nielsen's expert may make substantive changes to respond to new opinions by TVision's expert. Nielsen's expert may also make changes consistent with *Novo Nordisk*. | July 11, 2025 | September 26, 2025 |
| Reply expert reports by party with burden of proof. In addition to changes based on Nielsen's new infringement position and the addition of the source code to the case, Nielsen's experts can make changes to reply reports consistent with *Novo Nordisk*. | July 25, 2025 | October 17, 2025 |
| Expert depositions reasonably related to any changes in the expert reports complete by this date. | August 8, 2025 | November 21, 2025 |

| ITEM | NIELSEN'S PROPOSED DATES | TVISION'S PROPOSED DATES |
|---|---|---|
| Parties to re-file existing summary judgment and *Daubert* motions and related briefing, with no changes except that parties may withdraw prior motions, and that TVision may file a new summary judgment motion regarding Nielsen's new infringement theory and may present new *Daubert* motions or issues regarding Nielsen's new expert(s), in a total of no more than 10 pages of additional briefing. Nielsen may file new *Daubert* motions relating solely to TVision's new expert opinion(s), and not to any prior opinions, in a total of no more than 10 pages of additional briefing. | August 29, 2025 | December 19, 2025 |
| Parties to re-file existing opposition briefs regarding summary judgment and *Daubert* motions. Nielsen may additionally file an opposition of no more than 10 pages regarding any new summary judgment or *Daubert* issues, and TVision may file an opposition of no more than 10 pages regarding any new *Daubert* issues presented by Nielsen. | September 17, 2025 | January 16, 2026 |
| Parties to re-file existing reply briefs re summary judgment and *Daubert* motions. TVision may additionally file a reply of no more than 5 pages in support of any new summary judgment motion or *Daubert* issues, and Nielsen may file a reply of no more than 5 pages in support of any new *Daubert* issues. | October 1, 2025 | February 13, 2026 |
| Hearing on summary judgment and *Daubert* motions (subject to availability of the Court) | October __, 2025 | April ___, 2026 |
| Joint Proposed Final Pretrial Order | December 1, 2025 | July __, 2026 |
| Pretrial conference (subject to availability of the Court) | December 8, 2025 | July __, 2026 |
| Trial (subject to availability of the Court) | December __, 2025 | July __, 2026 |

4

| | |
|---|---|
| POTTER ANDERSON & CORROON LLP | SHAW KELLER LLP |
| By: */s/ David E. Moore*<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com | By: */s/ Nathan R. Hoeschen*<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>nhoeschen@shawkeller.com<br>arussell@shawkeller.com |
| *Attorneys for Plaintiff The Nielsen Company (US), LLC* | *Attorneys for Defendant TVision Insights, Inc.* |

Dated: May 8, 2025
12216258 / 14944-00004

**SO ORDERED** this _____ day of May, 2025.

_____
United States Magistrate Judge