IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-057-CJB |
| | ) | |
| TVISION INSIGHTS, INC., | ) | **CONFIDENTIAL –** |
| | ) | **FILED UNDER SEAL** |
| Defendant. | ) | |

### REPLY BRIEF IN SUPPORT OF TVISION INSIGHTS, INC.'S MOTION FOR FEES AND COSTS

OF COUNSEL:
Jason Xu
RIMÔN LAW P.C.
1990 K. Street, NW, Suite 420
Washington, DC 20006
(202) 470-2141

Eric C. Cohen
RIMÔN LAW P.C.
P.O. Box B113
150 Fayetteville St, Suite 2800
Raleigh, NC 27601-2960
(984) 960-2860

Michael F. Heafey
RIMÔN LAW P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA 94025
(650) 461-4433

Dated: May 15, 2025

Andrew E. Russell (No. 5382)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant*

# **TABLE OF AUTHORITIES**

**Cases**

*Amico v. New Castle Cnty.*,
    654 F. Supp. 982 (D. Del. 1987) .................................................................................. 1

*Deseret Mgmt Corp. v. United States*,
    97 Fed. Cl. 272 (Fed. Cl. 2011) .................................................................................. 4

*Glaxosmithkline LLC v. Glenmark Pharm. Inc.*,
    C.A. No. 14-877-LPS-CJB, 2017 U.S. Dist. LEXIS 237217 (D. Del. Jan. 9, 2017) ................. 3

*Goodyear Tire & Rubber Co. v. Haeger*,
    581 U.S. 101 (2017) .................................................................................. 3, 4

*Knighton v. Watkins*,
    616 F.2d 795 (5th Cir. 1980) .................................................................................. 1

*Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*,
    540 F.2d 102 (3d Cir. 1976) .................................................................................. 3, 4

**Statutes**

35 U.S.C. § 285 .................................................................................. 4

**Rules**

D. Del. Local Rule 7.1.5(a) .................................................................................. 1

Fed. R. Civ. P. 16(f) .................................................................................. 2

Fed. R. Civ. P. 26(a) .................................................................................. 2, 3

Fed. R. Civ. P. 26(e) .................................................................................. 2, 3

Fed. R. Civ. P. 26(f) .................................................................................. 2

Fed. R. Civ. P. 37 .................................................................................. *passim*

Fed. R. Civ. P. 37(b) .................................................................................. 2

Fed. R. Civ. P. 37(c) .................................................................................. 1, 3

Fed. R. Civ. P. 54(d) .................................................................................. 4

TVision's fee request is procedurally proper, and the Court may award such fees.[1]

First, TVision moved for reconsideration and, *in the alternative*, for fees and costs. D.I. 278. Nielsen incorrectly characterizes TVision's motion for fees as "procedurally improper . . . because a request for prospective fees was not addressed in the Court's order and not ripe for reconsideration." D.I. 284 at 8.  But TVision is permitted to file a freestanding motion for fees in addition to its motion for reconsideration.  *See, e.g.*, Fed. R. Civ. P. 37(c) ("the court, *on motion* and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees") (emphasis added); *see also Amico v. New Castle Cnty.*, 654 F. Supp. 982, 991 (D. Del. 1987) (concluding that a motion for attorneys' fees is unlike a motion to alter or amend judgment because "[i]t does not imply a change in the judgment, but merely seeks what is due because of the judgment") (quoting *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir. 1980)).  Here, TVision's motion for fees is separate from its motion for the Court to reconsider its prior narrow fee award. *Compare* D.I. 279 at 5-6 (requesting that "[t]o the extent the Court otherwise denies TVision's motion for reconsideration, TVision requests that the Court amend its order to provide for attorneys' fees . . . for all activity from Nielsen's filing of its motion to amend until the case reaches the stage it was at prior to Nielsen's motion.") *with id.* at 9-10 (requesting a freestanding fee award "[i]n the alternative" and "[a]bsent reconsideration"). Thus, TVision's fees motion is procedurally proper.

Second, Federal Rule of Civil Procedure 37 supports TVision's requested fee award. Nielsen claims that it was not late in disclosing its new infringement contentions because it moved to amend. But its lateness in disclosing its new infringement contentions—which it

---

[1] TVision offers this reply in support of its fees motion. *See* D.I. 278. This brief does not relate to TVision's motion for reconsideration. *See* D. Del. Local Rule 7.1.5(a) (providing no reply).

1

withheld until its reply brief on the motion to amend—is what *required* the modification of the scheduling order. *See* D.I. 272 at 8 (noting that "in its reply brief, Nielsen finally provided the additional critical missing details" of its new infringement theory). It is undisputed that Nielsen did not disclose its new infringement theory as of the contention deadline. *See* D.I. 24, ¶ 7.f (setting August 28, 2023 deadline for final infringement contentions); D.I. 100 at 2 (extending deadline to September 18, 2023). Federal Rule of Civil Procedure 37 specifically permits fees for failure to meet a contention deadline:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f) . . . the court where the action is pending may issue further just orders [providing various relief]. . . . Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to **pay the reasonable expenses, including attorney's fees, caused by the failure**, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A), (C) (emphasis added); *see also* Fed. R. Civ. P. 16(f) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order," and that "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule"). Nielsen also violated Rules 26(a)(2) and (e)(2) when it failed to produce its new expert reports as of the original deadlines, which likewise necessitated the amendment of the schedule. *See* D.I. 128 at 1 (setting Oct. 25, 2023 deadline for opening expert reports).

