

**Potter Anderson & Corroon LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
302.984.6000
potteranderson.com

David E. Moore
Partner
dmoore@potteranderson.com
D 302.984.6147

August 21, 2025

**VIA ELECTRONIC FILING**

The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

    Re:   *The Nielsen Company (US), LLC v. TVision Insights*
            C.A. No. 22-57-CJB

Dear Judge Burke:

    Pursuant to the Court's Order of February 2, 2024 (D.I. 161), "the Court will plan to resolve any dispute (if there truly is one) regarding the construction of the claim term 'frequency component' at the pretrial conference." The parties write to inform the Court that such a dispute still exists ("the First Claim Construction Dispute").

    Additionally, the parties write to notify the Court of a second claim construction issue ("the Second Claim Construction Dispute"). Pursuant to the Court's Order of May 16, 2025 (D.I. 295), Nielsen served a new expert report on July 7, 2025, disclosing opinions regarding the manner in which Nielsen alleges TVision's accused products satisfy the "determining/determine a first descriptor of the first frame of media samples based on a comparison of the first spectral power and the second spectral power" element of the asserted claims. (D.I. 272 at 2 n.2). TVision served its responsive expert report on July 28, 2025. After reviewing these expert reports, the parties agree that there is now a dispute over construction of this claim term (and the corresponding term "determining/determine a second descriptor based on a comparison of the third spectral power and the fourth spectral power"). Thus, the parties respectfully request that the Court address the Second Claim Construction Dispute in addition to addressing the First Claim Construction Dispute. *See O2 Micro Int'l, Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of the[] claims, the court, not the jury, must resolve that dispute.").

The parties agree that there would be advantages to having the Court resolve both claim construction disputes as soon as the Court is available to do so. Accordingly, the parties propose the following briefing schedule:

| Date | Brief |
|---|---|
| The later of August 29, 2025, or one week from the date the Court grants the request set forth in this letter | Nielsen to file a letter brief, not to exceed five (5) pages, setting forth its proposed constructions of the terms "frequency component" and "determining/determine a first descriptor of the first frame of media samples based on a comparison of the first spectral power and the second spectral power" (and the corresponding term "determining/determine a second descriptor based on a comparison of the third spectral power and the fourth spectral power"), as well as its arguments and authority in support thereof |
| One week after the deadline for Nielsen's opening letter brief | TVision to file a responsive letter brief, not to exceed five (5) pages, setting forth its proposed constructions and arguments in support |
| One week after the deadline for TVision's responsive letter brief | Nielsen to file a reply letter brief, not to exceed two (2) pages |
| One week after the deadline for Nielsen's reply letter brief | TVision to file a surreply letter brief, not to exceed two (2) pages |

The parties are available to discuss this issue at the Court's convenience.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:rms/12430328/14944.00004

cc:  Clerk of the Court (via hand delivery)
     Counsel of Record (via electronic mail)