# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | C.A. No. 22-57-CJB |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| TVISION INSIGHTS, INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S *DAUBERT* MOTION
## TO EXCLUDE MS. JOHNSON'S DAMAGES OPINIONS

OF COUNSEL:

Steven Yovits
Douglas Lewis
Constantine Koutsoubas
Jason P. Greenhut
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel:  (312) 857-7070

Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:  (212) 808-7800

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
*Attorneys for Plaintiff The Nielsen Company*
*(US), LLC*

Dated: November 19, 2025
12568150 / 14944.00004

PUBLIC VERSION
Dated: November 26, 2025

Plaintiff The Nielsen Company (US), LLC ("Nielsen"), hereby moves the Court to exclude the following opinions of Ms. Joanne Johnson, including the identified portions of her report, pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharma*, 509 U.S. 579 (1993):

| Opinion | Portions of Report |
|---|---|
| Ms. Johnson's opinion relating to Nielsen's foregone profits | Johnson Rep. ¶¶13 (bullet point 1), 241-42, 243 (bullet point 1), 244-48, 252, 260, 281 and Johnson Dep. 155:21-156:10. |
| Ms. Johnson's opinion that the April 2018 forecast is "speculative and unsubstantiated" | Johnson Rep. ¶¶13 (bullet 7), 106, 135-139, 232, 242, 243 (bullet 7), 285-94, 302, and 304-06, 309, Figures 10, 22, 23, Exhibits 11.0-11.2, 15.0-15.4, 16.0, 17.0, and 18.1-18.3 and Johnson Deposition Transcript 30:11-33:5, 34:6-16, 35:1-3, 37:7-13. |
| Ms. Johnson's opinion about a device-based running royalty | Johnson Rep. ¶¶11, 103-05, 156, 163-67, 207, 232 (bullets 8 and 11), 235, 239, 270, 288-89, Figures 1, 7, 11, and 16, Exhibits 3.0-3.1, 5.0, 5.2-5.4, 6.0, 7.0, 9.0, and 18.0-18.3. |
| Ms. Johnson's royalty opinions relying on the Gracenote agreement | Johnson Rep. ¶¶11, 27, 109, 111, 181-208, 232 (bullet 11), 235-36, 288, Figures 1 and 16, and Exhibits 3.0, 7.0 |
| Ms. Johnson's reasonable royalty opinions based on information that existed only after the hypothetical negotiation | Johnson Rep. ¶¶13 (bullet 7), 106, 130-34, 136-42, 174-80, 221-23, 225-26, 229, 232 (bullet 5), 242, 243 (bullets 7-8), 286, 288, 290-92, 294, 299, 306, Figures 9-10, 22, Exhibits 10.0-10.1, 11.0-11.2, 12.0-12.2, 15.0-15.4, and 18.0-18.3. |
| Ms. Johnson's opinions regarding the alleged ACRCloud alternative | Johnson Rep. ¶¶11-12, 13 (bullet 2), 103, 149, 151-156, 172-73, 232 (bullet 8), 235-36, 239, 243 (bullet 2), 251-55, 269-70, and 281, Figures 1, 12, and 16, and Exhibits 3.0, 4.0, 6.3 and 18.0 and Supp. Johnson Rep. ¶¶251, 253, 269 |
| Ms. Johnson's opinions regarding the proposed TVision internal ACR alternative | Johnson Rep. ¶¶11-12, 13 (bullet 2), 149 (bullet 3), 150, 167-68, 172-73, 232 (bullet 8), 235-36, 243 (bullet 2), 269-70, and 281 Figures 1, 12, 16, and 21, and Exhibits 3.0-3.1, 6.0-6.2, 18.0, and 18.3 and Supp. Johnson Rep. ¶269 |
| Ms. Johnson's opinions regarding the proposed MRL alternative | Johnson Rep. ¶¶13 (bullet 2), 149-50, 157-160, and 232 (bullet 8), 235-36, 239, 243 (bullet 2), 251-55, 269-70, 281, and Figures 1, 11-12, 16, 21, and Exhibits 3.0-3.1, 5.0, |

