**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

THE NIELSEN COMPANY (US), LLC,    )
                              )
         Plaintiff,            )
                              )
     v.                      )      Civil Action No. 22-57-CJB
                              )
TVISION INSIGHTS, INC.,        )
                              )
         Defendant.       )

**MEMORANDUM ORDER**

1.      The Court has reviewed the portion of Plaintiff The Nielsen Company (US) LLC's ("Plaintiff") *Daubert* motion to exclude the opinions of Defendant TVision Insights, Inc.'s ("Defendant") damages expert Ms. Joanne Johnson (the "Motion"), wherein Plaintiff seeks to exclude Ms. Johnson's opinions about a device-based running royalty.  (D.I. 345; *see also* D.I. 350 at 7-8)  The Court has also reviewed the briefing related thereto, (D.I. 350 at 7-8; D.I. 382 at 19-23; D.I. 398 at 6-7), and it has considered the relevant legal standards, *see 360Heros, Inc. v. GoPro, Inc.*, 569 F. Supp. 3d 198, 201-02 (D. Del. 2021); *Pers. Audio, LLC v. Google LLC*, Civil Action No. 17-1751-CFC-CJB, 2021 WL 5038740, at *1-2 (D. Del. Oct. 25, 2021).  Having done so, the Court hereby ORDERS that this portion of the Motion is DENIED for the reasons that follow.

2.      Ms. Johnson opines that the evidence supports "either a lump-sum royalty structure or a running royalty" and that if the jury concludes that the latter is more appropriate, "considering the number of panel devices TVision deploys on a monthly basis is a reasonable metric[.]"  (D.I. 351, ex. 5 at ¶¶ 103-04)

3.      With the Motion, Plaintiff argues that Ms. Johnson's device-based running royalty opinion should be excluded as conclusory and factually unsupported because:  (a) she fails to

explain why the number of panel devices Defendant deploys on a monthly basis is a reasonable metric for a running royalty; and (b) she calculates various lump sum royalties and divides them by the number of devices deployed per month without explaining why that would be the result of the hypothetical negotiation. (D.I. 350 at 7-8; D.I. 398 at 6 ("Ms. Johnson fails to explain why a device-based running royalty would be appropriate; she simply divides her lump sum amount by the number of devices without offering any basis to do so."))

4.      As an initial matter, certainly the concept of an expert using a per-unit royalty rate is not surprising in patent law, as there are many well-known advantages to such an approach. *See, e.g.*, *Gaylord v. United States*, 777 F.3d 1363, 1369 (Fed. Cir. 2015). From there, Ms. Johnson sufficiently supports her reliance on the number of panel devices that Defendant deploys monthly as a relevant metric that can be used in a reasonable royalty analysis in this case. For example, Ms. Johnson sets out her view that a running royalty is typically based on "the extent of use of the technology[,]" that such royalty rates can be calculated as an "amount per unit[,]" and that the number of panel devices Defendant deploys monthly "accounts for the extent of use of the '889 patent." (D.I. 351, ex. 5 at ¶¶ 102, 104; *see also id.* at ¶ 180 (noting that the "extent of use has increased as the number of deployed panels has increased"); *id*. at ¶¶ 213-14 & FIG. 14) Ms. Johnson also explains her view that Plaintiff's damages expert, Dr. Michael Keeley, wrongly bases his damages analysis on the entire market value of all of Defendant's products, which she feels is improper because these are multi-component products that include other components aside from the alleged infringing component. (*Id.* at ¶ 106) And Ms. Johnson goes on to explain, citing to evidence in support, that payments for ACR technology in the relevant industry were typically tied to actual usage over time—a fact supporting her opinion that a device-based running royalty is appropriate in this case. (*Id.* at ¶¶ 103, 188, 288) For example,

pursuant to the Gracenote agreement, Defendant agreed to pay monthly fees to Gracenote based on usage over time. (*Id.* at ¶¶ 188, 194, 288) Plaintiff's contracts with its customers also contained monthly and annual fees dependent on usage. (*Id.* at ¶ 288)

5.       In the end: (a) the Court is not persuaded that Ms. Johson's opinion regarding a device-based running royalty is unreliable; (b) Plaintiff really didn't do a good job of explaining why it was wrong for Ms. Johnson to have utilized a per device metric (including one that works in tandem with certain lump sum royalties that were actually paid), or why Ms. Johnson's stated rationale for doing so was somehow insufficient (as Plaintiff's argument to that effect was very brief); and (c) Plaintiff will be free to attack Ms. Johnson's approach as it sees fit during cross-examination. *See, e.g.*, *Vasu Holdings, LLC v. Samsung Elecs. Co.*, Case No. 2:24-cv-00034-JRG-RSP, 2026 WL 313365, at *2 (E.D. Tex. Feb. 5, 2026) (rejecting the plaintiff's assertion that the defendant's damages expert's conversion from lump sum agreements into running royalty rates was factually insufficient, where her report linked the lump sum agreements to royalty rates and the accused technology, and the plaintiff's disputes went towards the weight to be given towards the expert's opinions, not to its reliability).

6.       Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Memorandum Order. Any such redacted version shall be submitted no later than **May 22, 2026** for review by the Court. It should be accompanied by a motion for redaction that shows that the presumption of public access to judicial records has been rebutted with respect to the proposed redacted material, by including a factually-detailed explanation as to how that material is the "kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking

3

closure." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (internal quotation marks and citation omitted).  The Court will subsequently issue a publicly-available version of its Memorandum Order.


Dated:  May 19, 2026

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE