**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-57-CJB |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED[1]] PRELIMINARY JURY INSTRUCTIONS**

---

[1] <<Nielsen: Blue text >> in chevrons identifies Nielsen's proposed language.
{{TVision: Green text }} in curly brackets identifies TVision's proposed language.

## TABLE OF CONTENTS

1.  INTRODUCTION ................................................................................................ 1

2.  THE PARTIES AND THEIR CONTENTIONS ............................................... 2

3.  DUTIES OF THE JURY .................................................................................. 3

4.  EVIDENCE........................................................................................................ 4

5.  DIRECT AND CIRCUMSTANTIAL EVIDENCE ........................................ 5

6.  CREDIBILITY OF WITNESSES ................................................................... 6

7.  EXPERT TESTIMONY ................................................................................... 7

8.  BURDEN OF PROOF ...................................................................................... 8

9.  PATENT VIDEO............................................................................................. 10

10. THE ROLE OF CLAIMS AND CLAIM CONSTRUCTION........................ 11

12. JUROR NOTEBOOK ..................................................................................... 14

13. SIDEBARS ...................................................................................................... 15

14. COURSE OF THE TRIAL .............................................................................. 16

15. TRIAL SCHEDULE ....................................................................................... 17

## 1. INTRODUCTION

Members of the jury: Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

These instructions will give you some general rules and guidance that might apply to any civil case. Also, because this is a patent trial, I will also give you some additional preliminary instructions regarding patents to assist you in discharging your duties as jurors.

## 2. THE PARTIES AND THEIR CONTENTIONS

This is a patent case. The Plaintiff in this case is the Nielsen Company (US), LLC, who I will refer to as "Nielsen." The Defendant in this case is TVision Insights, Inc., who I will refer to as "TVision."

There is one patent at issue in this case, which is identified by its seven-digit patent number, 7,783,889. For your convenience, the parties will usually refer to the patent by the last three numbers of its patent number, or the '889 Patent. We may also sometimes refer to this patent as the Asserted Patent or the Patent-in-Suit. Those names are simply shorthand for the patent at issue in this action. A patent includes numbered "claims" at the end. The claims define the legal scope of the patented invention. In this case, Nielsen alleges that TVision has infringed claim 8 of the '889 Patent. This is the "Asserted Claim." TVision denies that it has infringed the Asserted Claim of the '889 Patent. TVision also contends that the Asserted Claim of the '889 Patent is invalid.

You must decide whether or not the Asserted Claim of the '889 Patent has been infringed and whether or not that claim is invalid. If you decide that the Asserted Claim has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Nielsen to compensate it for the infringement.

## 3.  DUTIES OF THE JURY

Let me now turn to the general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find what the facts are from the evidence as presented at the trial. You and you alone will be the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the patents mean. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything I say or do during the course of the trial influence you. Nothing I say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

3

**4. EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses and the documents and other things admitted into evidence. The evidence may also include certain facts agreed to by the parties or that I may instruct you to find. Certain things are not evidence and must not be considered by you. I will list them for you now:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection and find the matter is not admissible, you should ignore the question or document. If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this occurs during the trial, I will try to clarify this for you at that time.

3.      Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4.      During trial you will be shown charts and animations to help illustrate the testimony of the witnesses. These illustrative exhibits, called "demonstrative exhibits," are not admitted into evidence and should not be considered as evidence.

5.      Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

## 5.  DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is simply evidence like the testimony of an eyewitness, which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water, and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining outside.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 6. CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You may believe everything a witness says, or part of it, or none of it. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

## 7.  EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.  When knowledge of technical subject matter may be helpful to the jury, an expert is permitted to state an opinion on those technical matters.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.  You are free to accept or reject the testimony of experts, just as with any other witness.

## 8.  BURDEN OF PROOF

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof."  In a patent case such as this, there are two different burdens of proof that are used.  The first is called "preponderance of the evidence."  The second is called "clear and convincing evidence."

As I noted earlier, Nielsen contends that TVision infringes one claim of its patent.  A party asserting patent infringement has the burden of proving infringement by a preponderance of the evidence. A preponderance of the evidence is evidence that, when considered in light of all the facts, leads you to believe that what that party claims is more likely true than not. To put it differently, if you were to put the parties' evidence on opposite sides of a scale, the evidence supporting Nielsen's claims must make the scale tip somewhat toward its side.  If the scale should remain equal or tip in favor of TVision, you must find for TVision.

