**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC,    ) | |
|    ) | C.A. No. 22-57-CJB |
| Plaintiff,    ) | |
|    ) | **JURY TRIAL DEMANDED** |
| v.    ) | |
|    ) | █████████████████████ |
| TVISION INSIGHTS, INC.,    ) | █████████████████████ |
|    ) | █████████████████████ |
| Defendant.    ) | |

**[PROPOSED] JOINT PRETRIAL ORDER**

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

OF COUNSEL:

Steven Yovits
Douglas Lewis
Jason Greenhut
Andrew Wood
Kevin Oliver
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606

Clifford Katz
Elizabeth Krasnow
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

*Attorneys for Plaintiff The Nielsen Company
(US), LLC*

Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
Virginia K. Lynch (No. 7423)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
nhoeschen@shawkeller.com
glynch@shawkeller.com

Jared W. Newton (#7519)
QUINN EMANUEL URQUHART
 & SULLIVAN LLP
500 Delaware Avenue, Suite 220
Wilmington, Delaware 19801
(302) 302-4000
jarednewton@quinnemanuel.com

OF COUNSEL:

Jason Xu
RIMÔN LAW P.C.
1990 K. Street, NW, Suite 420
Washington, DC 20006
(202) 470-2141

Eric C. Cohen
Rimôn Law P.C.
4030 Wake Forest Road, Suite 300
Raleigh, NC 27609
(984) 960-2860

Steig D. Olson
Sami H. Rashid
Quinn Emanuel Urquhart
 & Sullivan llp
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

Patrick D. Curran
Quinn Emanuel Urquhart
 & Sullivan llp
11 Huntington Avenue, Suite 5200
Boston, MA 02199
(617) 712-7100

Adam B. Wolfson
Quinn Emanuel Urquhart
 & Sullivan llp
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Benjamin D. Brown
Richard A. Koffman
Daniel McCuaig
Cohen Milstein Sellers
 & Toll pllc
1100 New York Ave NW, Suite 800
Washington, DC  20005
(202) 408-4600

*Attorneys for Defendant TVision Insights, Inc.*

Dated: May 15, 2026
12928233 / 14944.00004

Public Version Dated:  May 27, 2026

## TABLE OF CONTENTS

**Page**

I.   NATURE OF THE CASE ................................................................................................ 1

II.  JURISDICTION ............................................................................................................ 2

III. FACTS .......................................................................................................................... 2

     A.    Uncontested Facts ............................................................................................ 2

     B.    Contested Facts ............................................................................................... 3

IV. ISSUES OF LAW ......................................................................................................... 3

V.  WITNESSES ................................................................................................................ 4

     A.    List of Witnesses ............................................................................................ 4

     B.    Other Provisions Regarding Witnesses ......................................................... 4

     C.    Testimony by Deposition ................................................................................ 6

     D.    Impeachment with Prior Inconsistent Testimony ......................................... 9

     E.    Objections to Expert Testimony .................................................................... 9

VI. EXHIBIT LISTS .......................................................................................................... 10

     A.    Exhibits .......................................................................................................... 10

     B.    Exhibits Used in Opening Statements and Demonstrative Exhibits ............ 12

VII. DAMAGES ................................................................................................................. 14

VIII.MOTIONS IN LIMINE .............................................................................................. 15

IX. DISCOVERY .............................................................................................................. 16

X.  NUMBER OF JURORS .............................................................................................. 16

XI. LENGTH OF TRIAL .................................................................................................. 16

XII. MOTIONS FOR JUDGMENT AS A MATTER OF LAW ........................................ 17

XIII.AMENDMENT OF THE PLEADINGS ..................................................................... 17

XIV.ADDITIONAL MATTERS......................................................................................... 17

A.  Dispute Resolution Process....................................................................................... 17

B.  Claim Construction .................................................................................................... 18

C.  Jury Notes and Notebook........................................................................................... 18

D.  Sealing the Courtroom ............................................................................................... 19

E.  Federal Judicial Center Introduction to Patent System Video ............................... 20

F.  Presentation of Unpatentability to Jury.................................................................... 20

XV. SETTLEMENT................................................................................................................. 21

This matter comes before the Court for a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure. This Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

**Counsel for Plaintiff The Nielsen Company (US), LLC ("Nielsen" or "Plaintiff")**

| Name | Telephone | Email |
|---|---|---|
| Steven Yovits | (312) 857-7099 | syovits@kelleydrye.com |
| Douglas Lewis | (312) 857-7073 | dlewis@kelleydrye.com |
| Jason Greenhut | (312) 857-7096 | jgreenhut@kelleydrye.com |
| Andrew Wood | (312) 857-2579 | awood@kelleydrye.com |
| Kevin Oliver | (312) 857-2537 | koliver@kelleydyre.com |
| David Zalman | (212) 808-7985 | dzalman@kelleydrye.com |
| Elizabeth Krasnow | (212) 808-5137 | ekrasnow@kelleydrye.com |
| David Moore | (302) 984-6147 | dmoore@potteranderson.com |
| Bindu Palapura | (302) 984-6092 | bpalpura@potteranderson.com |

