**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-57-CJB |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RENEWED MOTIONS FOR**
**JUDGMENT AS A MATTER OF LAW AND A NEW TRIAL**

Pursuant to Federal Rule of Civil Procedure 50(b), Plaintiff The Nielsen Company (US), LLC ("Nielsen") renews its motion for judgment as a matter of law on the basis that TVision Insights, Inc. ("TVision") has infringed Claim 8 of U.S. Patent No. 7,783,889 ("the '889 Patent"). Nielsen alternatively requests a new trial under Federal Rule of Civil Procedure 59 on the same basis.

The undisputed trial evidence established that TVision infringes claim 8 of the '889 patent, and no reasonable jury could have returned a verdict of noninfringement. TVision admitted it infringed all but the last limitation of the claim, and TVision's non-infringement defense for that limitation rested on improper and incorrect claim constructions. Under the Court's construction of "signature" and the plain meaning of "generate," the undisputed trial evidence showed that TVision infringes. Alternatively, Nielsen asks for a new trial based on TVision's use of incorrect claim meanings in its defense.

TVision's only other defense to infringement was the reverse doctrine of equivalents ("RDOE"), which the Federal Circuit Court of Appeals has indicated is no longer viable. *See Steuben Foods, Inc. v. Shibuya Hoppman Corp.*, 127 F.4th 348, 356-57 (Fed. Cir. 2025). Nielsen seeks judgment as a matter of law that TVision infringes because RDOE is not a defense, and no

reasonable jury could have not found infringement, as described above. Alternatively, Nielsen asks for a new trial because TVision asserted the non-existent RDOE as a non-infringement defense.

Because Nielsen is entitled to either judgment as a matter of law on infringement or a new trial on infringement, the Court should also grant Nielsen's motion for a new trial on damages under Federal Rule of Civil Procedure 59. The jury's verdict did not reach damages. But such a verdict is necessary if Nielsen prevails on infringement. The Court should therefore grant a new trial on damages for a determination of the amount owed to Nielsen as a result of TVision's infringement.

In sum, Nielsen moves for:

- A new trial on infringement and damages if the Court disagrees with Nielsen regarding "signature"/"generate" but agrees with Nielsen on RDOE because the general non-infringement verdict may have relied on the RDOE, a non-existent doctrine.

- If the Court agrees that the RDOE no longer exists and agrees with Nielsen regarding "signature"/"generate," judgment as a matter of law that TVision infringes claim 8 because under a proper reading of "signature" and "generate," all the record evidence shows that TVision's product satisfies this claim, and a new trial on damages.

- If the Court disagrees that the RDOE no longer exists but agrees with Nielsen that TVision infringes as a matter of law under a proper reading of "signature" and "generate," a new trial on infringement because the verdict may have incorrectly relied on these elements' absence and on damages.

- Alternatively, a new trial on infringement and damages because the non-infringement verdict relies on TVision's incorrect reading of the claim.

The complete grounds for these motions will be set forth in Nielsen's opening brief to be filed on or before August 7, 2026, in accordance with the Court's Order. *See* D.I. 535.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Steven Yovits
Douglas Lewis
Jason P. Greenhut
Andrew Wood
Kevin Oliver
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
Elizabeth N. Krasnow
David I. Zalman
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800

Dated: July 21, 2026

13062907 / 14944.00004

By: /s/ David E. Moore

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Peter T. Sabini (#7655)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
psabini@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company (US), LLC*