## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-57-CJB |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### [PROPOSED] ORDER

The Court, having considered The Nielsen Company (US), LLC's ("Nielsen") Motion for Judgment as a Matter of Law or, in the alternative, a new trial, hereby orders:

Having found that the Reverse Doctrine of Equivalents no longer exists and that Defendant TVision Insights, Inc. ("TVision") infringes Claim 8 of U.S. Patent No. 7,783,889 ("the '889 Patent") as a matter of law, Nielsen is entitled to a new trial on damages.

IN THE ALTERNATIVE:

Having found that the Reverse Doctrine of Equivalents no longer exists and that the jury's general non-infringement verdict may have relied on the Reverse Doctrine of Equivalents, Nielsen is entitled to a new trial on infringement and damages.

IN THE ALTERNATIVE:

Having found the Reverse Doctrine of Equivalents is still a viable defense, but TVision infringes Claim 8 of the '889 Patent as a matter of law, Nielsen is entitled to a new trial on infringement and damages.

IN THE ALTERNATIVE:

Having found the non-infringement verdict relies on TVision's incorrect reading of the claim, Nielsen is entitled to a new trial on infringement and damages.

**IT IS SO ORDERED.**

_____
The Honorable Christopher J. Burke
United States Magistrate Judge