**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

THE NIELSEN COMPANY (US), LLC )
                                   )
            Plaintiff,         )
      v.                   )    C.A. No.  22-57-CJB

TVISION INSIGHTS, INC.      )
                                  )    **PUBLIC VERSION**
         Defendant.      )
                                  )
                                  )

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
<u>FROM DAVID E. MOORE</u>**

OF COUNSEL:

Steven Yovits
Douglas Lewis
Jason P. Greenhut
Andrew Wood
Kevin Oliver
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel:  (312) 857-7070

Clifford Katz
Elizabeth N. Krasnow
David I. Zalman
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:  (212) 808-7800

Dated:  August 3, 2026
13082912 / 14944.00004

Public Version Dated:  August 6, 2026

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Peter T. Sabini (#7655)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
psabini@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company
(US), LLC*

Dear Judge Burke:

**TVision's bases for recovery of its fees.** None of TVision's asserted grounds for relief support its request for fees. Rule 37(c)(1)(A) authorizes sanctions only when a party fails to provide discovery information without justification. Likewise, Rule 16(f) applies when a party unjustifiably fails to comply with a scheduling order. And the Court's inherent power permits sanctions only where "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Here, the Court has already rejected any suggestion of misconduct by Nielsen, finding "no indication [of] gamesmanship; indeed, the record suggests the opposite." (D.I. 272 at 16.) The Court further found that Nielsen was diligent in uncovering its experts' error, identifying a new infringement theory, and moving to amend the Scheduling Order. (*Id.* at 10-12.) Accordingly, none of the alleged bases for TVision's motion support the granting of fees.

**TVision's unclean hands.** The Court should deny *all* of TVision's fee requests because TVision's hands are not clean. *See, e.g.*, *Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319, 326 (S.D.N.Y. 1997) ("Because the relief sought by the defendant is equitable, the unclean hands doctrine applies."); *Danks v. Slawson Expl. Co., Inc.*, No. 1:18-CV-186, 2022 WL 22907065, at *5 (D.N.D. May 12, 2022) ("In their motions for fees and costs…defendants ignore their own conduct, which too is relevant."); *Chris-Craft Indus., Inc. v. Indep. S'holders Comm.*, 354 F. Supp. 895, 921-22 (D. Del. 1973) (applying unclean hands doctrine). *First*, TVision shares at least some of the responsibility for Nielsen's experts' error in the first place. As the Court has noted, the reason Nielsen had to use the extremely complicated decompiled version of the code, instead of the much-simpler source code itself, was that "Nielsen had attempted to obtain the source code for the accused system earlier in the case, [but] ACRCloud, who was represented by TVision's counsel in another related matter, denied Nielsen's request for such access." (D.I. 272 at 2, n.3.) *And second*, TVision has caused Nielsen to needlessly expend resources opposing frivolous motions several times in this case. *See, e.g.*, D.I. 318 at 63:6-12 ("I almost wonder if…TVision [should be] convincing me why I shouldn't grant fees and costs to the plaintiff for them having to face a portion of this motion for reconsideration that was frivolous."); D.I. 484 (ruling that TVision had improperly tried to back out of its discovery agreement not to use Project Macro and noting that "not only is [TVision's] argument wrong, it is actually kind of troubling that Defendant would even make it…."); D.I. 436 ("[TVision's] *Daubert* Motion really should never have been filed."); D.I. 177 ("[B]oth sides agreed that ACRCloud source code would not be used in the case for any purpose….Litigating parties…are expected to uphold [their] agreements ….").

**Re-briefing SJ & *Daubert* Motions.** The Court should not grant TVision its fees for the second round of summary judgment and *Daubert* motions. Those motions largely incorporated the same arguments TVision had made in the first round. As a result, the work performed before the error was corrected was not wasted; rather, it was reused in connection with the second-round briefing. The proper measure of a fee award is limited to costs caused by the error itself, which excludes work that remained useful and was ultimately reused. In any event, Nielsen should not be required to pay for TVision's Daubert motion that the Court found "really should never have been filed." (*See* D.I. 436.)

**New or updated contentions.** The Court should deny TVision's request for fees for its new noninfringement contentions because Nielsen *has already paid* for Dr. Anderson's report in which he generated TVision's first round of noninfringement contentions. (D.I. 272 at 17.)

