**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | C.A. No. 22-57-CJB |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| TVISION INSIGHTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**THE NIELSEN COMPANY (US), LLC's BRIEF IN OPPOSITION TO TVISION'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW OR FOR A NEW TRIAL**


OF COUNSEL:

Steven Yovits
Douglas Lewis
Jason P. Greenhut
Andrew Wood
Kevin Oliver
Kelley Drye & Warren LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
Elizabeth N. Krasnow
David I. Zalman
Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Peter T. Sabini (#7655)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
psabini@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company (US), LLC*


Dated: August 28, 2026
13120790 / 14944.00004

PUBLIC VERSION Dated: September 3, 2026

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................... 2

A. Nielsen Rebutted TVision's Evidence of Invalidity ............................................. 2

B. TVision Failed to Meet Its Burden to Prove Invalidity ........................................ 4

C. TVision Improperly Combined Different Embodiments of the Haitsma Reference to Form the Basis for Its Invalidity Argument..................................... 9

III. CONCLUSION.......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Labs. v. Syntron Bioresearch, Inc.*,
334 F.3d 1343 (Fed. Cir. 2003)....................3

*CIF Licensing, LLC v. Agere Sys. Inc.*,
727 F. Supp. 2d 337 (D. Del. 2010)....................7

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
880 F.3d 1356 (Fed. Cir. 2018)....................1

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
909 F.3d 398 (Fed. Cir. 2018)....................10

*Finjan Software, Ltd. v. Secure Computing Corp.*,
C.A. No. 06-369-GMS, 2009 WL 2524495 (D. Del. Aug. 18, 2009), *aff'd in part, reversed on other grounds*, 626 F.3d 1197 (Fed. Cir. 2010)....................3

*Imperium IP Holdings (Cayman) Ltd. v. Samsung Elecs. Co.*,
757 F. App'x 974 (Fed. Cir. 2019) ....................8

*Intellectual Ventures 1 LLC v. Motorola Mobility LLC*,
870 F.3d 1320 (Fed. Cir. 2017)....................4

*Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*,
381 F.3d 1142 (Fed. Cir. 2004)....................5, 6, 7

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
C.A. No. 09-80-LPS, 2015 WL 2379485 (D. Del. May 18, 2015)....................6

*Microsoft Corp. v. Biscotti, Inc.*,
878 F.3d 1052 (Fed. Cir. 2017)....................9, 10

*MobileMedia Ideas LLC v. Apple Inc.*,
780 F.3d 1159 (Fed Cir. 2015)....................8

*Natera, Inc. v. CareDx, Inc.*,
767 F. Supp. 3d 144 (D. Del. 2025)....................4

*Net MoneyIN, Inc. v. VeriSign, Inc.*,
545 F.3d 1359 (Fed. Cir. 2008)....................9, 10

*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*,
806 F.2d 1565 (Fed. Cir. 1986)....................4

*TP Labs., Inc. v. Prof'l Positioners, Inc.*,
724 F.2d 965 (Fed. Cir. 1984)....................................................2

*Whitserve, LLC v. Computer Packages, Inc.*,
694 F.3d 10 (Fed. Cir. 2012)....................................................1, 5, 7

**Statutes**

35 U.S.C. § 102....................................................10

**Other Authorities**

Fed. R. Civ. P. 50....................................................2

Fed. R. Civ. P. 59....................................................2

## I. INTRODUCTION

Plaintiff The Nielsen Company (US), LLC ("Nielsen") opposes Defendant TVision Insights, Inc.'s ("TVision") motions for judgment as a matter of law and a new trial on its defense that Claim 8 of Nielsen's '889 patent is invalid because it was anticipated by the Haitsma reference.

To overturn the jury's conclusion that it failed to prove anticipation, TVision must clear two substantial hurdles. First, TVision must show that "the evidence points so overwhelmingly" in its favor "that reasonable jurors could not arrive at any contrary conclusion." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361 (Fed. Cir. 2018). And second, TVision must make this showing in the context of the relevant standard of proof—clear and convincing evidence—a context that itself requires an "overwhelming amount of evidence." *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 24 (Fed. Cir. 2012). TVision clears neither hurdle.