In its answering brief, Nielsen does not argue that its failure to disclose was "substantially justified or harmless," and cites only to the Court's finding that it was diligent under the "good cause" standard of Rule 16. D.I. 284 at 8-9. Thus, it has not met its burden to show that its failure to comply with the rules was "substantially justified or harmless"—and it clearly was not, for all of the reasons set forth in TVision's prior briefing and its motion for

reconsideration. *See* D.I. 256, 279. Moreover, the language of Rule 37(c)(1) indicates that the "substantially justified or harmless" exception applies to the exclusion of evidence under that section, but not to alternative sanctions such as fees:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless. *In addition to or instead of this sanction*, the court, on motion and after giving an opportunity to be heard: (A) *may order payment of the reasonable expenses, including attorney's fees, caused by the failure* . . . .

Fed. R. Civ. P. 37(c)(1) (emphasis added). Nothing in Rule 37 prohibits the award of fees where the Court declines to exclude evidence. *See, e.g., Glaxosmithkline LLC v. Glenmark Pharm. Inc.*, C.A. No. 14-877-LPS-CJB, 2017 U.S. Dist. LEXIS 237217, at *30 n.19 (D. Del. Jan. 9, 2017) (allowing motions for reasonable expenses, including attorneys' fees, for the recovery of "expenses . . . that Defendants would not have incurred were Plaintiffs to have timely disclosed the theory" after denying a motion to strike portions of an expert report).

As to Nielsen's point that prospective fees are speculative under these circumstances, while the exact fees amount is unknown at this stage, it is certain that all of the fees for the period requested are a direct but-for result of Nielsen's conduct. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108-09 (2017) (awarding, in another context, "'only the portion of his fees that [the party] would not have paid but for' the misconduct."). The most efficient path forward is for the Court to order reasonable fees now (thus setting the parties' expectations) and to perform an accounting of reasonable fees once the case reaches the stage it was at when Nielsen moved to amend. D.I. 278 at 1, 3; D.I. 279 at 2, 6. *Lindy* supports the proposition that a Court *can* award prospective fees for "future time," and nothing in *Lindy* said that the Court *must* determine a precise fees number beforehand, or that the Court cannot determine reasonable fees via an accounting of fees after a specified period. *See Lindy Bros. Builders v. Am. Radiator &*

3

*Standard Sanitary Corp.*, 540 F.2d 102, 121 (3d Cir. 1976); *Goodyear*, 581 U.S. at 110 ("The court's fundamental job is to determine whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct. The award is then the sum total of the fees that, except for the misbehavior, would not have accrued.").[2] For that reason, TVision's motion requests that the Court order that, "[w]ithin 30 days from the completion of summary judgment briefing, TVision shall submit an accounting of fees for the relevant time period."[3] D.I. 278 (Proposed Alternative Order).

Finally, TVision seeks only its "reasonable" fees. D.I. 272 at 17. Nielsen's contention that there are limitations placed on awards of fees and costs under Rule 54(d) or 35 U.S.C. § 285 is irrelevant here. D.I. 284 at 10. TVision applied for fees under Rule 37, and Nielsen points to no case that limits fees under Rule 37.

TVision respectfully requests that the Court grant its motion for ongoing reasonable fees. D.I. 278 at 1-3.

---

[2] Nielsen is correct regarding *Deseret Mgmt Corp. v. United States*, but *Lindy* provides clear support for prospective fees. 97 Fed. Cl. 272, 275 (Fed. Cl. 2011).

[3] As to Nielsen's claim of a "double recovery," D.I. 284 at 10 n. 2, TVision agrees to exclude from its request the portions of the fee award that correspond to what was already awarded by the Court's original decision. D.I. 272 at 17.

| | |
|---|---|
| OF COUNSEL:<br>Jason Xu<br>RIMÔN LAW P.C.<br>1990 K. Street, NW, Suite 420<br>Washington, DC 20006<br>(202) 470-2141<br><br>Eric C. Cohen<br>RIMÔN LAW P.C.<br>P.O. Box B113<br>150 Fayetteville St, Suite 2800<br>Raleigh, NC 27601-2960<br>(984) 960-2860<br><br>Michael F. Heafey<br>RIMÔN LAW P.C.<br>800 Oak Grove Avenue, Suite 250<br>Menlo Park, CA 94025<br>(650) 461-4433<br><br>Dated: May 15, 2025 | */s/ Lindsey M. Gellar*<br>Andrew E. Russell (No. 5382)<br>Lindsey M. Gellar (No. 7202)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>arussell@shawkeller.com<br>lgellar@shawkeller.com<br>*Attorneys for Defendant* |

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2025, this document was served on the persons listed below in the manner indicated:

**BY EMAIL:**

David E. Moore
Bindu A. Palapura
Malisa C. Dang
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
(302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
mdang@potteranderson.com

Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
(212) 808-7800
ckatz@kelleydrye.com

Joshua B. Long
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd. Suite 900
Houston, TX 77027
(713) 355-5054
jlong@kelleydrye.com

Steven Yovits
Constantine Koutsoubas
Jason P. Greenhut
Douglas Lewis
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
(312) 857-7070
syovits@kelleydrye.com
ckoutsoubas@kelleydrye.com
jgreenhut@kelleydrye.com
dlewis@kelleydrye.com

Matthew Chakmakian
KELLEY DRYE & WARREN LLP
One Jefferson Road 2nd Floor
Parsippany, NJ 07054
(973) 503-5900
mchakmakian@kelleydrye.com

*/s/ Lindsey M. Gellar*
Andrew E. Russell (No. 5382)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant*

6