| | |
|---|---|
| | 18.0, and 18.2, Supp. Johnson Rep. ¶¶160, 251, 253, 269, and Johnson Deposition Transcript 98:7-16, 99:2-100:6 |
| Ms. Johnson's opinions regarding the proposed Axwave alternative | Johnson Rep. ¶¶13 (bullet 2), 149-50, 157-60, 232 (bullet 8), 235-36, 239, 243 (bullet 2), 251-55, 269-70, 281, and Figures 1, 11-12, 16, and 21 and Exhibits 3.0-3.1, 5.0, 18.0, and 18.2, Supp. Johnson Rep. ¶¶160, 251, 253, 269, and Johnson Deposition Transcript 100:21-101:10 |
| Ms. Johnson's opinions regarding the proposed Mufin alternative | Johnson Rep. ¶¶13 (bullet 2), 149-50, 157-58, 160, 164, 232 (bullet 8), 235-36, 239, 243 (bullet 2), 251-55, 269-70, 281, Figures 1, 11-12, 16, 21 and Exhibits 3.0, 5.0-5.4, 18.0, and 18.2, and Supp. Johnson Rep. ¶¶160, 251, 253, 269 |
| Ms. Johnson's opinions regarding the proposed Source Digital alternative | Johnson Rep. ¶¶13 (bullet 2), 146, 149-50, 157-58, 160, 232 (bullet 8), 235-36, 239, 243 (bullet 2), 251-55, 269-70, 281, Figures 1, 11-12, 16, 21 and Exhibits 3.0, 5.0, 18.0, and 18.2, Supp. Johnson Rep. ¶¶160, 162, 251, 253, 269, and Johnson Dep. Transcript 101:20-10, 102:15-22, 103:1-9, 113:21-114:11 |
| Ms. Johnson's opinions regarding the proposed "Answer" alternative | Johnson Rep. ¶¶13 (bullet 2) and 149-50, 157 and 232 (bullet 8), 235-36, 239, 243 (bullet 2), 251-55, 269-70, 281, Figures 1, 11-12, 16, 21, and Exhibits 3.0, 5.0, 18.0, and 18.2, and Supp. Johnson Rep. ¶¶160, 251, 253, 269. |
| Ms. Johnson's opinions regarding the proposed Beatgrid alternative | Johnson Rep. ¶¶13 (bullet 2), 149-50, 160, 232 (bullet 8), 235-36, 239, 243 (bullet 2), 251-55, 269-70, 281, Figures 1, 11-12, 16, 21, and Exhibits 3.0, 5.0, 18.0, and 18.2 and Supp. Johnson Rep. ¶¶160, 251, 253, 269. |
| Ms. Johnson's opinions regarding the proposed Dat-Track alternative | Johnson Rep. ¶¶13 (bullet 2), 149-50, 157, 160, 232 (bullet 8), 235-36, 239, 243 (bullet 2), 251-55, 269-70, 281, Figures 1, 11-12, 16, 21, and Exhibits 3.0, 5.0, 18.0, and 18.2, and Supp. Johnson Rep. ¶¶160, 251, 253, 269 |
| Ms. Johnson's opinions that the ACR market is "fairly commoditized" with "very similar capabilities" | Johnson Rep. ¶¶150, 157, 169-70, 177, 223, 253, Supp. Johnson Rep. ¶253, and Johnson Deposition Transcript 120:5-18, 121:14-123:14. |

| | |
|---|---|
| Ms. Johnson's opinion that a reasonable royalty is limited to the cost of an alternative | Johnson Rep. ¶¶11-12, 13 (bullet 2), 103, 148-49, 156, 161-73, 232 (bullet 8), 235-36, 238-39, 243 (bullet 2), 251-55, 269-70, and 281, Figures 1, 11, 12, 16, 21 and Exhibits 3.0-3.1, 4.0, 5.0-5.4, 6.0-6.3, 18.0 and Supp. Johnson Rep. ¶¶251, 253, 269 |

The grounds for this motion are fully set forth in Nielsen's omnibus Opening Brief, the supporting Declaration of Douglas Lewis and Exhibits 1-45 thereto all filed concurrently herewith, and upon the papers, records, and pleadings on file with the Court.

Pursuant to D. Del. LR 7.1.1, Nielsen certifies that the parties have met and conferred on the subjects of this motion, but were unable to reach agreement.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: */s/ David E. Moore*

David E. Moore (#3983)
Steven Yovits
Douglas Lewis                                 Bindu A. Palapura (#5370)
Constantine Koutsoubas                        Hercules Plaza, 6th Floor
Jason P. Greenhut                             1313 N. Market Street
KELLEY DRYE & WARREN LLP                       Wilmington, DE 19801
333 West Wacker Drive                         Tel: (302) 984-6000
Chicago, IL 60606                             dmoore@potteranderson.com
Tel: (312) 857-7070                           bpalapura@potteranderson.com

Clifford Katz                                 *Attorneys for Plaintiff The Nielsen Company*
KELLEY DRYE & WARREN LLP                        *(US), LLC*
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800

Dated: November 19, 2025
12568150 / 14944.00004

PUBLIC VERSION
Dated: November 26, 2025

3