As I noted earlier, in addition to denying that it has infringed, TVision contends that the asserted patent is invalid.  A party challenging the validity of a patent has the burden of proving by clear and convincing evidence that the patent is invalid.  Clear and convincing evidence <<Nielsen: is evidence that produces an abiding conviction that the truth of a factual contention

8

is highly probable.>>[2] {{TVision: means evidence that it is highly probable that a fact is true.}}[3]

Proof by clear and convincing evidence is, thus, a higher burden than proof by a preponderance of the evidence.

Some of you may have heard the phrase "proof beyond a reasonable doubt." That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

---

[2] Courts have consistently held that clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. *Colorado v. New Mexico*, 467 U.S. 310, 216 (1984); *Scale Biosciences, Inc. v. Parse Biosciences, Inc.*, No. CV 22-1597-CJB, 2025 WL 2851784, at *3 (D. Del. Oct. 8, 2025) ("Clear and convincing evidence places within the mind of the fact finder 'an abiding conviction that the truth of [the] factual contentions are highly probable.'"); *Bayer Pharma AG v. Watson Labs, Inc.*, 183 F. Supp. 3d 579, 584 FN. 4 (D. Del. 2016) (same); *Galderma Labs, L.P. v. Sun Pharm. Indus. Ltd.*, 411 F. Supp.3d 271, 289-90 (D. Del. 2019) (same). TVision's revision introduces unnecessary confusion by attempting to redefine this standard. Numerous cases have adopted Nielsen's formulation. *See Midwest Energy Emissions Corp. v. Arthur J. Gallagher & Co.*, No. 1:19-cv-1334-CJB, D.I. 670 (Feb. 15, 2024), VIII. Burden of Proof; *Pacific Biosciences of California, Inc. v. Oxford Nanopore Techs., Inc.*, C.A. No. 17-275-LPS, D.I. 466 (Mar. 6, 2020), Burdens of Proof; *Cirba Inc. v. VMWare, Inc.*, C.A. No. 19-742-LPS, D.I. 490 (Jan. 13, 2020), Burden of Proof; Final Jury Instructions, *Biomerieux, S.A. v. Hologic, Inc.*, No. 18-21-LPS-CJB, D.I. 526 (Feb. 24, 2020), 1.3 Burdens of Proof; Final Jury Instructions, *GlaxoSmithKline LLC v. Teva Pharm. USA, Inc.*, Civ. No. 1:14-cv-00878, D.I. 440 (Jun. 19, 2017), 1.13 Burdens of Proof; *Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-cv-1067-LPS, D.I. 636 (Jan. 23, 2015), Burden of Proof; *Carrier Corp. v. Goodman Global, Inc.*, Civ. No. 12-930-SLR, D.I. 373 (Sept. 8, 2014), Burdens of Proof.

[3] Clear and convincing evidence is evidence that makes it such that a fact is highly probable. EVIDENCE, Black's Law Dictionary (12th ed. 2024). The terms "highly probable" are plain English and avoid confusion that might result from the less-common phrase "abiding conviction," which jurors may conflate with a different or higher burden that is not at issue here. Numerous cases have adopted TVision's formulation. *See e.g.*, *CosmoKey Sols. GmbH & Co. KG v. Duo Sec., Inc.*, C.A. No. 18-1477, D.I. 528 (Jun. 9, 2026), XII. Burdens of Proof; *Agilent Techs., Inc. v. Axion BioSystems, Inc.*, C.A. No. 23-198, D.I. 540 (Mar. 17, 2026), 9. Burden of Proof; *Attentive Mobile Inc. v. Stodge Inc. d/b/a Postscript*, C.A. No. 23-87, D.I. 767 (Aug. 20, 2025), 6. Burden of Proof; *Bd. of Regents, The Univ. of Texas Sys. et al v. Boston Sci. Corp.*, C.A. No. 18-392, D.I. 316 (Jan. 25, 2023), VII. Burdens of Proof; *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC et al*, C.A. No. 15-1168, D.I. 335 (Jan. 25, 2024), 14. Burden of Proof; *Osseo Imaging, LLC v. Planmeca USA Inc.*, C.A. No. 17-1386, D.I. 187 (Aug. 22, 2022), 9. Burdens of Proof.

## 9.  PATENT VIDEO

To help you understand what patents are, the role of the Patent Office, and why disputes over patents arise you will now be shown a video. This video was prepared by the Federal Judicial Center, not the parties in this case, to help introduce you to the patent system. The video references a sample patent. A copy of the sample patent has been provided along with your notebook for you to follow along. The video will run for approximately 17 minutes. At the conclusion of the video, I will provide you with additional instructions.