**Counsel for Defendant TVision Insights, Inc. ("TVision" or "Defendant")**

| Name | Telephone | Email |
|---|---|---|
| Jason Xu | (202) 470-2141 | jason.xu@rimonlaw.com |
| Eric C. Cohen | (984) 960-2860 | eric.cohen@rimonlaw.com |
| Steig D. Olson | (212) 849-7000 | steigolson@quinnemanuel.com |
| Sami H. Rashid | (212) 849-7000 | samirashid@quinnemanuel.com |
| Patrick D. Curran | (617) 712-7100 | patrickcurran@quinnemanuel.com |
| Adam B. Wolfson | (213) 443-3000 | adamwolfson@quinnemanuel.com |
| Benjamin D. Brown | (202) 408-4600 | bbrown@cohenmilstein.com |
| Richard A. Koffman | (202) 408-4600 | RKoffman@cohenmilstein.com |
| Daniel McCuaig | (202) 408-4600 | DMcCuaig@cohenmilstein.com |
| Jared W. Newton | (302) 302-4000 | jarednewton@quinnemanuel.com |
| Aamir A. Kazi | (404) 724-2811 | kazi@fr.com |
| Andrew Russell | (302) 298-0700 | arussell@shawkeller.com |
| Nathan Hoeschen | (302) 298-0700 | nhoeschen@shawkeller.com |
| Virginia K. Lynch | (302) 298-0700 | glynch@shawkeller.com |

## I.    NATURE OF THE CASE

1.    Nielsen filed this action against TVision on January 14, 2022. Nielsen provides data and analytics on viewership for various media platforms, including television. Nielsen collects television viewership data from a panel of households in the United States. To monitor which programs its panelists watch, Nielsen places devices in its panelists' homes. Nielsen uses

the viewership data collected from its panelists to provide Nielsen's clients with information on viewership for the broader U.S. population.

2.　　TVision is in the business of providing viewership data and analytics, including attention metrics. TVision collects television viewership data from a panel of households in the United States. To monitor its panelists' media consumption, TVision places devices in panelists' homes. TVision's devices run various software, including an application supplied by a third party called ACRCloud, Ltd. ("ACRCloud").

3.　　Nielsen owns U.S. Patent No. 7,783,889 ("'889 patent" or "patent-in-suit"). The '889 patent relates to a method for creating a digital signature of audio content.

4.　　Nielsen has sued TVision under the patent laws of the United States. Nielsen asserts that TVision's use of the ACRCloud software application infringes claim 8 of the '889 patent. If the jury finds infringement, Nielsen is seeking money damages of $23.1 million in the form of a reasonable royalty.

5.　　TVision denies that it has infringed the '889 patent and denies that the asserted claim is valid. TVision also denies that Nielsen is entitled to any damages.

## II.　　JURISDICTION

6.　　This is an action for damages and injunctive relief arising under the Patent Act, 35 U.S.C. §§ 1 *et seq.*

7.　　The jurisdiction of the Court is not disputed and is based on 28 U.S.C. §§ 1331 and 1338(a).

## III.　　FACTS

### A.　　Uncontested Facts

8.　　The parties' joint statement of uncontested facts requiring no proof is set forth in **Exhibit 1**. The facts in Exhibit 1 are not disputed and have been agreed to or stipulated by the

2

parties. Any party, with prior notice to all other parties, may read any or all of the uncontested facts to the Court or jury and will be charged for the time used to do so.

### B. Contested Facts

9. Nielsen's statement of issues of fact to be litigated at trial and a brief statement of what Nielsen intends to prove are set forth in **Exhibit 2**.

10. TVision's statement of issues of fact to be litigated at trial and a brief statement of what TVision intends to prove are set forth in **Exhibit 3**.

11. If the Court determines that any issue identified the parties' statements of contested facts is more properly considered as an issue of law, it should be so considered.

12. The parties reserve the right to modify or supplement their statements of contested facts to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties. Each party also reserves the right to litigate factual issues raised by the other party even if not specifically set forth in the original party's statement of contested facts. The parties also reserve the right to move items from their respective statements of contested facts to the joint statement of uncontested facts in the event the parties come to an agreement that the issue is no longer contested.

## IV. ISSUES OF LAW

13. Nielsen's statement of issues of law to be litigated at trial and a citation of authorities relied on by Nielsen is set forth in **Exhibit 4**.