**"Nielsen's new statistics expert."** As Nielsen explained when TVision moved to preclude Nielsen from offering testimony from a statistics expert, Nielsen had not designated (and in fact

never designated) any testifying statistics expert, and TVision's motion to preclude was premature and unnecessary. (D.I. 302.)

**New/updated expert reports.** The Court should deny TVision's request for fees and costs associated with new expert reports. As noted above, Nielsen already paid for Dr. Anderson's first round noninfringement report. Moreover, Dr. Anderson's invalidity report did not meaningfully change from first to the second round, and thus, there was no wasted effort due to Nielsen's experts' error. And Ms. Johnson's damages reports were substantially the same from round one to round two, primarily just substituting the names of Nielsen's new experts. (D.I. 548, Ex. D.)

**Claim construction.** TVision's request for fees relating to claim construction of the "comparison" element of the asserted claim should be denied. That issue arose only after Nielsen corrected the error, so there was no wasted effort before the correction. Had Nielsen advanced its corrected position from the outset, the parties still would have litigated the meaning of the "comparison" limitation. There was no wasted effort for which TVision should be compensated.

**Motion to seal.** TVision asks the Court to order Nielsen to pay TVision's fees for opposing Nielsen's motion to seal the Court's Order at D.I. 272. Because no harm could have come to TVision via the sealing of the Order, TVision's efforts on this motion were entirely discretionary, and the Court should deny this request. *See, e.g.*, *Anderson v. Hartford Life & Accident Ins.*, 772 F. Supp. 2d 1025, 1028 (S.D. Ind. 2011) ("The Court agrees that the time spent on the motion to unseal was not necessary to this litigation. Accordingly, the Plaintiff is not entitled to fees for work incurred on this issue.").

**Striking new expert reports.** When Nielsen pointed out that TVision's expert's reports (and not Nielsen's) were the ones that exceeded the scope of the Court's Order, TVision backed down and never brought a motion to strike portions of Nielsen's reports. (*See* Ex. A.) The Court should deny TVision's request.

**Fee recovery and case scheduling.** TVision asks the Court to order Nielsen to pay TVision's fees for case scheduling ($28,000) and "fee recovery" ($63,000). Because none of TVision's other fee requests are legitimate, the Court should not order Nielsen to pay for TVision's fee recovery efforts. Moreover, "case scheduling" is a cost that TVision should absorb as a typical litigation activity.

**Ms. Johnson.** TVision's request for Ms. Johnson's fees is excessive. It seeks not only her fees for testifying, but also 38.8 hours of preparation time. More unreasonable still, TVision seeks the fees and travel expenses of Ms. Johnson's associate, Ms. Zhang, who billed more than 40 hours for "trial prep" and nearly 15 hours attending trial. As Nielsen told TVision during the parties' meet and confer, it is willing to pay for Ms. Johnson's time testifying. Nielsen is also willing to pay for a reasonable number of hours (not to exceed one day) to go over her report and prepare to testify. Such an offer is more generous than the law requires, as "[o]ne party need not pay for the other's trial preparation." *Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45, 47 (N.D. Ill. 1989); *Durkin v. Paccar, Inc.*, No. 10-2013, 2012 WL 12887769, at *4 (D.N.J. Dec. 28, 2012) (adopting *Rhee*). *Shure Inc. v. ClearOne, Inc.*, 2021 U.S. Dist. LEXIS 208188 (D. Del. Oct. 28, 2021), which TVision cites, ordered the calling party to "pay[] a portion of [the expert's] expert fees" but makes no mention of preparation time being recoverable. *Id.* at *2. Finally, TVision mischaracterizes *AVM Techs., LLC v. Intel Corp.*, 2017 U.S. Dist. LEXIS 65695, *5-6 (D. Del. Apr. 30, 2017), which ordered payment for the expert's unspecified "contractual obligations," but made no mention of her preparation time.

2

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Steven Yovits
Douglas Lewis
Jason P. Greenhut
Andrew Wood
Kevin Oliver
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel:  (312) 857-7070

Clifford Katz
Elizabeth N. Krasnow
David I. Zalman
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:  (212) 808-7800

Dated:  August 3, 2026
13082912 / 14944.00004

Public Version Dated:  August 6, 2026

By:  /s/ David E. Moore
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Peter T. Sabini (#7655)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    psabini@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company (US), LLC*

3