TVision argues, based solely on the testimony of its expert, that the Haitsma reference's so-called "dyadic filter bank" embodiment uses comparisons of individual frequency components (as Claim 8 requires) and not groups of frequency components. According to TVision, this testimony was both unrebutted by Nielsen and established anticipation. Neither assertion is correct. Nielsen squarely rebutted the largely conclusory testimony of TVision's expert. Nielsen showed the jury that the Patent Office had specifically reviewed the Haitsma reference—with all its embodiments—and allowed the claims over it. Beyond that, the inventor of the Haitsma reference himself testified that his patent application, which was also before the jury, groups together frequency components in ***all*** embodiments. Even if TVision were accurately characterizing the testimony of its expert—it does not—the conflict in the evidence was for the jury to resolve, and the jury properly did so.

Moreover, regardless of Nielsen's evidence, TVision simply failed to establish that all claim elements were disclosed in the dyadic filter embodiment, or anywhere else, in the Haitsma

reference. TVision incorrectly suggests that Nielsen conceded that all claim limitations were present in Haitsma except one. TVision is forced to do so because, at trial, it simply glossed over the other claim limitations; to the extent its expert addressed them at all, he provided wholly conclusory assertions entitled to no weight when assessing the verdict under Rules 50 and 59. Even as to the limitations TVision did address—requiring the claimed apparatus to determine a first and second descriptor, with each based on a comparison of spectral powers—TVision failed to show disclosure by Haitsma in its dyadic filter embodiment because there is none. Instead, TVision attempted to paper over that failure by combining Haitsma's dyadic filter bank embodiment with another of its embodiments (the Fast Fourier Transform, or "FFT approach"), essentially picking and choosing different aspects of the two embodiments to combine into one allegedly anticipatory disclosure. As explained below, the Federal Circuit precedent prohibits that approach.

When the actual record is reviewed in light of the governing legal standards, the jury's conclusion that TVision failed to establish anticipation is amply supported—indeed, compelled—by the evidence presented at trial. The Court should reject TVision's requests for judgment as a matter of law and a new trial.

## II. ARGUMENT

### A. Nielsen Rebutted TVision's Evidence of Invalidity

The thrust of TVision's Motion is that it presented sufficient evidence to warrant a finding of anticipation, thereby shifting the burden to Nielsen to rebut that evidence, and that Nielsen did not even try to do so. D.I. 568 at 10. As explained below, TVision never made the requisite showing. In any event, Nielsen amply rebutted TVision's evidence, vitiating the entire basis for its motion.[1]

[1] And, of course, the burden of persuasion with respect to invalidity actually never shifts to the patent owner. *TP Labs., Inc. v. Prof'l Positioners, Inc.*, 724 F.2d 965, 971 (Fed. Cir. 1984).

***First***, Nielsen showed the jury that the Patent Office had already considered the Haitsma reference, which was the sole basis for TVision's anticipation argument. The evidence at trial showed that the examiner had ***expressly acknowledged*** reviewing the Haitsma reference (including all its embodiments) and decided to allow the asserted claim over it. D.I. 555, 787:15-796:8. In the face of this evidence, the jury was entitled to reject TVision's expert's testimony that the claim was invalid. Because that testimony was the entire basis for TVision's anticipation defense, the Court should deny TVision's motions. *See Finjan Software, Ltd. v. Secure Computing Corp.*, C.A. No. 06-369-GMS, 2009 WL 2524495, at *4 (D. Del. Aug. 18, 2009) (holding, in denying a motion for JMOL of invalidity, that there was "substantial evidence in the record for a reasonable jury to conclude that the [asserted] patent is not anticipated by the Ji reference" where the plaintiff "presented evidence to the jury indicating that the Ji reference was previously considered by the PTO during the prosecution of the [asserted] patent."), *aff'd in part, reversed on other grounds*, 626 F.3d 1197 (Fed. Cir. 2010); *Abbott Labs. v. Syntron Bioresearch, Inc.*, 334 F.3d 1343, 1357 (Fed. Cir. 2003) ("The fact that a skilled examiner passed upon that very reference during prosecution may be a factor in determining whether the challenger has met the clear and convincing evidence burden.").