**\* \* VIDEO WILL BE PLAYED \* \***

10

## 10. THE ROLE OF CLAIMS AND CLAIM CONSTRUCTION

As you heard in the patent video, the claims of a patent define the patent owners' rights under the law; that is, the claims define what the patent owners may exclude others from doing during the term of that patent. The claims may be divided into a number of parts or steps, referred to as "claim limitations."

While the claims define the invention, sometimes the words or phrases of the claims need to be further defined or interpreted. This has been done already in this case, and a copy of those definitions is included in your juror notebooks. You must accept the definition of these words or phrases in the claims as correct. For any words or phrases in the claim for which you have not been provided with a definition, you should apply their ordinary and customary meaning.

You should not take the definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and invalidity. These issues are yours to decide.

11

## 11. CONDUCT OF THE JURY

Now a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you, nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about the case, bring it to the Court's attention promptly.

Second, do not read or listen to anything touching on this case in any way. By that I mean, if there may be a newspaper or Internet article relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or make any investigation about the case on your own. Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, and the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or any other electronic means. Again, should there happen to be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. It is important that you decide this case based solely on the evidence presented in the Courtroom.

Please do not try to find out information from any other sources.

I know that many of you use smartphones, tablets, the Internet, and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone or smartphone, through e-mail, your

tablet, text messaging, on Twitter, Snapchat, or WhatsApp, through any blog or website, through any Internet chat room, or by way of any other social networking websites, including Facebook, Instagram, LinkedIn, or YouTube.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

You will also be given a notepad and a pen. If you wish, you may, but are not required to, take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. Notes may be helpful to you because at the end of the trial, you must make your decision based on what you recall of the evidence. But do not let note-taking distract you to the point that you miss hearing other testimony from the witness. Your notes are only to be used as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not your notes. Also, keep in mind that you will not have a transcript of the testimony to review. So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

If you do take notes, you must leave them in the jury deliberation room, which is secured at the end of each day. And remember that your notes are for your own personal use. At the conclusion of this trial, your notes will be collected and destroyed without review.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

13

## 12. JUROR NOTEBOOK

As I mentioned, to assist in your deliberations, you have been provided with a notebook that contains the following:

- Glossary of patent terms

- Sample patent mentioned in the video

- The Court's claim constructions

- A copy of the patent-in-suit

These materials have been jointly submitted by the parties. Please refer to these materials to assist you during the trial.

## 13. SIDEBARS

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law.

If you would like to stand or stretch or walk around the jury box while we are at sidebar, you should feel free to do so.

**14. COURSE OF THE TRIAL**

The case will now begin.

First, Nielsen may make an opening statement outlining its case. Then TVision may make an opening statement outlining its case. Opening statements are not evidence; their only purpose is to help you understand what the parties expect the evidence will show.

Next, the parties will present their evidence. Nielsen will first introduce its evidence that it believes supports its contention that TVision infringes the asserted claim. When Nielsen is finished, TVision will introduce evidence to defend against Nielsen's allegations of infringement, and will introduce evidence that it believes supports its contention that the asserted claim is invalid. When TVision is finished, Nielsen will have the opportunity to introduce evidence to defend against TVision' allegations of invalidity.

After all of the evidence is in, I will give you instructions on the law and describe for you the matters you must resolve. The lawyers will then offer closing arguments. The closing arguments are not evidence. Their purpose is to summarize and interpret the evidence for you, and to tie the evidence to their story. You will then retire to the jury room to deliberate on your verdict.

## 15. TRIAL SCHEDULE

Though you have heard me say this during the jury selection process, I want to again outline the schedule I expect to maintain during the course of this trial.  As I mentioned previously, the presentation of evidence in this case is expected to be completed on Friday, with jury deliberations to follow.

We will normally begin the day at 9:00 a.m. and continue until 5:00 p.m.  There will be at least one break every morning and at least one break every afternoon.  There will also be a lunch break each day.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations.  At that point, you will be permitted to deliberate as late as you wish.

Please keep in mind that this is a timed trial.  That means I have allocated each party a maximum number of hours in which to present all portions of its case.  This allows me to tell you that we expect to be completed with this case by Friday, June 12, but you may continue deliberations to additional days as needed.

Of course, you can help me keep on schedule by being here promptly each morning and being ready to proceed at the end of each break.

One final word.  I told you when I intend to take breaks and how often I aim to take breaks, but if any of you need an additional break at any time, that is fine.  You just need to get my attention or my assistant's attention.  That can be done usually by waving or raising a hand or, if need be, standing.  And so, if you need a break for any reason at any other times, please just get our attention.

17