14. TVision's statement of issues of law to be litigated at trial and a citation of authorities relied on by TVision is set forth in **Exhibit 5**.

15. The Court will preclude a party from seeking relief based on claims and defenses not described in this Pretrial Order.

3

16.     If the Court determines that any issue identified in the parties' statements of issues of law is more properly considered as an issue of fact, it should be so considered.

17.     The parties reserve the right to modify or supplement their statements of issues of law to be litigated at trial to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court, or by agreement of the parties.

## V.     WITNESSES

### A.     List of Witnesses

18.     Nielsen's list of expert and non-expert witnesses it intends to call to testify at trial and whether the witness will testify in person or by deposition is attached as **Exhibit 6.** Nielsen also identifies in Exhibit 6 the subject matter expertise for each expert witness it intends to call at trial. TVision's objections to any identified witness are included in Exhibit 6.

19.     TVision's list of expert and non-expert witnesses it intends to call to testify at trial and whether the witness will testify in person or by deposition is attached as **Exhibit 7.** TVision also identifies in Exhibit 7 the subject matter expertise for each expert witness it intends to call at trial. Nielsen's objections to any identified witness are included in Exhibit 7.

20.     Any witness not listed in this Pretrial Order will be precluded from testifying, absent good cause shown.

### B.     Other Provisions Regarding Witnesses

21.     Fact witnesses other than witnesses who have already testified and have been excused by both parties will be sequestered and prevented from hearing the testimony of other witnesses. Pursuant to Federal Rule of Evidence 615(a)(2), this exclusion rule will not apply to one (1) officer or employee designated by each party as its representative. Expert witnesses disclosed under Federal Rule of Civil Procedure 26(a)(2)(B) shall not be excluded from either fact or expert testimony.

22.     The order of the presentation of evidence will generally follow the burden of proof; however, Nielsen's evidence on issues that may be considered rebuttal in nature may be presented as part of Nielsen's case-in-chief.

23.     A party shall provide a witness list that identifies the witnesses, in order, that it intends to call to testify at trial (either live or by deposition) by 7:00 p.m. two calendar days before the trial day during which the witnesses are expected to testify.[1] The receiving party must provide any objections to the witness list by 8:30 p.m. on the same evening and the parties must meet-and-confer by 9:30 p.m., also on the same evening, to resolve any objections (*e.g.*, if a party intends to call a witness to testify on Wednesday, the witness must be included on the party's witness list disclosed by 7:00 p.m. on Monday and the objection and conferral process must take place later that evening). If good faith efforts to resolve any objections fail, Delaware counsel, on behalf of the parties, shall bring the dispute to the Court's attention prior to the witness being called to the witness stand pursuant to the dispute submission procedure in Paragraphs 80-82, *infra*. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the ability to call the witness or waiver of an objection to the witness.

24.     The disclosing party shall be bound to call the witnesses in its witness list in the order and manner identified, *i.e.*, live or by designation, except by agreement of the parties or leave of the Court, on good cause shown. Nonetheless, the listing of a witness does not *require* the disclosing party to call that witness, either live or by designation, and does not imply or establish that the disclosing party has the power to compel the witness to appear or make the witness available to the opposing party.

---

[1] All times in this Pretrial Order are Eastern.

25.    **[TVision's position regarding Nielsen's expert Jaap Haitsma:** Nielsen will ensure that Jaap Haitsma is available to testify in TVision's case to the extent TVision is permitted to call him. To the extent that TVision does not call Jaap Haitsma in its case in chief, TVision may exceed the scope of Nielsen's direct examination during its cross examination of Mr. Haitsma.**]**

26.    **[Nielsen's position regarding Nielsen's expert Jaap Haitsma:** Nielsen disclosed Jaap Haitsma as an expert witness on the subject of the validity of the patent-in-suit. To the extent TVision does not call Jaap Haitsma in its case-in-chief, TVision's cross examination of Mr. Haitsma during Nielsen's rebuttal case shall be limited by the scope of Nielsen's direct examination. To the extent TVision does call Mr. Haitsma in its case-in-chief, TVision must qualify Mr. Haitsma as an expert and TVision's examination of Mr. Haitsma may not exceed the scope of Mr. Haitsma's expert report in this case.**]**

### C.    Testimony by Deposition

27.    Nielsen's list of deposition designations that it may offer into evidence is attached as **<u>Exhibit 8</u>**. TVision's objections and counter-designations and Nielsen's objections to TVision's counter-designations and counter-counter designations are also included in Exhibit 8.

28.    TVision's list of deposition designations that it may offer into evidence is attached as **<u>Exhibit 9</u>**. Nielsen's objections and counter-designations and TVision's objections to Nielsen's counter-designations and counter-counter designations are also included in Exhibit 9.