***Second***, Nielsen presented testimony from Mr. Haitsma, the inventor of the Haitsma reference, that ***all*** embodiments in the reference use a ***grouping*** of "multiple frequency components together"—unlike the asserted claim of Nielsen's patent, which recites the use of ***individual*** frequency components. D.I. 555, 833:11-15, 835:11-16 ("Because I combine frequency components in groups, so ***I take always different -- multiple frequency components together***." (emphasis added)), 839:24-840:5. Mr. Haitsma further testified that this grouping of frequency components was an important aspect of the reference. D.I. 555, 846:5-848:22. This testimony

directly rebutted Dr. Anderson's assertion that, like the asserted claim, Haitsma's dyadic filter embodiment compares single frequency components. The jury, which not only heard and observed both witnesses but also had the patent and the prior art reference before it, was entitled to accept Mr. Haitsma's testimony and reject Dr. Anderson's. Indeed, the Court correctly instructed the jury that it could do just that. *See* D.I. 526 at 9 ("Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness."). At best, there was conflicting evidence regarding what the Haitsma reference taught and whether it anticipated Claim 8. Such conflicts are for the jury to resolve. *See Intellectual Ventures 1 LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1327 (Fed. Cir. 2017) ("faced with competing expert testimony … the jury was free to disbelieve [defendant's] expert and credit [patentee's] expert"). Mr. Haitsma's testimony and the Haitsma reference itself are more than substantial evidence to support the jury's verdict. *See id.*

### B. TVision Failed to Meet Its Burden to Prove Invalidity

TVision did not present sufficient evidence that all elements of the asserted claim are present in the Haitsma reference. *See Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1570 (Fed. Cir. 1986) ("If the challenger's evidence be totally inadequate, a patentee's motion for judgment or directed verdict that the challenger's § 282 burden had not been carried would be appropriately granted before the patentee introduces any rebuttal evidence."); *Natera, Inc. v. CareDx, Inc.*, 767 F. Supp. 3d 144, 153 (D. Del. 2025) (same). TVision thus misunderstands the law when it repeatedly and incorrectly suggests that Nielsen conceded that all limitations other than the requirement to use individual frequency components were present in Haitsma, and that it thus could ignore those limitations. *See, e.g.*, D.I. 568 at 1 ("Nielsen and its invalidity expert did not dispute that Haitsma discloses nearly every element of claim 8.") To the contrary, whether

Nielsen presented its own evidence as to each limitation is irrelevant—it was TVision's burden to establish, by clear and convincing evidence, that each limitation was present, and TVision failed to do so.

It is well settled that "testimony concerning anticipation must … identify each claim element, state the witnesses' interpretation of the claim element, ***and explain in detail how each claim element is disclosed in the prior art reference***. The testimony is insufficient if it is merely conclusory." *Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1152 (Fed. Cir. 2004) (emphasis added) (citations and quotations omitted). As the Federal Circuit has explained, "'[g]eneral and conclusory testimony ... does not suffice as substantial evidence of invalidity.' Because general and conclusory testimony is not enough to be even substantial evidence in support of a verdict, it is certainly not enough to require us to overturn a jury's finding of no invalidity." *Whitserve, LLC*, 694 F.3d at 24 (internal citations omitted). Here, TVision presented only general and conclusory expert assertions regarding a number of claim elements.

TVision asserts that it established that Claim 8 is anticipated in view of the Haitsma reference's two embodiments—the FFT approach and the dyadic filter bank approach. D.I. 568 at 1-2. TVision acknowledges, however, that Nielsen presented substantial evidence that the FFT embodiment does not anticipate the asserted claim. *Id.* at 6-7. Accordingly, TVision's Motion concerns only the dyadic filter bank embodiment. *See id.* at 5-10. But TVision offered no evidence explaining how and where that embodiment supposedly discloses certain claim elements. Instead, TVision's expert, Dr. Anderson, offered only conclusory assertions that those elements were present.

***First***, Dr. Anderson provided only conclusory testimony about the element that recites "obtain a first and second frames of media samples, the first and second frames of media samples

consecutively located in an audio stream, a portion of the first frame of media samples overlapping with a portion of the second frame of media samples." The ***entirety*** of Dr. Anderson's testimony (regarding either embodiment) about the element was:

> Q. And does it disclose what we've been calling overlapping frames?
>
> A. Yes.
>
> Q. And in particular, does it disclose consecutive overlapping frames?
>
> A. Yes, it does.

D.I. 555, 751:18-23. This testimony fails to identify how or where Haitsma supposedly discloses overlapping and consecutive frames—in the dyadic filter embodiment or otherwise. *See Koito Mfg.*, 381 F.3d at 1152. Moreover, it fails to deal with the "obtain a first and second frames of media samples" portion of the element at all. *See id.*; *Masimo Corp. v. Philips Elec. N. Am. Corp.*, C.A. No. 09-80-LPS, 2015 WL 2379485, at *10 (D. Del. May 18, 2015) (denying JMOL of anticipation and agreeing with plaintiff that expert "failed to provide testimony explaining where each limitation in the asserted claim was disclosed in [the prior art reference], and instead provided only conclusory statements in which counsel went element by element, asked [expert] whether each was found in [the prior art reference], and [expert] answered 'yes.'").