29.    The parties may offer some or all of the deposition testimony set forth in Exhibit 8 and Exhibit 9. The fact that any such testimony was included in Exhibit 8 or 9 and a party decided not to introduce some or all of a particular witness's testimony designated therein shall not be commented upon at trial. The listing of a deposition designation does not constitute an admission as to the admissibility of the testimony nor is it a waiver of any applicable objection.

Provided that the standard in Federal Rule of Civil Procedure 32(a)(3) is met, each party may offer deposition testimony from an opposing party witness in its case-in-chief even if that witness is available to testify live and plans to testify for the opposing party.

30.     Exhibits 8 and 9 contain the maximum universe of deposition designations, counter-designations, and objections to admission of deposition testimony; neither Exhibit 8 nor Exhibit 9 may be supplemented without approval of all parties or leave of the Court, on good cause shown.

31.     Any party may use testimony that is designated by another party to the same effect as if it had initially designated the testimony as its own, subject to all objections. The inclusion of a deposition designation on a party's deposition designation list is not an admission that such designation is admissible when offered by the opposing side.

32.     Designated deposition testimony will be offered to the Court as designated testimony that the offering party has read into the record or plays by video and will count against the parties' trial presentation time in accordance with Paragraph 74, *infra*.

33.     When deposition designations are introduced, all selected admissible designations, counter-designations and counter-counter designations corresponding to the selected designations will be read or played by video in the sequence in which the testimony was originally given.

34.     If an exhibit is referenced in a deposition designation played at trial and the Court has not sustained an objection to the exhibit's admission into evidence, the designating or counter-designating party may display the exhibit to the jury at the time the deposition designation is read or played at trial, subject to the requirements of Paragraph 50, *infra*, as if the exhibit was being shown to a live testifying witness.

35.     All irrelevant and redundant material, such as objections and colloquy between counsel, will be eliminated when the deposition is read or viewed at trial.

36.     Unless otherwise agreed by the parties, the party calling a witness by deposition must identify the deposition testimony to be offered from the previously-exchanged designations (*i.e.*, Exhibit 8 and Exhibit 9) by 7:00 p.m. at least four business days before the witness is called at trial. The receiving party must disclose its objections and counter-designations by 7:00 p.m. three business days before the witness is called at trial. That same evening, the disclosing party must disclose its objections to the counter-designations and counter-counter designations by 8:30 p.m. and the parties must meet and confer by 9:30 p.m. to resolve any objections (*e.g.*, if a witness is called by deposition on Monday, the disclosing party must disclose its designations the preceding Tuesday evening and the parties must exchange objections and counter-designations and meet-and-confer the preceding Wednesday evening). As part of the conferral process, the parties must determine the proportion of time to be charged to each party in connection with the presentation of the testimony of the witness.

37.     If there are objections that remain to be resolved, the party calling the witness by deposition shall, no later than 12:00 p.m. two business days before the witness is to be called at trial, submit, on behalf of all parties: (i) a copy of the entire deposition transcript of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (*i.e.*, no more than one sentence per objection) of the basis for the objection and the offering party's response to it. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.

38.    In instances where the offering party intends to play deposition testimony by video, that party is responsible for preparing video clips of all of the designated testimony for the witness, including counter-designations. A copy of the video deposition clips, including any counter-designations, shall be provided to the opposing party no later than 12:00 p.m. the day before the deposition testimony is expected to be played. The opposing party shall promptly review the video deposition clips upon receipt and the parties agree to meet and confer in good faith at the earliest possible time to resolve any objections from the opposing party.

39.    When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies and opposing counsel with one copy of the transcript of the designations and counter-designations that will be read or played. The parties will be charged for all time that elapses from the time the witness is called until the next witness is called according to the proportions agreed upon by the parties.

### D.    Impeachment with Prior Inconsistent Testimony

40.    Any deposition testimony may be used at trial for the purpose of impeachment regardless of whether a party identified that testimony on its list of deposition designations, so long as the testimony is otherwise competent for such purpose. Parties may object to impeachment with prior inconsistent testimony based on lack of completeness and/or lack of inconsistency. Nothing in this Paragraph waives the right of the parties to object on a case-by-case basis to the use of deposition testimony for impeachment.

### E.    Objections to Expert Testimony

41.    Any objections to expert testimony as beyond the scope of prior expert disclosures will be ruled on at trial. If the objection is sustained, the time taken to argue such objection shall be charged to the non-objecting party. If the objection is overruled, the time taken to argue such objection shall be charged to the objecting party. If the objection is partially

9

sustained, the time taken to argue such objection shall be divided equally between the sides or excluded from the timekeeping, at the Court's discretion.