***Second***, Dr. Anderson did not explain how Haitsma's dyadic filter embodiment allegedly compares the "spectral powers" recited in Nielsen's asserted claim. *See* '889 patent, Claim 8 ("identify a first frequency component having a first spectral power and a second frequency component having a second spectral power…[and compare] the first spectral power and the second spectral power…."). At most, Dr. Anderson made vague, unexplained references to comparisons of "components" (not "powers"), and those references were not tied to any particular portion of the Haitsma reference. *See* D.I. 555, 750:6-10. Such "a generalized exchange, which failed to articulate how the [prior art] Patent anticipated the [asserted] claims' specific elements, [is] a far

cry from the 'overwhelming amount of evidence' needed" to overturn the jury's verdict. *Whitserve*, 694 F.3d at 24; *see also Koito Mfg.*, 381 F.3d at 1153.

Even when Dr. Anderson did purport to address the actual claim limitation by referring to "powers," he referred to comparing powers in a wholly conclusory fashion, without explaining how or where such a comparison allegedly appears anywhere in the Haitsma reference and, in particular, in the dyadic filter embodiment on which TVision now exclusively relies.[2] *See* D.I. 555, 752:19-22 ("Q. Now, determine a first descriptor of the first frame based on a comparison of two spectral powers. Does Haitsma, does Philips disclose that? A. Yes."); 811:13-15 (Q. And so these spectral powers you've identified, Dr. Anderson, are these compared directly in Haitsma? A. Yes."). *See CIF Licensing, LLC v. Agere Sys. Inc.*, 727 F. Supp. 2d 337, 363 (D. Del. 2010) ("Because [defendant's expert] did not identify ***where*** each claim element is disclosed in the [prior art reference], let alone provide any explanation of his opinion in that regard, his testimony is too conclusory to support a jury finding that the [reference] anticipated the [] patent [in suit].") (emphasis added). As explained above, at most, Dr. Anderson made vague references to comparisons of "components," and those references were not tied to any particular portion of the Haitsma reference. *See* D.I. 555, 750:6-10.

***Third***, Dr. Anderson never showed that the "dyadic filter" embodiment contains the asserted claim's recited "frequency components," which were defined by agreement of the parties as "components of a signal generated by transforming the signal data from the time domain to the frequency domain." His direct testimony on this topic consisted solely of a conclusory statement:

---

[2] The "dyadic filter" is referenced in one paragraph of Haitsma with no reference to the details of the FFT embodiment. *See* DTX-37, Haitsma at [0060].

"So Philips also discloses using a wavelet transform,[3] and it gives you frequency components in a way analogous to what we saw with the auditory transform, but it doesn't have to go through the postprocessing step of combining bands because what comes out of the wavelet transform are these bands that are logarithmically spaced so that they directly give you frequency components." *Id.*, 749:14-20.[4] As with the other limitations, unexplained, conclusory assertions by an expert are insufficient to make out an anticipation case, much less to overturn a jury verdict finding no anticipation.

TVision's failure is underscored by the very cases it cites to support its argument. In *MobileMedia Ideas LLC v. Apple Inc.*, 780 F.3d 1159, 1172 (Fed Cir. 2015), an obviousness case, the defendant's "expert provided specific reasons why a skilled artisan would have found [the asserted claim] to be obvious." No such specific reasons can be found here. Similarly, in *Imperium IP Holdings (Cayman) Ltd. v. Samsung Elecs. Co.*, 757 F. App'x 974, 979 (Fed. Cir. 2019), the defendant's expert "gave straight-forward, detailed testimony that [the prior art reference] taught all the limitations of the claims at issue, and the cited portions of [the reference] provide support for that testimony that is on its face strong." Dr. Anderson's blanket assertions are anything but straight-forward and detailed, and nothing TVision has cited in Haitsma provides any support, much less support that is strong on its face, for his assertions. TVision has nothing else.

[3] The "wavelet transform" is the structural base of the dyadic filter bank embodiment. *See* D.I. 555, 748:3-749:20, 800:8-12.