## VI.   EXHIBIT LISTS

### A.   Exhibits

42.   Nielsen's list of exhibits that it may offer at trial (except demonstrative exhibits and exhibits to be used solely for impeachment) and TVision's objections to Nielsen's exhibits are attached as **Exhibit 10**.

43.   TVision's list of exhibits that it may offer at trial (except demonstrative exhibits and exhibits to be used solely for impeachment) and Nielsen's objections to TVision's exhibits, are attached as **Exhibit 11**.

44.   A key to the objection codes is appended at the end of each exhibit list.

45.   Nielsen's trial exhibits will be identified with the PTX prefix, starting with PTX-001. TVision's trial exhibits will be identified with the DTX prefix, starting with DTX-001.

46.   This Pretrial Order contains the maximum universe of exhibits to be used in any party's case-in-chief as well as all objections to the admission of such exhibits, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown. Exhibits not listed will not be admitted unless good cause is shown.

47.   Nothing in this Pretrial Order shall be construed as a stipulation or admission that a document listed on a party's exhibit list is entitled to any weight in deciding the merits of the case. The parties agree that any description of a document on an exhibit list, including the date listed for documents, is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

48.   Any party may use an exhibit that is listed on the other party's exhibit list to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections.

10

Any exhibit, once admitted, may be used equally by each party, subject to any limitations as to its admission. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document.

49.     A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial—specifically, no one may comment that there was such a document on an exhibit list but then it was not offered or accepted into evidence. A party may, however, comment on the absence of admitted evidence on a topic even though there may be unintroduced exhibits on that topic.

50.     No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. At some point before the completion of the witness' testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence. Once admitted, counsel may publish exhibits to the jury without requesting to do so.

51.     A party will provide exhibits to be used in connection with direct examination by 7:00 p.m. the day before their intended use; objections will be provided no later than 8:30 p.m. the night before their intended use; and the parties will meet-and-confer by 9:30 p.m. to resolve any objections. If good faith efforts to resolve the objections fail, Delaware counsel, on behalf of the parties, shall bring the dispute to the Court's attention prior to the witness being called to the witness stand pursuant to the dispute submission procedure in Paragraphs 80-82, *infra*. Failure to

comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

52.     Exhibits not objected to will be received into evidence by the operation of the Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness.

53.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

54.     A party is not required to provide advance notice of exhibits to be used during an adverse direct examination or cross-examination.

55.     Prior to the start of direct examination of a particular witness, the party conducting the direct examination will provide the other party with a binder(s) containing all exhibits that they intend to use with that witness on direct examination and will provide two copies to the Court and one copy to the Court reporter. If the witness has been deposed in the case, the party conducting the direct examination will also include the deposition transcript(s) of such deposition(s) in the provided binder(s). If the witness is an expert witness, the party conducting the direct examination will also include the expert witness's report(s) in the provided binder(s). With respect to cross examination, the party cross-examining a witness shall provide a binder(s) containing all of the exhibits expected to be used during cross-examination to the other party, two copies to the Court, and one copy to the Court reporter at the start of the cross-examination of that witness. The party conducting the cross-examination may collect the binder(s) from opposing counsel if the cross-examination is not completed by the end of the trial day.

**B.      Exhibits Used in Opening Statements and Demonstrative Exhibits**

56.     The parties will identify trial exhibits and demonstrative exhibits to be used in opening statements by 7:00 p.m. two calendar days before opening statements (*e.g.*, exhibits for

an opening statement on Monday must be disclosed by 7:00 p.m. on Saturday). The parties will provide any objections to such exhibits by 12:00 p.m. on the day before opening statements and the parties shall meet and confer by 2:00 p.m. on the same day in order to resolve any objections.

57.    A party will provide demonstrative exhibits to be used in connection with direct examination by 7:00 p.m. the day before their intended use; the receiving party will provide objections by 8:30 p.m.; and the parties will meet and confer by 9:30 p.m. in order to resolve any objections. If any demonstrative exhibit changes after the deadline, the disclosing party will promptly notify the receiving party of the change(s). The receiving party reserves the right to object to the use of any demonstrative exhibit that is changed after the 7:00 p.m. disclosure deadline.

58.    For demonstrative exhibits subject to advance disclosure, the disclosing party will provide a color representation of the demonstrative to the receiving party in PDF form. The parties will make a good faith effort to provide slide presentations in the order the slides will be presented. For videos or animations, the disclosing party will provide the demonstrative in its native form. For irregularly sized physical exhibits, the disclosing party will provide a color representation of the exhibit in PDF form and make the demonstrative available for inspection by the receiving party at the disclosure deadline.