[4] Dr. Anderson testified that frequency components (*i.e.*, "components of a signal generated by transforming the signal data from the time domain to the frequency domain") are present in Haitsma's FFT embodiment only. D.I. 555, 810:1-25 (explaining that in the FFT embodiment, frequency components "start in the time domain and end in the frequency domain."). And even that testimony referred only to a demonstrative that Dr. Anderson never tied to Haitsma. *See id.*

### C. TVision Improperly Combined Different Embodiments of the Haitsma Reference to Form the Basis for Its Invalidity Argument

At trial, TVision attempted to argue invalidity based on the improper combination of the "dyadic filter" embodiment with the FFT embodiment. *See Microsoft Corp. v. Biscotti, Inc.*, 878 F.3d 1052, 1069 (Fed. Cir. 2017) ("Anticipation is not proven by 'multiple, distinct teachings that the artisan might somehow combine to achieve the claimed invention.' …[Rather,] a prior art reference must provide every element of the claimed invention arranged as in the claim in order to anticipate."); *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008) ("[I]t is not enough that the prior art reference … includes multiple, distinct teachings that the artisan might somehow combine to achieve the claimed invention.").

Dr. Anderson failed to provide evidence showing that one of ordinary skill in the art would understand Haitsma to disclose combining the two embodiments to produce the claimed invention.[5] Instead, Dr. Anderson asserted in conclusory fashion that it would be ***possible*** to remove the frequency-component-grouping structure of the FFT embodiment and instead use a "wavelet" transform (the structure of the dyadic filter embodiment). *See* D.I. 555, 749:14-20; 750:6-10; 755:20-25. But he never explained why (or how) one of skill in the art would do so, nor importantly, did he identify any express disclosure to that effect in Haitsma. Moreover, Dr. Anderson did not explain how the wavelet transform of the dyadic filter embodiment would avoid grouping frequency components. In fact, as explained above, Mr. Haitsma testified that using groups of multiple frequency components was important to ***all*** embodiments of his invention and its goal of creating a robust system. D.I. 555, 846:5-848:22.

[5] Because TVision's motion pursues only an anticipation theory (and not an obviousness theory), it must show that the Haitsma reference actually discloses the combined embodiment upon which TVision relies. *See Microsoft*, 878 F.3d at 1069; *Net MoneyIN*, 545 F.3d at 1371. TVision has not done so because it cannot—Haitsma does not disclose such a combined embodiment.

Dr. Anderson's attempt to combine Haitsma's different embodiments is precisely what the Federal Circuit has said is improper. *See Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 405 (Fed. Cir. 2018) ("Prior art that must be modified to meet the disputed claim limitation does not anticipate the claim."). Dr. Anderson did not testify that the Haitsma reference says to skip the step of combining frequency components into groups (*i.e.*, the critical step of the FFT embodiment) when using a "dyadic filter," and Haitsma in fact includes no such teaching. The absence of any such teaching cannot be remedied for anticipation purposes by imagining a combination Haitsma does not itself teach. *Microsoft Corp.*, 878 F.3d at 1069 ("[A]nticipation is not proven by 'multiple, distinct teachings that the artisan might somehow combine to achieve the claimed invention.'"); *Net MoneyIN*, 545 F.3d at 1371 ("We thus hold that unless a reference discloses within the four corners of the document not only all of the limitations claimed but also all of the limitations arranged or combined in the same way as recited in the claim, it cannot be said to prove prior invention of the thing claimed and, thus, cannot anticipate under 35 U.S.C. § 102.").

## III. CONCLUSION

The Court should deny TVision's requests for JMOL of invalidity and/or a new trial. First, contrary to TVision's assertion, Nielsen presented substantial evidence at trial that contradicted TVision's expert's testimony regarding invalidity. Second, TVision presented insufficient and conclusory evidence that the Haitsma reference discloses every limitation of Nielsen's asserted claim. And third, TVision's anticipation defense was based on an impermissible combining of embodiments in the Haitsma reference.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Peter T. Sabini (#7655)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
psabini@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company (US), LLC*

OF COUNSEL:

Steven Yovits
Douglas Lewis
Jason P. Greenhut
Andrew Wood
Kevin Oliver
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
Elizabeth N. Krasnow
David I. Zalman
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800

Dated: August 28, 2026
13120790 / 14944.00004
PUBLIC VERSION Dated: September 3, 2026