59.    If good faith efforts to resolve objections to exhibits used in opening statements or to demonstrative exhibits fail, Delaware counsel, on behalf of the parties, shall bring the dispute to the Court's attention prior to the opening statements or prior to the applicable witness being called to the witness stand pursuant to the dispute submission procedure in Paragraphs 80-82, *infra*. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

60.    Nielsen's demonstrative exhibits will be identified with the PDX prefix; TVision's demonstrative exhibits will be identified with the DDX prefix.

61.    This provision does not apply to demonstratives created during testimony; demonstratives previously used at trial; or demonstratives to be used for cross-examination, none of which need to be provided to the other side in advance of their use. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony already elicited at trial are not required to be provided to the other side in advance of their use.

62.    Demonstratives disclosed by one party may not be used by the opposing party prior to being used by the disclosing party. However, once the demonstrative is used by the disclosing party, the opposing party may also use the demonstrative for cross-examination, impeachment, in its case, or in its closing statement.

63.    The parties agree that slides and other demonstratives for closing arguments need not be exchanged prior to the day of closing arguments. However, the parties agree to exchange two (2) binders containing a printed copy of any slides to be used during each party's closing argument at the later of 8:30 a.m. on the day that closing arguments will be heard or one hour prior to closings. To the extent a particular slide is not used in a party's closing, the other party may not use that slide.

64.    The parties agree that the demonstrative exhibits the parties intend to use at trial do not need to be included on the exhibit lists that are part of this Pretrial Order.

65.    Any disclosure of witness lists, exhibits, demonstratives, deposition designations or objections made under this Pretrial Order must be made electronically, where possible.

## VII.    DAMAGES

66.    Nielsen's statement of damages is attached as **Exhibit 12**.

67.    TVision's statement of damages is attached as **Exhibit 13**.

## VIII.  MOTIONS *IN LIMINE*

68.     The parties agreed-upon motions *in limine* are as follows:

    a.     Neither party will offer evidence or make arguments bolstering or disparaging the USPTO, provided, however, that either party may offer evidence or make arguments that reflect statements made in the Federal Judicial Center video.

69.     Nielsen's motions *in limine* are as follows:

    a.     Nielsen's motion *in limine* No. 1: Nielsen seeks to bar evidence or argument regarding Nielsen's former technical experts, including the error and abandoned infringement opinion in their reports.

    b.     Nielsen's motion *in limine* No. 2: Nielsen seeks to bar evidence or argument regarding alleged anticompetitive or monopolistic litigation tactics by Nielsen, including other litigations filed by Nielsen.

    c.     Nielsen's motion *in limine* No. 3: Nielsen seeks to bar evidence or argument regarding TVision's patents.

70.     TVision's motions *in limine* are as follows:

    a.     TVision's motion *in limine* No. 1: TVision seeks to preclude evidence or argument regarding Viant, its revenues, its market cap, or its purchase of TVision.

    b.     TVision's motion *in limine* No. 2:  TVision seeks to preclude argument or evidence by Nielsen regarding secondary considerations of non-obviousness.

    c.     TVision's motion *in limine* No. 3:  TVision seeks to preclude plaintiff from using disparaging language to describe TVision.

71.     The briefing in connection with Nielsen's motions *in limine* Nos. 1–3 is attached as **Exhibits 14–16**.

15

72.     The briefing in connection with TVision's motions *in limine* Nos. 1–3 is attached

as **Exhibits 17–19**.

## IX.    DISCOVERY

73.     Each party has completed discovery, except for Nielsen's pending document

requests concerning the acquisition of TVision by Viant.

## X.    NUMBER OF JURORS

74.     There shall be eight jurors. The Court will conduct jury selection through the

"struck juror" method, beginning with the Court reading *voir dire* to the jury panel in the

courtroom, continuing by meeting with jurors individually in chambers or at sidebar and there

addressing any challenges for cause, and concluding with peremptory strikes.

## XI.    LENGTH OF TRIAL

75.     This matter is scheduled for a five-day jury trial beginning at 9:30 a.m. on June 8,

2026, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury

for deliberations, the jury will be excused each day at 4:30 p.m.

76.     The trial will be timed, and counsel will be allocated a total number of hours in

which to present their respective cases.

77.     Unless otherwise ordered, time will be charged to each party for its opening

statement, direct and redirect examinations of witnesses who the party calls, cross-examination

of witnesses called by the other party, closing argument, and argument on any motions for

judgment as a matter of law, and all sides' argument on objections a party raises (outside the

presence of the jury) to another party's exhibits and demonstrative exhibits.

78.     The Courtroom Deputy will keep a running total of trial time used by counsel. If

any party uses all of its allotted trial time, the Court will terminate that party's trial presentation.

16

79.     Considering the Court's procedures for counting time and the nature and extent of the parties' disputes, the parties request that each side be given 12 hours for their trial presentations.

## XII.    MOTIONS FOR JUDGMENT AS A MATTER OF LAW

80.     Unless otherwise specified by the Court, motions for judgment as a matter of law may be made at any time permitted under the Federal Rules. Such motions must be made orally and outside of the presence of the jury.

## XIII.    AMENDMENT OF THE PLEADINGS

81.     The parties request no further amendments of their pleadings at this time.

## XIV.    ADDITIONAL MATTERS

### A.     Dispute Resolution Process

82.     The parties' objections to witnesses, exhibits, and deposition designations shall be addressed from 8:30 a.m. to 9:00 a.m., after 5:00 p.m., or during the morning, lunch, or afternoon breaks.

83.     If, after meeting and conferring, the parties are unable to resolve their objections to witnesses, exhibits shown to a witness, demonstratives, or exhibits used during opening statements, *see* Paragraphs 23, 49, 54, 55, *supra*, the objecting party shall provide its position on each dispute in writing, in no more than two sentences per dispute, by 10:30 p.m. on the evening prior to the day on which the evidence will be presented. The offering party shall provide its position on each dispute in writing, in no more than two sentences per dispute, by 11:30 p.m. Unless otherwise directed by the Court, by 12:00 a.m., Delaware counsel, on behalf of the parties, shall send an email to the Court setting forth the parties' positions on each dispute and attaching digital copies of all disputed exhibits. If the parties previously submitted a dispute regarding deposition designations pursuant to Paragraph 34, *supra*, and if that dispute has not been resolved

17

by the Court, Delaware counsel will note that dispute in the email. By 8:30 a.m. on the morning the evidence will be presented, the parties shall provide the Court with two (2) courtesy copies of the email submission. The parties shall leave the courtesy copies on the lectern in the courtroom.

84.    If there are no disputes concerning witnesses or evidence to be presented on a given trial day, Delaware counsel, on behalf of the parties, shall notify the Court by 10:30 p.m. the prior evening that there are no disputes.

### B.    Claim Construction

85.    Pursuant to the Court's Oral Order dated February 20, 2024, the parties' stipulation regarding the construction of the claim term "frequency component" is set out in **Exhibit 20**.

### C.    Jury Notes and Notebook

86.    The parties agree that the jurors be given notebooks with blank paper for note taking. The jury notebooks shall include copies of the patent-in-suit.

87.    The parties agree that the jurors should be permitted to take handwritten notes during the presentation of the parties. The parties further agree that the jurors be permitted to bring their notes into the deliberation room.

88.    The parties further propose that the jurors be instructed not to exchange or share their notes with each other (though they may discuss the contents of their notes) and that the jurors notes be collected by the clerk after each daily recess and collected and destroyed without review after the jury's discharge.

### D.    Sealing the Courtroom

#### (1)    *Information Designated as "Confidential"*

89.    The courtroom shall not be sealed during the presentation of information designated as "Confidential" under the Protective Order (D.I. 22). The Parties may present such information in open court notwithstanding the provisions of the Protective Order.

#### (2)    *Information Designated as "Highly Confidential – Outside Attorneys' Eyes Only"*

90.    Any party presenting at trial information designated as "Highly Confidential – Outside Attorneys' Eyes Only" ("AEO") under the Protective Order (D.I. 22) shall use best efforts to provide advance notice to the designating party. This notice obligation is met by the inclusion of information designated as AEO in the disclosures required by Paragraphs 23, 34, 49, 54, 55, *supra*. As part of the conferral process required by Paragraphs 34 and 80-82, *supra*, the parties shall discuss whether either party will seek to seal the courtroom during the presentation of the information in question.

91.    To the extent practical, all disputes regarding sealing the courtroom shall be presented to the Court pursuant to the procedure required by Paragraph 80-82, *supra*. The party seeking to seal the courtroom shall provide its position in writing, in no more than two sentences, by 10:30 p.m. on the evening prior to the day on which the information will be presented. The opposing party shall provide its position in writing, in no more than two sentences, by 11:30 p.m.

92.    Exhibits admitted into evidence under seal shall remain under seal after trial, regardless of whether the exhibits or portions thereof are discussed, disclosed, or entered into evidence during trial.

### (3)   *Source Code Information*

93.   The discussion or presentation of source code information will not be a basis to seal the courtroom; however, the source code information itself will not be displayed in open court. Source code information instead will be displayed on monitors visible only to the witness and to persons listed in Paragraph 7.2(a), (c), (d), (e), (g) and (h) of the Protective Order (D.I. 22).

94.   Exhibits that bear a source code designation under the Protective Order (D.I. 22) or that contain source code produced under the parties' Source Code Access Agreement (D.I. 21) shall remain under seal after trial, regardless of whether the exhibits or portions thereof are discussed, disclosed, or entered into evidence during trial.

**E.   Federal Judicial Center Introduction to Patent System Video**

95.   The parties agree that the Federal Judicial Center Patent System Video will be played.

**F.   Presentation of Unpatentability to Jury**

96.   **[TVision's Position:** The issue of whether the elements of claim 8 of the '889 Patent, after removing the algorithm, when considered individually or as an ordered combination, were well understood, routine, or conventional to a person having ordinary skill in the art shall be presented to the jury, who shall render an advisory verdict.**]**

97.   **[Nielsen's Position:** The issue identified in Paragraph 94 is premature. The issue should be revisited after the Court rules on TVision's pending motion for summary judgment on the eligibility of the '889 Patent under § 101, *see* D.I. 355 at 6-30, given that the ruling may obviate the need for the Court to reach this issue at all.**]**

98.   **Discovery Designations**

20

99.    The parties agree that discovery objections and responses ("discovery responses") listed on their respective exhibit lists shall be subject to the disclosure requirements of Paragraph 49, *supra*. During the meet and confer required by Paragraph 49, the parties will confer regarding: (a) evidentiary objections; and (b) the manner of presentation of the discovery responses, including whether the discovery responses should be admitted into evidence or read into the record and whether the discovery responses should be excerpted. If good faith efforts to resolve the objections or matter of presentation fail, Delaware counsel, on behalf of the parties, shall bring the dispute to the Court's attention prior to the pursuant to the dispute submission procedure in Paragraphs 80-82, *supra*.

## XV.    SETTLEMENT

100.    Each party certifies that it has engaged in a good faith effort to explore the resolution of this controversy by settlement and that no agreement has been reached. The parties engaged in settlement negotiations in an to attempt to reach a settlement in 2023 and again in 2024. The parties also attempted to agree on the scope of a mediation in late-2025. Despite these efforts, no resolution was reached. As such, the parties intend to proceed to trial.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Dated: _____

_____
UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM AND SUBSTANCE:


POTTER ANDERSON & CORROON LLP

By:  */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

    OF COUNSEL:

    Steven Yovits
    Douglas Lewis
    Jason P. Greenhut
    Andrew Wood
    Kevin Oliver
    KELLEY DRYE & WARREN LLP
    333 West Wacker Drive
    Chicago, IL 60606
    Tel:  (312) 857-7070

    Clifford Katz
    Elizabeth Krasnow
    KELLEY DRYE & WARREN LLP
    3 World Trade Center
    175 Greenwich Street
    New York, NY 10007
    Tel:  (212) 808-7800

*Attorneys for Plaintiff The Nielsen Company (US), LLC*

Dated: May 15, 2026
12928533 / 14944.00004

Public Version Dated:  May 27, 2026


SHAW KELLER LLP

By:  */s/ Nathan R. Hoeschen*
    Andrew E. Russell (#5382)
    Nathan R. Hoeschen (#6232)
    Virginia K. Lynch (#7423)
    I.M. Pei Building
    1105 North Market Street, 12th Floor
    Wilmington, DE 19801
    Tel:  (302) 298-0700
    arussell@shawkeller.com
    nhoeschen@shawkeller.com
    glynch@shawkeller.com

    Jared W. Newton (No. 7519)
    QUINN EMANUEL URQUHART
     & SULLIVAN LLP
    500 Delaware Avenue, Suite 220
    Wilmington, Delaware 19801
    (302) 302-4000
    jarednewton@quinnemanuel.com

    OF COUNSEL:

    Jason Xu
    RIMÔN LAW P.C.
    1990 K. Street, NW, Suite 420
    Washington, DC 20006
    Tel:  (202) 470-2141

    Eric C. Cohen
    RIMÔN LAW P.C.
    4030 Wake Forest Road, Suite 300
    Raleigh, NC 27609
    Tel:  (984) 960-2860

    Steig D. Olson
    Sami H. Rashid
    QUINN EMANUEL URQUHART &
     SULLIVAN LLP
    295 Fifth Avenue
    New York, NY 10016
    Tel:  (212) 849-7000

22

Patrick D. Curran
QUINN EMANUEL URQUHART &
  SULLIVAN LLP
11 Huntington Avenue, Suite 5200
Boston, MA 02199
Tel:  (617) 712-7100

Adam B. Wolfson
QUINN EMANUEL URQUHART &
  SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel:  (213) 443-3000

Benjamin D. Brown
Richard A. Koffman
Daniel McCuaig
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Tel:  (202) 408-4600

*Attorneys for Defendant TVision Insights, Inc.*